HONIGMAN MILLER SCHWARTZ AND COHN LLP
J. Michael Huget (admitted pro hac vice)
Email: mhuget@honigman.com
Matthew Mrkonic (SBN 266779)
Email: mmrkonic@honigman.com
2290 FIRST NATIONAL BUILDING
660 WOODWARD AVENUE
DETROIT, MI 48226-3506
Telephone: 734-418-4200
Facsimile: 734-418-4201
Attorneys for Defendants
TROLLEY BAGS UK LTD, and
BERGHOFF INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation<br><br>Defendants. | Case No. 3:18-cv-02109-BEN-JMA<br><br>Hon. Roger T. Benitez<br>Hon. Mag. Jan M. Adler<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Trolley Bags UK Ltd. ("**Trolley Bags**") and BergHOFF International, Inc. ("**BergHOFF**") (collectively, "**Defendants**"), by and through their counsel, for their Answer and Affirmative Defenses to the Complaint of Plaintiff Golden Eye Media USA, Inc. (hereinafter "**Plaintiff**" or "**Golden Eye Media**"), state as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

## NATURE OF ACTION

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

## PARTIES

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and on that basis deny the same.

5. Defendants admit that Trolley Bags is a United Kingdom corporation but deny the remaining allegations in Paragraph 5 of the Complaint as untrue.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required.

10. The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required.

## FACTUAL BACKGROUND

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint as untrue.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 18 of the Complaint as untrue.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit only that the USPTO issued a ruling on Trolley Bags' trademark application and state that the USPTO's ruling speaks for itself.

21. Defendants admit only that the USPTO issued a ruling on Trolley Bags' trademark application and state that the USPTO's ruling speaks for itself.

22. Defendants admit only that the USPTO issued a ruling on Trolley Bags' trademark application and state that the USPTO's ruling speaks for itself.

23. The allegations in Paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint as untrue.

24. Defendants admit that Plaintiff sells products using the mark LOTUS TROLLEY BAGS. Defendants deny the remaining allegations in Paragraph 24 of the Complaint as untrue.

25. Defendants admit only that they have properly protected their legal rights through complaints and/or correspondence with Amazon.com. Defendants deny the remaining allegations in Paragraph 25 of the Complaint as untrue.

26. Defendants admit only that they have properly protected their legal rights through complaints and/or correspondence with Amazon.com. Defendants deny the remaining allegations in Paragraph 26 of the Complaint as untrue.

27. Defendants admit only that they have properly protected their legal rights through complaints and/or correspondence with Amazon.com. Defendants deny the remaining allegations in Paragraph 27 of the Complaint as untrue.

28. Defendants admit only that they have properly protected their legal rights through complaints and/or correspondence with Amazon.com. Defendants deny the remaining allegations in Paragraph 28 of the Complaint as untrue.

29. Defendants deny the allegations in Paragraph 29 of the Complaint as untrue.

30. Defendants admit only that they have properly protected their legal rights through complaints and/or correspondence with retailers. Defendants deny the remaining allegations in Paragraph 30 of the Complaint as untrue.

## CLAIMS FOR RELIEF
### First Claim for Relief
**(Declaratory Judgment of Non-Infringement of the '828 Patent against Defendant Trolley Bags UK)**

31. Defendants repeat and incorporate by reference their answers to Paragraphs 1-30 of the Complaint as though fully set forth herein.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required.

34. Defendants deny the allegations in Paragraph 34 of the Complaint as untrue.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 35 of the Complaint as untrue.

36. Defendants deny that Plaintiff is entitled to the relief it seeks.

### Second Claim for Relief
**(Declaratory Judgment of Non-Infringement of the trademark TROLLEY BAGS and U.S. Trademark Reg. No. 5,126,274 against Defendant Trolley Bags UK)**

37. Defendants repeat and incorporate by reference their answers to Paragraphs 1-36 of the Complaint as though fully set forth herein.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required.

40. Defendants deny the allegations in Paragraph 40 of the Complaint as untrue.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41 of the Complaint as untrue.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint as untrue.

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint as untrue.

44. Defendants deny that Plaintiff is entitled to the relief it seeks.

### Third Claim for Relief
### (Interference with Prospective or Contractual Economic Relations against all Defendants)

45. Defendants repeat and incorporate by reference their answers to Paragraphs 1-44 of the Complaint as though fully set forth herein.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and on that basis deny the same.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and on that basis deny the same.

48. Defendants admit only that they knew that Plaintiff sold products on Amazon.com and through certain other retailers.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint as untrue.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint as untrue.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint as untrue.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint as untrue.

### Fourth Claim for Relief
### (Negligent Misrepresentation against all Defendants)

53. Defendants repeat and incorporate by reference their answers to Paragraphs 1-52 of the Complaint as though fully set forth herein.

54. Defendants deny the allegations in Paragraph 54 of the Complaint as untrue.

55. Defendants deny the allegations in Paragraph 55 of the Complaint as untrue.

### Fifth Claim for Relief
### (Unfair Competition under 15 U.S.C. § 1125 against all Defendants)

56. Defendants repeat and incorporate by reference their answers to Paragraphs 1-55 of the Complaint as though fully set forth herein.

57. Paragraph 57 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint as untrue.

**Sixth Claim for Relief**
**(State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200 against all Defendants)**

58. Defendants repeat and incorporate by reference their answers to Paragraphs 1-57 of the Complaint as though fully set forth herein.

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint as untrue.

**Seventh Complaint for Relief**
**(Common Law Unfair Competition against all Defendants)**

60. Defendants repeat and incorporate by reference the answers to Paragraphs 1-59 of the Complaint as though fully set forth herein.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint as untrue.

**ANSWER TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in Plaintiff's Prayer for Relief.

All allegations in the Complaint not specifically admitted or denied are hereby denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims for relief under state unfair competition laws are preempted by federal legislation.

**THIRD DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

### SIXTH DEFENSE

Defendants' actions or omissions are not the proximate cause of Plaintiff's injuries, if any.

### SEVENTH DEFENSE

Plaintiff has not incurred or suffered any damages for which it is entitled to recover from Defendants.

### EIGHTH DEFENSE

Defendants are entitled to a set-off for any payments made to Plaintiff by third parties in settlement of any of Plaintiff's claims.

### NINTH DEFENSE

Plaintiff's claims and/or requested relief are barred by the Litigation Privilege, the Noerr-Pennington Doctrine, and/or the First Amendment of the Constitution.

### TENTH DEFENSE

Plaintiff's claims for relief alleged in the Complaint including, without limitation, Plaintiff's request for punitive damages, are barred by Defendants' rights to due process under the United States Constitution and/or the Constitution of California.

### ELEVENTH DEFENSE

Plaintiff's claims, including for interference with prospective contractual economic relations, are barred by legal protections or privileges that apply to Defendants' actions.

### RESERVATION OF DEFENSES

Defendants reserve the right to add additional defenses pending further

-8-

investigation and discovery.

## COUNTERCLAIMS

1. Trolley Bags and BergHOFF, by their undersigned counsel, hereby state the following Counterclaims against Golden Eye Media.

## PARTIES

2. Plaintiff and Counterdefendant Golden Eye Media is a California corporation.

3. Defendant and Counterclaimant Trolley Bags is a corporation incorporated in the United Kingdom.

4. Defendant and Counterclaimant BergHOFF is a Florida corporation.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)

6. This Court has personal jurisdiction over the Counterdefendant because the Counterdefendant resides in this Judicial District, is registered to do business in this Judicial District, and carries on a continuous and systematic part of its general business within this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## NATURE OF THIS ACTION

8. Counterclaimant Trolley Bags is the manufacturer and global distributor of the TROLLEY BAGS™ system of reusable bags and related accessories.

9. Trolley Bags holds global intellectual property and distribution rights relating to the TROLLEY BAGS™ system of reusable bags and related accessories, including U.S. Design Patent No. D779,828 ("**the '828 Patent**").

10. BergHOFF is the exclusive distributor of Trolley Bags' reusable bags in the United States and Canada.

11. Counterclaimants have expended considerable time and resources marketing and selling Trolley Bags' reusable bags throughout the United States under the mark TROLLEY BAGS™, which has acquired secondary meaning.

12. Counterclaimants began promoting and selling Trolley Bags' reusable bags in the United States at least as early as March 2015.

13. Counterclaimants have since gained a significant foothold in the U.S. market. For example, Trolley Bags' reusable bags are sold in hundreds of Bed Bath & Beyond stores, and Counterclaimants have collectively generated hundreds of thousands of U.S. visitors to their Trolley Bags-related websites.

14. On or around May 2017, years after Counterclaimants began marketing and selling Trolley Bags' reusable bags in the United States, Counterdefendant Golden Eye Media began marketing and selling reusable bags in the United States under the mark LOTUS TROLLEY BAG™.

15. Golden Eye Media's reusable bags are substantially the same as Trolley Bags' reusable bags and infringe on Trolley Bags' '828 Patent under the "ordinary observer" test.

16. The LOTUS TROLLEY BAG™ mark is also likely to, and has, caused confusion among customers with respect to Counterclaimants' TROLLEY BAGS™ mark.

17. On July 13, 2017, Counterclaimants sent Golden Eye Media a cease and desist letter, which placed Golden Eye Media on notice of its infringement of Counterclaimants' patent and trademark rights.

18. Despite Counterclaimants' letter, Golden Eye Media has continued its infringing activity.

# FIRST COUNTERCLAIM
## (Infringement of U.S. Design Patent No. D779,828)

19. Counterclaimants incorporate by reference each and every allegation contained in Paragraphs 1-18 of their Counterclaims as though set forth fully herein.

20. Trolley Bags is the owner of the entire right, title and interest in and to the '828 Patent, which was duly issued on February 28, 2017. A copy of the '828 Patent is attached as Exhibit A to Plaintiff's Complaint. (*See* Dkt. No. 1 at 14-24.)

21. Golden Eye Media has infringed, and is currently infringing, the '828 Patent by, among other things, making, using, offering for sale, selling, and/or importing within this Judicial District and elsewhere in the United States, without license or authority, products which infringe on the '828 Patent under the "ordinary observer" test.

22. Golden Eye Media's infringing activities violate 35 U.S.C. § 271.

23. Golden Eye Media has had actual knowledge of the '828 Patent and that its products infringe that patent when they are manufactured, used, imported, sold, or offered for sale. Upon information and belief, Golden Eye Media knew about the '828 Patent prior to this lawsuit because Plaintiff and Defendants are competitors. At a minimum, Golden Eye Media knew about its infringement of the '828 Patent since at least receipt of a July 13, 2017 letter from Counterclaimants' counsel, which specifically identified Plaintiff's infringement of the '828 Patent.

24. With knowledge of the '828 Patent, Golden Eye Media has continued to infringe the '828 Patent under 35 U.S.C. § 271(a).

25. Golden Eye Media's actions are willful such that Counterclaimants are entitled to treble damages under 35 U.S.C. § 284.

26. Counterclaimants have no adequate remedy at law against Golden Eye Media's continuing acts of infringement. Golden Eye Media's infringement of the

'828 Patent will continue unless and until enjoined by this Court, causing Counterclaimants irreparable harm.

27.   Counterclaimants are therefore entitled to a permanent injunction under 35 U.S.C. § 283 against Golden Eye Media, enjoining and restraining it from infringing the '828 Patent.

28.   This is an exceptional case that falls within the provisions of 35 U.S.C. § 285 and therefore Counterclaimants are entitled to an award of reasonable attorneys' fees.

### SECOND COUNTERCLAIM
### (Common Law Trademark Infringement and Unfair Competition)

29.   Defendants incorporate by reference each and every allegation contained in Paragraphs 1-18 of their Counterclaims as though set forth fully herein.

30.   Golden Eye Media's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by the Court, a likelihood of confusion to the irreparable injury of Counterclaimants. Counterclaimants have no adequate remedy at law for this injury.

31.   Golden Eye Media acted with full knowledge of Trolley Bag's use of, and common law rights to, Trolley Bag's TROLLEY BAG™ mark and without regard to the likelihood of confusion of the public created by its actions.

32.   Golden Eye Media's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TROLLEY BAG™ mark to the significant and irreparable injury of Counterclaimants.

33.   As a result of Golden Eye Media's actions, Trolley Bags has been damaged in amount not yet determined or ascertainable. Trolley Bags is also entitled to injunctive relief and to an accounting of Golden Eye Media's profits, damages, and costs. Moreover, given Golden Eye Media's deliberate and

malicious use of a confusingly similar mark, Trolley Bags is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

34. Defendants demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

35. WHEREFORE, Defendants and Counterclaimants pray for the following relief:

    a)    That Plaintiff's Complaint be dismissed with prejudice;

    b)    That Plaintiff take nothing by reason of the Complaint against Defendants and that judgment be entered in favor of Defendants and against Plaintiff;

    c)    That the Court enter judgment in favor of Counterclaimants, and against Counterdefendant, on the Counterclaims, including that:

        (1)    Counterdefendant has infringed the '828 Patent and the TROLLEY BAGS™ mark;

        (2)    Counterdefendant's infringement was willful and deliberate;

        (3)    Counterdefendant is permanently enjoined from infringing the '828 Patent or the TROLLEY BAGS™ mark;

        (4)    Counterclaimants are awarded damages adequate to compensate them for Counterdefendant's unfair competition, infringement of Counterclaimants' common law trademark, and infringement of the '828 Patent, together with prejudgment interest under 35 U.S.C. § 284;

        (5)    This is an exceptional case and Counterclaimants are entitled to their reasonable costs, expenses, and attorneys' fees, as well as treble damages, in accordance with 35 U.S.C. §§ 284 and 285 and other applicable law; and

-13-

(6) That this Court awards such other and further relief as it deems just and proper.

Dated:  October 24, 2018

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: */s/Matthew Mrkonic*
Matthew Mrkonic (266779)
mmrkonic@honigman.com
J. Michael Huget (admitted pro hac vice)
mhuget@honigman.com
Attorneys for Defendants
TROLLEY BAGS UK LTD, and
BERGHOFF INTERNATIONAL, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, I electronically filed the foregoing Defendants' Answer, Affirmative Defenses, and Counterclaims with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants in this matter.

/s/ Matthew Mrkonic
Matthew Mrkonic