UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>         Defendants.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>         Counter-Claimants,<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>  Counter-Defendants and Third-Party Defendants. | Case No.: 3:18-cv-02109-BEN-LL<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF EXPERT TIMOTHY FLETCHER; and**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF EXPERT LAURA BJURSTROM**<br><br>**[Doc. Nos. 47, 48]** |

///

Before the Court is Plaintiff and Counter-Defendant Golden Eye Media USA, Inc.'s ("Plaintiff") Motion to Exclude Portions of Laura Bjurstrom's Initial Expert Report and Opinions therein.  Also, before the Court is Defendants and Counter-Claimants Trolley Bags UK Ltd. and Berghoff International, Inc.'s ("Defendants") Motion to Exclude the Opinions and Testimony of Plaintiff's Expert Timothy Fletcher.  The motions are fully briefed.  The Court finds the motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.  For the reasons set forth below, both motions are **DENIED**.

## LEGAL STANDARDS

### Motion to Exclude

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted.  *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I"),* 509 U.S. 579, 590 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence.  *Daubert I,* 509 U.S. at 592 n. 10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony.  *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53 (1999)).  The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a

generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

## DISCUSSION

The factual and procedural background of this action is well known to the parties and need not be repeated to adequately address the issues at hand.  The Court first considers Defendants' motion, followed by Plaintiff's.

**I. DEFENDANTS' MOTION TO EXCLUDE**

Defendants move to exclude the opinions and testimony of Timothy Fletcher ("Fletcher"), Plaintiff's expert, regarding the parties' respective patent rights and obligations.  The motion is based on three arguments: (1) Fletcher improperly opines that the '828 Patent is invalid as indefinite, anticipated, functional, and obvious; (2) Fletcher improperly opines that Plaintiff's reusable shopping bags do not infringe the '828 Patent; and (3) Fletcher improperly opines that Plaintiff's '912 Patent is not invalid as obvious or anticipated.  (*See* Doc. No. 47.)

As an initial matter, Defendants' motion contains repeated assertions that Mr. Fletcher's expert reports should be excluded as unreliable since the included opinions and conclusions were not properly disclosed or arose from Mr. Fletcher's application of the wrong legal standard.  (*See* generally Doc. No. 47.)  Plaintiff responds that "[a] simple reading of Mr. Fletcher's reports and his deposition transcript show that" he not only properly disclosed his conclusions but had also confirmed that the correct legal standard had been applied.  (Doc. No. 50 at 4.)  Having reviewed each party's submissions, the Court finds Fletcher's analysis sufficiently reliable and that Plaintiff has adequately refuted Defendants' basis for wholesale exclusion.  Accordingly, Fletcher's expert reports are admissible but remain subject to cross-examination.

**A. Opinions Regarding the Invalidity of the '828 Patent.**

(1) *Opinions Regarding the Indefiniteness of the '828 Patent*

Defendants seek to exclude Mr. Fletcher's opinion that the '828 Patent is invalid based on indefiniteness. Specifically, Defendants argue that Plaintiff failed to serve invalidity contentions in response to Defendants' preliminary infringement disclosures. (Doc. No. 47 at 4.)  Moreover, Plaintiff has not sought to amend its invalidity contentions in order to add this new purported ground of invalidity.[1] *Id*. at 5.

Plaintiff responds that "Mr. Fletcher's indefiniteness opinion hardly represents an ambush." (Doc. No. 50 at 7.)  In fact, Defendants have "not shown that" it "has suffered any prejudice regarding Mr. Fletcher's indefiniteness opinion." *Id*.  Moreover, Defendants' expert "had an opportunity to – and in fact did – rebut and respond to Mr. Fletcher's indefiniteness opinion," and Defendants extensively questioned Mr. Fletcher "on his indefiniteness analysis during his deposition." *Id*.

The Court has considered the indefiniteness opinions being challenged here and deems that they can be addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," (*Summit 6, LLC v. Samsung Elecs. Co*, 802 F.3d 1283, 1295-96 (Fed. Cir. 2015), and left to the fact-finder to determine credibility. The Court will accordingly DENY the motion on this point.

(2) *Opinions Regarding the Anticipation of the '828 Patent*

Next, Defendants claim that Fletcher didn't consider any differences between the '828 Patent and the prior art when opining on anticipation. (Doc. No. 47 at 7.)  In response, Plaintiff claims "Mr. Fletcher admitted that there were differences in the designs of the prior art and the '828 Patent." (Doc. No. 50 at 8.)  As such, "if Mr. Fletcher admitted differences between the prior art designs and the '828 Patent, he clearly

---

[1] Defendants argue that, "[i]nstead of seeking or obtaining permission from the Court to further amend its invalidity contentions, Golden Eye improperly attempts to introduce its new theory of invalidity in through its expert." (Doc. No. 47 at 5.)

considered those differences in opining on anticipation of the '828 Patent." *Id.* While Mr. Fletcher's analysis is thin, and a close call, the Court finds it is sufficiently detailed to be presented at trial. The Defendants' motion is DENIED on this point.

(3) *Opinions Regarding the Functionality of the '828 Patent*

Defendants next argue that Mr. Fletcher's opinions on the functionality of the '828 Patent be excluded because he "did not analyze whether the claimed design 'in its entirety' was dictated by function." (Doc. No. 47 at 8.) In fact, Defendants claim Mr. Fletcher only analyzed whether "two specific elements of the design—the bag's body proportions and rails—were functional."[2] *Id.* As a result, Mr. Fletcher's conclusions should be deemed erroneous since he failed to view the "claimed design 'in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article....'" *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1315 (Fed. Cir. 2013) (citing *L.A. Gear, Inc. v. Thom McCann Shoe Co.*, 988 F.2d 1117, 1123).

Plaintiff argues that Mr. Fletcher analyzed both the bag itself and the handles to determine that the design of the '828 Patent is dictated by function. (Doc. No. 50 at 10.) Moreover, he "testified that the overall bag appearance, i.e., their dimensions, are dictated by the function of fitting inside in a shopping cart." *Id.* Thus, Mr. Fletcher's functionality opinion is relevant and will certainly 'assist the trier of fact' as it 'fits' the facts of this case, i.e., that it logically advances a material aspect of the Plaintiff's case. *See Primiano v. Cook*, 598 F.3d 558, 598 (9th Cir. 2010) (citing *Daubert*, 113 S. Ct. 2786.)

---

[2]   "Indeed, Mr. Fletcher testified that his opinion was limited to the functionality of those two specific elements and that he was not opining that the design as a whole was dictated by function." (Doc. No. 47 at 8.)

In this case, while the Defendants' assertions have some merit, the Court finds them insufficient to justify excluding Mr. Fletcher's opinions and conclusions on functionality. The Defendants' motion is DENIED on this point.

(4) *Opinions Regarding the Obviousness of the '828 Patent*

Finally, the Defendants argue that Mr. Fletcher's obviousness opinion must be excluded because it admittedly relies on misidentified and undisclosed prior art, thus rendering those portions of his opinion unreliable. (Doc. No. 47 at 9.) Specifically, Defendants assert that Mr. Fletcher's "obviousness opinion is based on three combinations of prior art: RCD '0001 as a primary reference with the 'Deck' design (the 'RCD 1-Deck combination')" "RCD '0001 as a primary reference with RCD '0002 (the 'RCD1-RCD2 combination')" and "Strom Embodiment 2 with RCD '0002 (the 'Strom2-RCD2 combination')". *Id*. As a result, Defendants contend that "Mr. Fletcher cannot identify any basis in the factual record for his Strom1-RCD1 and Strom2-RCD2 combinations, his opinions based on those combinations must be excluded as unreliable." *Id*. at 10.

Plaintiff argues that Mr. Fletcher's misidentification "is simply a clerical error that he has corrected in the Fletcher Decl."[3] In fact, "the figures used in Mr. Fletcher's analysis have not changed – Mr. Fletcher simply labeled the figures as 'RCD '0001' instead of 'OHIM-0001." (Doc. No. 50 at 8.) Furthermore, "the "OHIM-0001 reference was certainly disclosed" to Defendants, "as they filed the document as an attachment to their answer in this matter." *Id*.

Here, the Court finds that the Defendants are challenging the Plaintiff's clerical error, while ignoring the surrounding context. To the extent Defendants desire to challenge the factual basis for Mr. Fletcher's opinion, or his conclusions, they may do so

---

[3] "The figures used in Mr. Fletcher's analysis have not changed – Mr. Fletcher simply labeled the figures as 'RCD '0001' instead of 'OHIM-0001.' Further, the OHIM-0001 reference was certainly disclosed to TB UK." (Doc. No. 50 at 8.)

on cross-examination.   As of this time, the Court does not find his opinions or conclusions fundamentally unsupported and DENIES Defendants' motion.

### B. Opinions Regarding Non-infringement of the Lotus Bags.

Defendants contend that Mr. Fletcher's opinions and conclusions regarding whether the Lotus Bags infringe the '828 Patent are excludable because Fletcher failed to account for or consider both "similarities and dissimilarities" between the two bags. (Doc. No. 47 at 14.)  In fact, Defendants argue that, "Fletcher admits that he 'did not consider any similarities between the '828 Patent and [Golden Eye's] bags.'"[4] *Id*.

Responding, Plaintiff argues that Defendants are merely "cherry-picking portions of Mr. Fletcher's testimony without considering the context surrounding the statements." (Doc. No. 50 at 12.)  Moreover, Mr. Fletcher's opinions and conclusions are based on "reliable methodologies that satisfy the Rule 702 threshold," and should not "be excluded simply" because Defendants maintain an opposing position.  *Id*.

The Court is unpersuaded by Defendants' argument because when Mr. Fletcher's statement is viewed in context, it is not clear that his opinion is the product of an incorrect legal standard.  As such, the "jury [is] entitled to hear the expert testimony and decide for itself what to accept or reject." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).  Therefore, the Court DENIES Defendants' motion to exclude on this point.

### C. Opinions Regarding the Validity of the '912 Patent.

Finally, Defendants argue that Mr. Fletcher's opinion (*i.e.,* that the '912 Patent is not obvious or anticipated) is not supported by an analysis of the obviousness or anticipation of the '912 Patent under the legal standards discussed *supra.* (Doc. No. 47 at 15.)  In this case, the Defendants have failed to provide sufficient information to enable the Court to adequately determine whether it should exclude Mr. Fletcher's opinions and

---

[4]   Defendants argue, "Mr. Fletcher's analysis is contrary to controlling law and therefore irrelevant."  (Doc. No. 47 at 14.)

conclusions regarding the validity of the '912 Patent. As such, the Court DENIES the Defendants' motion on this point.

## II. PLAINTIFF'S MOTION TO EXCLUDE

### A. Section VI of Laura Bjurstrom's Initial Expert Report

Defendants' retained Laura Bjurstrom as an expert to critique the opinions of Plaintiff's expert, Timothy Fletcher. In its motion to exclude, Plaintiff asserts that Defendants are attempting to introduce infringement theories beyond that which were included in their Infringement Contentions, by introducing them via Ms. Bjurstrom's expert report.[5] (Doc. No. 48 at 1.) Despite Plaintiff's request that Defendants amend their Infringement Contentions, Defendants have not done so. *See Id*. Arguing that Defendants seek to improperly introduce previously-undisclosed theories of infringement through Ms. Bjurstrom's expert report, Plaintiff seeks to exclude those portions that discuss Version 3 of Plaintiff's Lotus Bags. (Doc. No. 48 at 3.)

Defendants respond that Plaintiff's motion is meritless because all of Plaintiff's Lotus Bags have always been at issue in this case.[6] (Doc. No. 49 at 3.) The fact that Defendants "properly identified Golden Eye's Lotus Bags as the accused instrumentality in its Disclosure of Preliminary Infringement" and "provided side-by-side images showing how the Lotus Bags infringe the '828 Patent," clearly signify that all versions of Plaintiff's Lotus Bags are pertinent to this suit. *Id*. The fact that Plaintiff now attempts to parse its Lotus Bags products into separate 'versions' based on slight manufacturing

---

[5] "[G]iven the purpose behind [these] disclosure requirements, a party may not use an expert report to introduce new infringing instrumentalities not disclosed in the parties' infringement contentions." *Verinata Health, Inc. v. Sequenom, Inc.* 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014). (Doc. No. 48 at 1.)

[6] Plaintiff says, "Golden Eye brought this lawsuit seeking a declaration that all of its Lotus Bags do not infringe the '828 Patent, and Trolley Bags brought a patent infringement claim alleging that all of the Lotus Bags infringe the '828 Patent." (Doc. No. 49 at 3.)

change, has little relevance.[7] *See Id.* In response to Plaintiff's motion, Defendants argue that the motion should be denied for the following reasons: (1) all of the Lotus Bags are undisputedly at issue in the case; (2) Golden Eye does not move to exclude version three from Trolley Bags' claims—only from Ms. Bjurstrom's opinions; (3) Golden Eye was on notice that all Lotus Bags were at issue; (4) any delay was entirely due to Golden Eye's actions; and (5) Golden Eye does not identify any valid legal basis for exclusion. (*See* generally Doc. No. 59.)

On this issue, Plaintiff has argued little more than that Defendants failed to amend their Infringement Contentions, and that because of it, all mention of version three of its Lotus Bags should be excluded at trial. It is clear to this Court that the information Plaintiff seeks to exclude is not likely to mislead the jury or confuse the issues. Nor is it likely to substantially outweigh the probative value of Ms. Bjurstrom's opinions and conclusions. Accordingly, the Court **DENIES** Plaintiff's motion to exclude.

## **CONCLUSION**

For the foregoing reasons, the Court **ORDERS** that:

(1) Defendants' Motion to Exclude is **DENIED**; and

(2) Plaintiff's Motion to Exclude is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 6, 2020

_____
Hon. Roger T. Benitez
United States District Judge

---

[7] "Golden Eye's corporate representative testified that it was 'always refining' the Lotus bags. According to Golden Eye, Golden Eye's 'version two' added removable rods, had sizing differences, and internal pockets. Golden Eye, however, does not seek to exclude Ms. Bjurstrom's opinions related to versions one or two." (Doc. No. 49 at 3.)