UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>          Plaintiff,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>          Defendants. | Case No.: 18cv2109-BEN-LL<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXTEND PRETRIAL MOTION DEADLINE**<br><br>**[ECF No. 77]** |
| TROLLEY BAGS UK LTD; and BERGHOFF INTERNATIONAL, INC.,<br><br>          Counter Claimants,<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC.; FARZAN DEHMOUBED; and JENNIFER DUVALL,<br><br>          Counter Defendants and Third-Party Defendants. | |

///

Currently before the Court is Plaintiff's ex parte motion to extend the deadline to file pretrial motions—which passed on March 27, 2020—to September 18, 2020 [ECF No. 77-1 ("Motion" or "Mot.")] and Defendant's opposition [ECF No. 78 ("Opposition" or "Oppo.")]. For the reasons set forth below, the Court **GRANTS** Plaintiff's ex parte motion.

## I.   BACKGROUND

On September 6, 2019, the Court issued an order granting the parties' joint motion to amend the scheduling order, setting, *inter alia*, March 27, 2020 as the deadline to file pretrial motions and July 6, 2020 as the date of the final pretrial conference before the district judge. ECF No. 41 at 2.

On March 20, 2020, counsel for the parties confirmed in emails to each other that Plaintiff's counsel had proposed that neither side would file dispositive motions and Defendant's counsel had agreed. Oppo. at 3; ECF No. 78-1 (Oppo., Exhibit A) at 2–4; Mot. at 2. Neither party filed a dispositive motion. See Docket.

On June 9, 2020, the United States Patent and Trademark Office (USPTO) issued a non-final office action in the reexamination of Plaintiff's '912 Patent that rejected Plaintiff's claim as invalid. Oppo. at 4; ECF No. 78-2 (Oppo., Exhibit B) at 3–9; ECF No. 77-4 (Mot., Exhibit 2) at 2–9; Mot. at 2[1].

On July 2, 2020, the final pretrial conference was reset to August 3, 2020. ECF No. 70. At the final pretrial conference on August 3, 2020, the district judge set the following dates: (1) motion in limine hearing on December 14, 2020, (2) filing of jury instructions by January 13, 2021, and (3) jury trial on February 22, 2021. ECF No. 73; ECF No. 77-3 (Mot., Exhibit 1) at 6–8; Mot. at 2–3; Oppo. at 4.

---

[1] Plaintiff states that the date of the USPTO's non-final office action was April 23, 2020, but that appears to be an error because the USPTO action submitted by both parties as exhibits shows the mail date of the action as June 9, 2020. See ECF Nos. 77-4 at 2; 78-2 at 2.

On August 14, 2020, counsel for both parties began meet-and-confer discussions regarding Plaintiff's proposal to file a joint motion for leave to file summary judgment motions. ECF No. 77-2, Declaration of Cody R. LeJeune ("LeJeune Decl."), ¶ 2; ECF No. 78-4 (Oppo., Exhibit D) at 5. Defendant did not consent, and Plaintiff filed the instant ex parte Motion. LeJeune Decl. ¶ 3; ECF No. 78-4 (Oppo., Exhibit D) at 2–4.

## II. LEGAL STANDARD

Once a Rule 16[2] scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 24 at 7 (stating that dates and times will not be modified except for good cause shown). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If a deadline has passed, Rule 6(b) states that generally "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has held that, for purposes of Rule 6(b), "excusable neglect" is appropriately analyzed under the standard set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) ("[T]his court [has] held that the Supreme Court's analysis of 'excusable' neglect in *Pioneer* is applicable to Rule 6(b) . . . ." (citing Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 n.4 (9th Cir. 1996))). Under Pioneer, a "determination of whether neglect is excusable is

---

[2] Citations of rules in this order refer to the Federal Rules of Civil Procedure, unless otherwise stated.

an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395).

## III. DISCUSSION

### A. PARTIES' POSITIONS

Plaintiff argues that although the parties had agreed to "forego the submission of summary judgment motions," circumstances have changed since then. Mot. at 6. First, the USPTO issued a non-final office action invalidating the sole claim of Plaintiff's '912 patent, "which has seemed to affect the negotiations between the parties." Id. Next, the trial date was set on February 22, 2021, almost six months from now. See id. Plaintiff contends that good cause and excusable neglect exist to extend the pretrial motions filing deadline. Id. at 5–8. Plaintiff also argues that extending the deadline to allow the filing of summary judgment motions will promote judicial efficiency by streamlining issues and "could dispose of most, if not all, of this case without a trial—either by summary judgment orders or a subsequent settlement." Id. at 4.

Defendant argues that Plaintiff has failed to show good cause or excusable neglect to extend the pretrial motions filing deadline.[3] Oppo. at 5–7.

### B. EXCUSABLE NEGLECT

The Court will first address whether it is excusable that Plaintiff neglected to file a motion to extend the pretrial motions filing deadline before the deadline passed by

---

[3] Defendant also argues that Plaintiff's Motion should be denied for not complying with the undersigned magistrate judge's Chambers Rules because Plaintiff's declaration omits (1) why the pretrial motions filing deadline could not be met and (2) Defendant's position regarding the continuance. Oppo. at 5–6. The Court finds that the Motion sufficiently complies with Chambers Rules because (1) Plaintiff explained in the Motion brief that the parties had originally agreed not to file dispositive motions but circumstances changed after the deadline, and (2) Plaintiff attested that Defendant did not consent to Plaintiff's Motion. See Mot. at 2, 5–8; LeJeune Decl. ¶ 3.

considering the Pioneer factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d at 1223-24.

### 1.     Danger of Prejudice to the Opposing Party

Plaintiff argues that there is very minimal prejudice to Defendant because (1) if Plaintiff's Motion is granted, both parties will be afforded an opportunity to file motions for summary judgment; and (2) the parties had originally agreed not to file dispositive motions after the close of fact and expert discovery, so discovery was not affected by the original agreement. Mot. at 7. Defendant argues that granting Plaintiff's Motion will severely prejudice Defendant by allowing little time to prepare a summary judgment motion, and impeding Defendant's motions in limine preparations and trial preparations because Defendant will not know which claims will actually proceed to trial until a ruling is issued on any summary judgment motions. Oppo. at 7–8.

The Court finds that if the Motion is granted, both parties will be subjected to the same deadline to file motions for summary judgment. Similarly, the parties will also face the same deadlines to file motions in limine and conduct trial preparation. Both parties will face uncertainty of which claims will proceed to trial while motions for summary judgment are still pending. In that respect, Defendant would not be held at a disadvantage as to Plaintiff. With discovery and the final pretrial conference already completed and trial set almost six months from now, the Court finds that allowing dispositive motions to be filed now is only slightly prejudicial to Defendant because it would perhaps have to prepare for certain claims that may end up getting resolved before trial. There is no guarantee that a dispositive motion would be ruled on before a final pretrial conference, so the uncertainty that Defendant claims will be prejudicial during the time between the final pretrial conference and the trial is a possibility in any civil case. Thus, the Court finds that this factor weighs slightly against granting Plaintiff's Motion.

/ / /

### 2.     Length of Delay and Potential Impact on the Proceedings

Plaintiff argues that although the pretrial motions filing deadline was about five months ago, the potential impact of granting the Motion could be positive because it "could completely eliminate the need to bring numerous citizens, attorneys and court staff to the courthouse for a jury trial." Mot. at 7. Defendant argues that the delay is substantial and there is a high risk that granting the Motion will "have a significant impact on the remainder of the judicial proceedings, including the deadlines for motions in limine, jury instructions, and trial." Oppo. at 9.

The Court finds that although the past delay was not minimal, the possibility of future delay due to granting the Motion is minimal because the trial date is almost six months from now. Therefore, the Court finds that this factor is neutral.

### 3.     Reason for the Delay

Plaintiff argues that it "attempted to litigate this case in an efficient manner and thus agreed not to file dispositive motions," but that circumstances were "drastically altered" by the USPTO action invalidating the sole claim of Plaintiff's '912 patent and by the COVID pandemic, which "resulted in unanticipated circumstances" such as the trial date being set almost six months from now. Mot. at 8, 5–6. Defendant argues this is not excusable neglect because the delay was within "the reasonable control" of Plaintiff because it was Plaintiff who proposed and agreed in writing to not file dispositive motions. Oppo. at 9. Defendant also argues that settlement leverage does not establish excusable neglect. See id.

The Court finds that Plaintiff's argument for the delay due to altered circumstances is compelling. Plaintiff had been hopeful that the parties could work out any differences without court intervention, but that the USPTO action "seemed to affect the negotiations between the parties." Mot. at 6. Moreover, setting the trial date almost six months out from the final pretrial conference is a generous amount of time that would allow for filing and resolving motions for summary judgment prior to trial, which could lessen the issues to be litigated at trial or lead to settlement. It appears that Plaintiff had anticipated that the parties

would be able to reach a settlement, but found that the USPTO action hampered effective negotiations, which could then be revived with the filing of motions for summary judgment during the six month period until trial starts. The Court finds that to be significant changed circumstances to warrant a delay in filing this Motion, which weighs in favor of granting Plaintiff's Motion.

### 4. Acting in Good Faith

Plaintiff argues that it acted in good faith because it proposed foregoing the filing of dispositive motions "in an effort to conserve the resources of all parties," but that based on the unforeseen changed circumstances described above, it now feels that dispositive motions will promote judicial efficiency and conserve the judicial resources of a trial. Mot. at 8. Defendant argues that Plaintiff's behavior is the "opposite of 'good faith'" because it "induced" Defendant to agree not to file dispositive motions "when it believed such agreement was to its strategic advantage" and now seeks to "renege on that agreement" when Plaintiffs feels its position is weakening. Oppo. at 9.

The Court does not find that Plaintiff's delay was intentional or not made in good faith because it was made due to unforeseen events. Defendant and Plaintiff had voluntarily agreed to not file dispositive motions, but both benefited equally from the agreement by conserving effort and resources. When circumstances changed unexpectedly, Plaintiff filed this Motion, which, if granted, will allow both parties to file motions for summary judgment and could resolve some claims prior to trial or even induce settlement. Thus, the Court finds that this factor weighs in favor of granting Plaintiff's Motion.

After considering the four Pioneer factors concerning excusable neglect, the Court finds that Plaintiff's late filing of the motion to extend the pretrial motions filing deadline was neglectful, but not intentional nor made in bad faith, and thus may be excusable. See Perez-Denison v. Kaiser Found. Health Plan of the Nw., 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) ("Even 'when an actor *knowingly* misses a deadline but acts in good faith without any intention to prejudice the opposing party, manipulate the legal process, or

///

interfere with judicial-making, the actor's delay is neglectful, but not intentional, and thus may be excusable.'" (citation omitted)).

### C. GOOD CAUSE

Having found excusable neglect, the Court turns to whether good cause exists to grant Plaintiff's Motion to extend the pretrial motions filing deadline.

Plaintiff argues that it could not have anticipated the changed circumstances described above and that it acted diligently after the trial date was set on February 22, 2021. Mot. at 5–6. Plaintiff argues that due to the pandemic, settlement conferences were converted to telephonic conferences, which decreased the likelihood of success, the pretrial conference was delayed about a month, and trial was set six months out. Id. Plaintiff claims the USPTO action also hampered settlement negotiations. Id. Plaintiff notified Defendant of its intention to seek leave to file summary judgment motions approximately ten days after the trial date was set. Id. at 6. Plaintiff contends that granting its Motion "is likely to resolve the majority of the issues to be tried in this case" and a ruling will "substantially increase the likelihood that the parties will be able to resolve their differences before trial."

Defendant argues that the USPTO action and the setting of the trial date do not constitute good cause for Plaintiff's Motion because (1) Plaintiff is seeking to counteract its perceived weakness by "forcing [Defendant] to spend time and resources on summary judgment briefing that would otherwise be spent on trial and settlement discussions"; and (2) the six-month trial setting "delay" is not a changed circumstance. Oppo. at 6–7.

The Court finds that the parties agreed to not file dispositive motions to conserve resources, but that the pandemic, the USPTO action, and the trial date six months out were unexpected events that caused Plaintiff to change its position and decide that dispositive motions could resolve some claims and lead to settlement before trial. Plaintiff adhered to its agreement and did not seek to change it until the trial date was set with enough time to allow for dispositive motions to be filed and ruled on. The Court finds that once the circumstances changed, Plaintiff acted reasonably diligently in seeking to file this Motion. If the Motion is granted, both parties will have an opportunity to file motions for summary

8

18cv2109-BEN-LL

judgment and both will spend time and resources on doing so. However, the benefit could be a resolution of claims before trial and possibly settlement. Accordingly, the Court finds good cause to **GRANT** Plaintiff's Motion.

IV.   **CONCLUSION**

For the reasons set forth above, and after consulting with District Judge Benitez's chambers, the Court **GRANTS** Plaintiff's Motion to extend the pretrial motions filing deadline to **September 18, 2020**. The parties are **ORDERED** to contact Judge Benitez's chambers to obtain a motion hearing date before filing any dispositive motion.

**IT IS SO ORDERED**.

Dated: September 8, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge