HONIGMAN LLP
J. Michael Huget (admitted pro hac vice) (MI SBN P39150)
Email: mhuget@honigman.com
Matthew Mrkonic (SBN 266779)
Email: mmrkonic@honigman.com
Sarah E. Waidelich (admitted pro hac vice) (MI SBN P80225)
Email: swaidelich@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone:  734-418-4200
Facsimile:   734-418-4201

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>Defendants and Counterclaimants. | Case No. 18-CV-2109-BEN-LL<br><br>Assigned to Judge Roger T. Benitez<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' AND COUNTERCLAIMANTS' MOTIONS IN LIMINE**<br><br>*[Notice of Motion and Motion and Exhibits filed concurrently]* |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>Counterclaimants,<br><br>v.<br><br>FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>Counterdefendants. | Date: December 14, 2020<br>Time: 9:30 am<br>Courtroom: 5A<br><br>Judge: Roger T. Benitez |

-1-

# **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................... 1

II.    MOTION *IN LIMINE* NO. 1: EXCLUDE PLAINTIFF'S OBVIOUSNESS THEORIES NOT DISCLOSED DURING DISCOVERY ................................................................. 1

III.   MOTION *IN LIMINE* NO. 2: PRECLUDE PLAINTIFF FROM OFFERING DAMAGES EVIDENCE NOT DISCLOSED DURING DISCOVERY ............................................... 4

IV.   MOTION *IN LIMINE* NO. 3: PRECLUDE PLAINTIFF FROM FALSELY ARGUING THAT DEFENDANTS SUBMITTED 89 AMAZON COMPLAINTS WITH ZERO SUCCESS ................. 7

V.    MOTION *IN LIMINE* NO. 4: PRECLUDE PLAINTIFF FROM OFFERING TESTIMONY FROM ITS EXPERT UNDER THE "ORDINARY OBSERVER" STANDARD ................................ 9

VI.   MOTION *IN LIMINE* NO. 5: PRECLUDE PLAINTIFF FROM DISPARAGING DEFENDANT TROLLEY BAGS AND ITS DIRECTOR'S RESIDENT STATUS ...................................... 10

VII.   MOTION *IN LIMINE* NO. 6: PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT THAT DEFENDANTS "ABUSED" IT BY FILING COMPLAINTS WITH AMAZON ................................................................. 10

VIII. CONCLUSION .......................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**C**ASES

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
No. 04-Civ-10014, 2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) .................. 11

*Asia Vital Components Co. v. Asetek Danmark A/S*,
16-cv-07160, 2018 WL 4945316 (N.D. Cal. Oct. 11, 2018) ........................ 2, 3

*Brandon v. Mare-Bear, Inc.*,
225 F.3d 661 (9th Cir. 2000) (unpublished opinion) .......................... 4

*CH2O, Inc. v. Meras Eng'g, Inc.*,
No. 13-08418, 2016 WL 7645734 (C.D. Cal. May 9, 2016) .................... 4

*Cunningham Charter Corp. v. Learjet, Inc.*,
No. 07-cv-233, 2012 WL 1565532 (S.D. Ill. May 2, 2012)............................ 10

*Gen-Probe v. Becton Dickinson & Co.*,
No. 09-CV-2319, 2012 WL 9335913 (S.D. Cal. Nov. 26, 2012)
(Benitez, J.).......................................................................... 9, 10

*H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*,
No. 3:16-cv-00480, 2018 WL 6696265 (S.D. Cal. Dec. 20, 2018)
(Benitez, J.).......................................................................... 6

*M.H. v. County of Alameda*,
No. 11-cv-02868, 2015 WL 894758 (N.D. Cal. Jan. 2, 2015)......................... 10

*Moriarty v. Am. General Life Ins. Co.*,
No 17-cv-1709, 2019 WL 1559143 (S.D. Cal. Apr. 10, 2019)........................... 6

*Multimedia Patent Trust v. Apple Inc.*,
No. 10-cv-2618, 2012 WL 12868264 (S.D. Cal. Nov. 20, 2012) .................. 1, 2

*Munchkin Inc. v. Luv N' Care, Ltd.*,
No. 2:13-cv-07228, 2015 WL 847391 (C.D. Cal. Feb. 26, 2015) ...................... 2

*Nationwide Life Ins. Co. v. Richards*,
541 F.3d 903 (9th Cir. 2008)............................................................ 4

-2-

*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ............................................................. 4

*Plew v. Limited Brands Inc.*,
   No. 08 Civ. 3741, 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) ......................... 11

*Starline Windows Inc. v. Quanex Building Prods. Corp.*,
   15-cv-1282, 2016 WL 4485564 (S.D. Cal. July 21, 2016) .............................. 6

*TQP Dev., LLC v. Merrill Lynch & Co.*,
   No. 2:08-cv-471, 2012 WL 3283356 (E.D. Tex. Aug. 10, 2012) ....................... 1

*U.S. v. 242.93 Acres of Land*,
   No. 10-cv-1133, 2012 WL 4953108 (S.D. Cal. Oct. 17, 2012)
   (Benitez, J.)..................................................................................... 1

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   No. 12-00329, 2014 WL 8096334 (C.D. Cal. Apr. 21, 2014) ......................... 11

*US Fidelity & Guaranty Co. v. Lee Investments LLC*,
   641 F.3d 1126 (9th Cir. 2011)............................................................... 9

*Wong v. Regents of University of California*,
   410 F.3d 1052 (9th Cir. 2005)............................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ................................................................................. 9

Fed. R. Civ. P. 37 .............................................................................. 2, 9

Fed. R. Evid. 401 ................................................................................. 8

Fed. R. Evid. 402 .............................................................................. 7, 8

-3-

Defendants and Counterclaimants Trolley Bags UK Ltd. and BergHOFF International, Inc. (collectively, "Defendants") respectfully submit this memorandum in support of their motions *in limine* to exclude certain evidence and arguments from Plaintiff and Counterdefendant Golden Eye Media ("Plaintiff") at trial.

## I.      INTRODUCTION

Defendants bring a series of narrow, targeted motions *in limine* to exclude from trial clearly inadmissible evidence that Plaintiff has either indicated it will offer, or reasonably suggested it may offer.  The evidence Defendants seek to exclude falls into three general categories: (1) it was never disclosed in discovery; (2) it is irrelevant; and/or (3) it would be unfairly prejudicial to Defendants or risk misleading the jury.  Because all such categories of evidence are inadmissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure, Defendants respectfully request that their motions *in limine* be granted.

## II.      MOTION *IN LIMINE* NO. 1: EXCLUDE PLAINTIFF'S OBVIOUSNESS THEORIES NOT DISCLOSED DURING DISCOVERY

In its motion for summary judgment, Plaintiff asserted theories of obviousness never previously disclosed during discovery.  *See* Dkt. 83-1 at 18-19; *see also* Dkt. 89 at 13.  Defendants move that Plaintiff be precluded from introducing these obviousness combinations at trial, along with any other invalidity theories not disclosed during discovery.

"[A]n accused infringer is limited to the invalidity theories it sets forth in its final invalidity contentions."  *See, e.g.*, *Multimedia Patent Trust v. Apple Inc.*, No. 10-cv-2618, 2012 WL 12868264, at *3 (S.D. Cal. Nov. 20, 2012); *see also TQP Dev., LLC v. Merrill Lynch & Co.*, No. 2:08-cv-471, 2012 WL 3283356, at *2 (E.D. Tex. Aug. 10, 2012); *see also, e.g.*, *U.S. v. 242.93 Acres of Land*, No. 10-cv-

1133, 2012 WL 4953108, at *1 (S.D. Cal. Oct. 17, 2012) (Benitez, J.) (granting, as a discovery sanction under Fed. R. Civ. P. 37, motion *in limine* to exclude certain documents not disclosed until well after the discovery deadline).  The Court should exclude these obviousness combinations as unduly prejudicial to Defendants, and as a sanction for failing to adhere to the Court's scheduling order.

Permitting Plaintiff to introduce these theories at trial would be extremely prejudicial.  Defendants had ***no notice*** of these theories until they saw Plaintiff's opening summary judgment brief.  They had no opportunity to question Plaintiff's witnesses about these theories or to develop their own evidence in response. Plaintiff's inexcusable failure to disclose these theories, and the resulting severe prejudice to Defendants, justify exclusion.  *See e.g., Multimedia Patent Trust v. Apple*, No. 10-cv-2618, 2012 WL 12868264, at *3 (S.D. Cal. Nov. 20, 2012 (granting motion in limine to exclude invalidity theories not disclosed in final invalidity contentions); *Munchkin Inc. v. Luv N' Care, Ltd.*, No. 2:13-cv-07228, 2015 WL 847391, *2 (C.D. Cal. Feb. 26, 2015) (granting motion in limine to exclude invalidity theories not disclosed in final invalidity contentions).

In Plaintiff's Reply in support of its motion for summary judgment, it did not deny that it failed to disclose these obviousness theories during discovery.  *See* Dkt. 95 at 7.  Instead, it offered two excuses for its failure to disclose.  First, Plaintiff cites to a single case in which a court approved a "grouping approach" to obviousness combinations.  *See id*. (citing *Asia Vital Components Co. v. Asetek Danmark A/S*, 16-cv-07160, 2018 WL 4945316, at *4 (N.D. Cal. Oct. 11, 2018)). Under the "grouping approach," "a party need not list every combination of prior art when the theory of obviousness is the same for each and every possible combination of prior art."  *Id.*

The problem for Plaintiff is that it did not actually use the "grouping approach" here.  As such, the *Asia Vital Components* case Plaintiff cites actually

confirms its new obviousness theories should be excluded.  There, the accused infringer identified only one reference—Schmidt—as its primary reference.  *Asia Vital Components*, 2018 WL 4945316, at *4.  It then tried to assert a different reference—Yu—as a primary reference in its expert's report.  *Id.*  The Court struck the obviousness theory, finding that disclosure of Schmidt "combined with" any number of eight "secondary" references "did not indicate that those 'secondary' references could be combined without Schmidt."  *Id.*

The facts here are nearly identical.  Plaintiff's invalidity contentions listed only two primary references for its obviousness theories: RCD '0001 and RCD '0002.  *See* Ex. A at 2-5.  But in its summary judgment motion, Plaintiff asserted an entirely different primary reference—Doyle—it had never before disclosed as a primary reference.  *See* Dkt. 83-1 at 18 ("First, the Doyle Reference is used as a primary reference.").  So even if the "grouping approach" is adequate, Plaintiff cannot avail itself of it here.  Indeed, it is telling that Plaintiff's Reply does not cite to any evidence or discovery disclosure showing that it complied with the "grouping approach."

Plaintiff's second argument is that the Patent Local Rules do not apply, and that Defendants have been inconsistent in their arguments relating to them.  *See* Dkt. 95 at 7.  Plaintiff's position is unavailing.

This Court's Scheduling Order required Plaintiff to disclose its obviousness theories in Invalidity Contentions, because Plaintiff is "opposing a claim of [patent] infringement."  *See* Dkt. 24 ¶ 3.  Because Defendants are not "opposing a claim of infringement," they were not required to serve Invalidity Contentions pursuant to the Scheduling Order, and, as they explained in opposing Plaintiff's *Daubert* motion, the Patent Local Rules do not otherwise apply.  *See* Dkt. 49 at 8.  Plaintiff's failure to disclose its late-served obviousness combinations is not a violation of the Patent Local Rules per se; it is a violation of this Court's

-3-

Scheduling Order, which specifically required Plaintiff to serve Invalidity Contentions.  Because Plaintiff violated this Court's Order, its obviousness combinations should be excluded.  *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) ("[E]xclusion of evidence is often an appropriate sanction for the failure to comply with [case management orders]."); *CH2O, Inc. v. Meras Eng'g, Inc.*, No. 13-08418, 2016 WL 7645734, at *9-10 (C.D. Cal. May 9, 2016)

Plaintiff's failure to disclose its obviousness theories during discovery violates basic principles of fairness and the prohibition against trial by surprise. The Court should exclude the obviousness combinations identified in Plaintiff's motion for summary judgment and preclude Plaintiff from offering any other invalidity theories not disclosed in discovery.

## III.    MOTION *IN LIMINE* NO. 2: PRECLUDE PLAINTIFF FROM OFFERING DAMAGES EVIDENCE NOT DISCLOSED DURING DISCOVERY

Plaintiff should be precluded from offering damages evidence not disclosed during discovery.  Specifically, Plaintiff should be precluded from offering any evidence (including in the form of testimony) or argument regarding the "lost profits" it allegedly lost due to Defendants' Amazon complaints.

"[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise."  *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661, *4 (9th Cir. 2000) (unpublished opinion); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure 'contemplate . . . 'full

and equal discovery' . . . so as to prevent surprise, prejudice and perjury' during trial.") (citation omitted).

Here, Plaintiff never disclosed evidence of its "lost profits," despite Defendants' discovery requests and Rule 30(b)(6) deposition notice on this exact issue.  Defendants' Rule 30(b)(6) notice included topics seeking testimony on Plaintiff's "claims and defenses" and "[a]ll damages that Golden Eye Media alleges were caused by Defendants."  (Ex. B at 3.)  Plaintiff's Rule 30(b)(6) witness, Mr. Dehmoubed, testified that he was prepared to testify on these topics. (Ex. C, Dehmoubed Dep. at 8:18-20; 17:7-10; 127:3-15.)  He testified that he did not prepare to testify as to Golden Eye's claims or defenses, or the damages it alleges Defendants caused it.  (*Id.* at 16:16-17:6.)  The only thing Mr. Dehmoubed identified as relating to Plaintiff's damages were documents purporting to show its lost sales.  (*Id.* at 16:25-17:6, 125:9-22, 127:16-128:20; Ex. D-E.)

Mr. Dehmoubed refused to testify as to the amount of damages Plaintiff allegedly suffered, or the lost profits it allegedly realized.  (*See generally* Ex. C, Dehmoubed Dep. at 124:5-131:12.)  He could not testify as to what, if any portion of Plaintiff's sales were profits, or how he would calculate any portion of alleged lost revenue as profit.  (*See, e.g.*, *id.* at 123:11-15 ("Q. What percentage of that is your profit? A. I'm not an accounting professional."); 118:15-19 ("Q. So you don't have an opinion as to what portion of a sale is a profit or a loss for you? A. I'm not an accountant."); 124:15-22 ("Q. So you don't know if any portion of this lost revenue actually would have been profit? A. I can't – I can't answer that."); 118:9-13 ("Q. [D]o you know of any way to figure out how much you were making for each sale? A. I do not."); 116:7-13 ("Q. So you don't have an opinion as to what your – what your actual profit is on each sale of trolley bag? A. I don't have an opinion. The numbers are the numbers.").)

Mr. Dehmoubed also repeatedly demurred that he "was not an accounting

professional." (*Id.* at 124:5-14, 125:19-22, 125:23-126:3, 126:13-19, 128:13-20.) But his accounting credentials are irrelevant. As Plaintiff's Rule 30(b)(6) deponent, Plaintiff was obligated to educate Mr. Dehmoubed as to the topics in Defendants' deposition notice. *See, e.g.*, *Starline Windows Inc. v. Quanex Building Prods. Corp.*, 15-cv-1282, 2016 WL 4485564, *4 (S.D. Cal. July 21, 2016) ("A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledge in order to provide binding answers on behalf of the corporation.") (internal quotation marks omitted). Because Mr. Dehmoubed was not an accountant at the time of his deposition, he should not be permitted to act as one at trial by introducing new evidence (testimony) as to Plaintiff's lost profits or damages.

Yet that is exactly what Mr. Dehmoubed intends to do. Despite depriving Defendants of the opportunity to explore Plaintiff's damages theory and evidence at his deposition, Mr. Dehmoubed instead said only that he "will have an amount that I state at the time of trial." (Ex. C, Dehmoubed Dep. at 129:6-14.) But the law is clear that a Rule 30(b)(6) witness may not testify at trial on a noticed topic that it refused to testify to at deposition. *See, e.g.*, *Moriarty v. Am. General Life Ins. Co.*, No 17-cv-1709, 2019 WL 1559143, at *4-7 (S.D. Cal. Apr. 10, 2019) (granting motion for sanctions that bound corporation to Rule 30(b)(6) witness's testimony and barring corporation "from offering any contradictory or alternative evidence to any testimony offered by" the deponent); *see also, e.g., H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*, No. 3:16-cv-00480, 2018 WL 6696265, at *6 (S.D. Cal. Dec. 20, 2018) (Benitez, J.) (granting motion *in limine* to exclude plaintiff from presenting "new" evidence on damages at trial, based on its failure to present meaningful testimony on damages at the Rule 30(b)(6) deposition and in light of the parties' stipulation).

Plaintiff and Mr. Dehmoubed's refusal to offer testimony on noticed

damages topics at his deposition should preclude him from offering such testimony at trial.  The Court should grant Defendants' motion and preclude Plaintiff and Mr. Dehmoubed from offering any testimony that Plaintiff suffered lost profits or was damaged.

## IV.    MOTION *IN LIMINE* NO. 3: PRECLUDE PLAINTIFF FROM FALSELY ARGUING THAT DEFENDANTS SUBMITTED 89 AMAZON COMPLAINTS WITH ZERO SUCCESS

In both its opposition (Dkt. 90) to Defendants' motion for summary judgment, and in its reply (Dkt. 95) in support of its own motion, Plaintiff makes the baseless and misleading assertion that Defendants submitted 89 complaints against it to Amazon, and that zero complaints were successful.  Plaintiff also submitted an attorney-created document in support of these arguments, which includes the same false information.  *See* Dkt. 90-5, Plaintiff's Ex. 4.  Because this claim and document are false, they are irrelevant and should be excluded under Federal Rule of Evidence 402.  They are also highly prejudicial and would mislead the jury, and should likewise be excluded under Rule 403.

As Defendants explained at length in their reply (Dkt. 93), Plaintiff's accounting of the Amazon complaints is undeniably incorrect.  *See* Dkt. 93 at 2. Plaintiff included dozens of Defendants' complaints as complaints against Plaintiff's Lotus Trolley Bags, even though the records show that the complaints were directed to ASINs for totally unrelated products not in any way affiliated with Plaintiff.  *See id.*; *see also* Exs. F, G, H, I.  A properly tabulated count of the complaints made against ***Plaintiff's*** products reveals that Defendants filed only 43 Amazon complaints against Plaintiff—less than half of the 89 number Plaintiff repeatedly references.  *See* Dkt. 93 at 2-4; *see also* Ex. I.

It is also undeniably false that none of Defendants' complaints were unsuccessful.  Indeed, the fact that they ***were*** successful, and that Amazon removed

Plaintiff's listings as a result, is the entire basis for Plaintiff's tort claims against Defendants.  Plaintiff produced several documents detailing the time periods in which its products were removed from Amazon following a successful complaint from Defendants.  (*See* Ex. D, E.)  These correspond directly with Defendants' tabulations in Exhibit I, which show that Defendants' takedown requests succeeded 25 of the 37 unique times Defendants complained, for a success rate of 67.57%. (*See* Ex. I.)

Because Plaintiff's reference to 89 unsuccessful complaints, and the document it created to support this false tabulation, are both demonstrably false, they are not relevant.  *See, e.g.*, Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence.").  And "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  Plaintiff's tabulation (Dkt. 90-5), and its arguments regarding 89 unsuccessful complaints, should thus be excluded under Fed. R. Evid. 401 and 402.

This evidence and argument should also be excluded under Federal Rule of Evidence 403, because any probative value is substantially outweighed by the unfair prejudice to Defendants and the risk of misleading the jury.   Evidence and argument about Amazon complaints that have nothing to do with Plaintiff invite the jury to use those complaints against Defendants, which is unfairly prejudicial.  More importantly, it creates the serious risk that the jury will be misled into believing Defendants actually did complain about Plaintiff 89 times, when it is irrefutable that they did not.  For these reasons, the Court should preclude Plaintiff from introducing into evidence or using as a demonstrative Exhibit 4 (Dkt. 90-5) to its opposition, and further preclude Plaintiff from arguing or suggesting that Defendants submitted 89 complaints against it to Amazon with zero success.

To be clear, Defendants do not take issue with Plaintiff arguing to the jury that Defendants did not succeed in getting Amazon to ***permanently*** remove

-8-

Defendants and Counterclaimants'
Mem. ISO Motions in Limine

Plaintiff's listings.  But the Court should grant Defendants' motion and preclude Plaintiff from arguing that Defendants submitted 89 unsuccessful Amazon complaints.

## V.   MOTION *IN LIMINE* NO. 4: PRECLUDE PLAINTIFF FROM OFFERING TESTIMONY FROM ITS EXPERT UNDER THE "ORDINARY OBSERVER" STANDARD

Federal Rule of Civil Procedure 26 requires that an expert report contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming" those opinions.  *Gen-Probe v. Becton Dickinson & Co.*, No. 09-CV-2319, 2012 WL 9335913, at *7 (S.D. Cal. Nov. 26, 2012) (Benitez, J.); Fed. R. Civ. P. 26(a)(2)(B).  "Generally, a party will not be permitted to use on direct examination information not disclosed in the expert report." *Id.*; *see also* Fed. R. Civ. P. 37(c)(1); *US Fidelity & Guaranty Co. v. Lee Investments LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011) ("The district court did not abuse its discretion in granting . . . motions in limine precluding the Employer's experts from testifying as to matters beyond their expertise and the scope of their expert reports.").  Here, Plaintiff's expert testified that the '828 patent is invalid as indefinite based on the views of a "designer of ordinary skill in the art."  He should not be permitted to change his testimony at trial to opine on the views of an "ordinary observer," since he did not disclose that opinion in his report.

Mr. Fletcher's report analyzed the validity of Defendants' '828 Patent through the eyes of a "DOSITA," that is, a "designer of ordinary skill in the art." (*See* Ex. J at ¶¶ 30-38.)  He confirmed his analysis repeatedly during his deposition.  (*E.g.*, Ex. K at 96:21-24, 97:24-98:3; 95:25-96:20.)  Because neither his expert report nor his deposition disclosed his opinion that the '828 Patent is invalid as indefinite based on the views of an "ordinary observer," Mr. Fletcher

should not be permitted to testify as to that now.  *See, e.g.*, *Gen-Probe, Inc.*, 2012 WL 9335913, at *7 (Benitez, J.) (granting motion *in limine* to exclude experts from referring to evidence not identified in their expert reports).

## VI.   MOTION *IN LIMINE* NO. 5: PRECLUDE PLAINTIFF FROM DISPARAGING DEFENDANT TROLLEY BAGS AND ITS DIRECTOR'S RESIDENT STATUS

Plaintiff should be precluded from disparaging Defendant Trolley Bags and its Director Joby Cronkshaw's foreign resident status.  There is no legitimate purpose to be served by such disparagement, and doing so would be highly prejudicial.  *See, e.g.*, *M.H. v. County of Alameda*, No. 11-cv-02868, 2015 WL 894758, at *9 (N.D. Cal. Jan. 2, 2015) ("[T]he Court can think of no legitimate purpose to be served by the use of that term ["foreign corporation"].");  *Cunningham Charter Corp. v. Learjet, Inc.*, No. 07-cv-233, 2012 WL 1565532, at * 9 (S.D. Ill. May 2, 2012) (granting motion to preclude plaintiff from referring to defendant as "foreign," "alien," or "some similar derivation" but permitting plaintiff to refer to defendant's out-of-state headquarters, "provided such reference does not imply something sinister").

## VII.   MOTION *IN LIMINE* NO. 6: PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OR ARGUMENT THAT DEFENDANTS "ABUSED" IT BY FILING COMPLAINTS WITH AMAZON

In addition to being precluded from disparaging Trolley Bags' resident status, Plaintiff should be precluded from using pejorative terms or phrases at trial when discussing Defendants' complaints to Amazon.  Plaintiff has already indicated its intent to accuse Defendants of "abusing" Plaintiff by filing complaints for IP infringement with Amazon; indeed, Plaintiff's witness Mr. Dehmoubed used this term more than ten times during his deposition.  (*See, e.g.*, Ex. C at 69:15-19; 70:2-4; 119:11-15; 120:5-9; 120:10-15; 125:9-12; 125:19-22; 128:9-11; 150:18-24; 151:15-19; 152:22-153:4.)  Plaintiff has also described Defendants' Amazon

complaints as "abuse" elsewhere in its materials in this case.  (*See, e.g.*, Ex. L.)

Courts routinely prohibit the use of pejorative terms under Federal Rule of Evidence 403 "when such categorizations [are] inflammatory and unnecessary to prove a claim."  *See, e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04-Civ-10014, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009).  Here, Plaintiff's use of the term "abuse" to describe Defendants' Amazon complaints is completely unnecessary to its attempts to prove its tort claims.  And it is also inflammatory and prejudicial.  The Court should preclude Plaintiff from using the term "abuse" (and any similar terms) in describing Defendants' complaints to Amazon.  *See, e.g.*, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-00329, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (granting motion *in limine* and ruling that pejorative terms such as "predatory" and "pirated" have no probative value and are unduly prejudicial under FRE 403); *Plew v. Limited Brands Inc.*, No. 08 Civ. 3741, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) (preventing use of term "steal").

## VIII.  CONCLUSION

For the reasons stated here, Defendants respectfully request that their motions *in limine* be granted.

Dated:  November 16, 2020      **HONIGMAN LLP**

/s/Matthew G. Mrkonic

By:   J. Michael Huget (admitted pro hac vice)
Matthew G. Mrkonic (SBN 266779)
Sarah E. Waidelich (admitted pro hac vice)
mhuget@honigman.com
mmrkonic@honigman.com
swaidelich@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Tel: 734-418-4200
Fax: 734-418-4201

-11-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants and*
*Counterclaimants*

Case No. 18-CV-2109-BEN-LL

36784883.7

Defendants and Counterclaimants'
Mem. ISO Motions in Limine

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I filed the foregoing using the Court's ECF system, which served a copy of the foregoing to all counsel of record.


Dated:  November 16, 2020

*/s/ Matthew Mrkonic*

Matthew Mrkonic

Defendants and Counterclaimants'
Mem. ISO Motions in Limine

HONIGMAN LLP
J. Michael Huget (admitted pro hac vice) (MI SBN P39150)
Email: mhuget@honigman.com
Matthew Mrkonic (SBN 266779)
Email: mmrkonic@honigman.com
Sarah E. Waidelich (admitted pro hac vice) (MI SBN P80225)
Email: swaidelich@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone:  734-418-4200
Facsimile:   734-418-4201

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation<br><br>        Plaintiff and Counterdefendant,<br><br>        v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>        Defendants and Counterclaimants. | Case No. 18-CV-2109-BEN-LL<br><br>Assigned to Judge Roger T. Benitez<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' AND COUNTERCLAIMANTS' MOTIONS IN LIMINE**<br><br>Judge: Hon. Roger T. Benitez<br>Judge: Hon. Mag. Linda Lopez |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>        Counterclaimants,<br><br>        v.<br><br>FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>        Counterdefendants. | |

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2020, Defendants and Counterclaimants Trolley Bags UK Ltd. ("Trolley Bags") and BergHOFF International, Inc. ("BergHOFF") (collectively, "Defendants") filed Motions *in Limine*.

Defendants brought the Motion pursuant to the Court's schedule.  *See* Dkt. No. 73.

This Court has considered the filings and evidence submitted in support of Defendants' Motions, and finding GOOD CAUSE APPEARING, now rules as follows:

The Court GRANTS Defendants' Motions *in Limine* (Dkt. No. __).

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Roger Benitez
U.S. District Judge
Southern District of California

[PROPOSED] Order Granting
Defendants and Counterclaimants'
Motions in Limine

Case No. 18-CV-2109-BEN-LL
36784883.7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-