CODY R. LEJEUNE (CSB NO. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
2801 Camino Del Rio South
Suite 200A
San Diego, CA 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
GOLDEN EYE MEDIA USA, INC., FARZAN
DEHMOUBED and JENNIFER DUVALL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Defendants.* | Case No.: 3:18-cv-02109-BEN-LL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING REEXAMINATION OF THE '912 PATENT**<br><br>**MOTION IN LIMINE NO. 2**<br><br>Hearing: December 14, 2020<br>Time: 9:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger Benitez |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Counterclaimants*<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>Counter-Defendants and Third-Party Defendants. | |

Plaintiff Golden Eye Media USA, Inc. ("GEM" or "Plaintiff") respectfully submits this motion *in limine* to prevent defendants and counterclaimants Trolley Bags UK, Ltd. ("Trolley Bags") and BergHOFF International, Inc. ("BergHOFF") (collectively, "Defendants") from introducing any evidence or argument regarding the pending, non-final reexamination of GEM's U.S. Patent No. D835,912 ("the '912 Patent").

## I.      INTRODUCTION

GEM believes Defendants may attempt to introduce argument or evidence relating to the reexamination proceeding for the '912 Patent, and in particular, the fact that the USPTO issued a non-final office action for the '912 Patent.

However, the USPTO's non-final office action is of course not a final determination and is thus wholly irrelevant to the issue of the validity of the '912 Patent. *See Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009). Even if such evidence was marginally relevant (which it is not), the probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. *See* Fed. R. Evid. 403. Indeed, as many district courts have found, introduction of this type of evidence would only create a confusing and distracting sideshow. *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3625036, at *12 (E.D. Tex. Aug. 17, 2011), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013). Accordingly, this Court should exclude all evidence and argument relating to the reexamination proceeding of the '912 Patent.

The existence and status of the non-final proceedings is irrelevant to the matters in this case, and any reference to them at trial would be highly prejudicial and is likely to create juror confusion. Under Rule 403, the Court should preclude Defendants from offering any evidence or argument regarding the non-final patent reexamination.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL

## II.     ARGUMENT

### A.     The Non-Final Reexamination of the '912 Patent Has Miminal Probative Value

This Court and courts across the country have routinely relied on Federal Rule Evidence 403 to exclude evidence at trial regarding co-pending, non-final reexaminations of the patents at issue, on the grounds that such reexamination proceedings are not probative of patent invalidity and are highly likely to confuse the jury. *See, e.g., Presidio Components Inc. v. Am. Tech. Ceramics Corp.,* 08-CV-335-IEG (NLS), 2009 WL 3822694, at *2 (S.D. Cal. Nov. 13, 2009) ("Because the reexamination proceedings before the USPTO are still incomplete…there is very little probative value…On the other hand, the prejudicial effect as well as potential for jury confusion is great*."); see also, SRI Int'l Inc. v. Internet Sec. Sys., Inc*., 647 F. Supp. 2d 323, 356 (D. Del. 2009) ("Absent unusual circumstances . . . non-final decisions made during reexamination are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confusion) than probative of validity"); see also, *i4i Ltd. P'ship v. Microsoft Corp*., 670 F. Supp. 2d 568, 583 (E.D. Tex. 2009) ("As explained elsewhere in this opinion, the simple fact that a reexamination decision has been made by the PTO is not evidence probative of any element regarding any claim of invalidity. . . . Even if it were, the evidence was substantially more prejudicial than probative").

A non-final patent reexamination proceeding, of course, is not probative of invalidity or unpatentability. *See Procter & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 848 (Fed. Cir. 2008) ("As this court has observed, a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial."); *see also, Volterra Semiconductor Corp. v. Primarion, Inc*., 796 F. Supp. 2d 1025, 1042 (N.D. Cal. 2011) ("With respect to the PTO Initial Office Actions and reexamination orders, … preliminary decisions and actions by the PTO in the course of a reexamination proceeding are not

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL

probative of invalidity"). When office actions and party responses are still pending, any interim rejections of patent claims are not indicative of an ultimate finding of invalidity. *Id.*

The USPTO reexamination proceedings of the '912 Patent are not probative.

**B.      The Minimal Probative Value is Substantially Outweighed by Unfair Prejudice**

Even if evidence of the USPTO's non-final office action contained minimal probative value, the prejudicial nature of that evidence would far outweigh any probative value it might have. *See Callaway Golf Co. v. Acushnet Co.,* 576 F.3d 1331, 1343 (Fed. Cir. 2009)("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case.").

Indeed, "telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [patent holder]." *Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, 2002 WL 32373639, at *2 (N.D. Ill. Jan. 17, 2002); *accord Silver State Intell. Techs. Inc. v. Garmin Intern., Inc.*, 2015 WL 2152658, at *7 (D. Nev. 2015) (excluding evidence of an reexamination even though a "final rejection has been issued," because the deadline to appeal had not expired). Further, even if the jury were "instructed that the standards were different" and that the PTAB's "conclusions are not dispositive in this case," there is still "a serious risk that a jury would view the [USPTO] as expert and authoritative" and would afford the USPTO's decision "improper weight." *Tesco*, 750 F. Supp. 2d at 794.

Allowing Defendants to introduce evidence or argument related to the incomplete IPR proceeding would "inevitably undermine[] the statutory presumption of validity." *SynQor*, 2011 WL 3625036, at *12; *see also Transamerica*, 597 F. Supp. 2d at 907 ("[E]ven if the evidence has some marginal probative value, that probative value is

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL

outweighed by its potential for undue prejudice or confusion of the jury about the presumption of validity of the patent.").

Accordingly, "[t]he prejudicial potential of this evidence far outweighs any probative value it may have," *Amphenol T & M Antennas*, 2002 WL 32373639, at *2, and it is "proper to exclude" this evidence," *SynQor, Inc.*, 2011 WL 3625046, at *12; *see also Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1324-25 (Fed. Cir. 2014) (no abuse of discretion because "probative value was substantially outweighed by the risk of unfair prejudice to the patentee, confusion with invalidity (on the merits), or misleading the jury, thereby justifying exclusion under Federal Rule of Evidence 403"); *Hochstein v. Microsoft Corp.*, 2008 WL 3925282, at *4 (E.D. Mich. 2008) ("Introduction of evidence on the '125 patent reexamination process at trial would be unfairly prejudicial to Plaintiffs pursuant to Rule 403, and be likely confusing to the jury."); *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 569 (D. Del. 2011) ("Admitting evidence about the '503 patent's reexamination, the outcome of which is not binding on the court, would have only served to confuse the jury and was ultimately far more prejudicial than probative.").

Importantly, "the vast majority of courts" have found that any probative value of evidence relating to reexamination…is outweighed by the risk of unfair prejudice, risk of jury confusion, or waste of time. *IA Labs CA, LLC v. Nintendo Co.*, 857 F. Supp. 2d 550, 552 (D. Md. 2012). Such evidence would only "create[] a distracting side show" that would "confuse[] the jury." *SynQor*, 2011 WL 3625036, at *12. It should therefore be excluded. *See* Fed. R. Evid. 403.

As the Federal Circuit has explained, if evidence of non-final USPTO proceedings is introduced, "the risk of jury confusion" is "high." *Callaway Golf*, 576 F.3d at 1343. Considering the non-finality of the USPTO non-final office action and the different standards of proof involved in a reexamination proceeding as compared to litigation, the introduction of evidence or argument relating to the reexamination of the '912 Patent presents an "overwhelming possibility of jury confusion." *SRI Int'l Inc. v. Internet Sec.*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL

*Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009), aff'd, 401 F. App'x 530 (Fed. Cir. 2010) (emphasis added); *see also, Hochstein*, 2008 WL 3925282, at *4 ("Introduction of evidence on the [] patent reexamination process at trial would . . . be likely confusing to the jury.").

In addition, "[d]elving into the details of the reexamination and providing the necessary context of the PTO structure and process would inevitably 'waste time and distract from the key issues in the lawsuit.'" *IA Labs*, 857 F. Supp. 2d at 552 (citation omitted). Furthermore, "[a]ny probative value" of the non-final, terminated institution of [reexamination proceedings] is substantially outweighed by the "waste of time involved in explaining to the jury what is involved in such proceedings," including the different standards, lack of finality, among other things. *See Silver State*, 2015 WL 2152658, at *8 ("Presenting this additional information will waste valuable judicial resources and jury time and would only serve to confuse the jury."); *CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 843 (D. Minn. 2007) ("Furthermore, admission of this minimally probative evidence would result in undue delay and a waste of time because the parties would spend significant time addressing the USPTO process, frequency of initial claim rejections, and the difference between the claims that were rejected, those that were allowed, and the prior art.").

Here, the USPTO has not issued a final written decision in the reexamination proceeding, so any probative value of the USPTO's non-final decision would be substantially outweighed by the risk of unfair prejudice to the patentee, confusion with invalidity, or misleading the jury, thereby justifying exclusion under Federal Rule of Evidence 403.

Moreover, if the jury were informed of the non-final office action, the parties and the Court would be obliged to explain the USPTO's reexamination procedures to the jury so as to mitigate confusion. This may lead to disputes on how to characterize the reexamination process and how to explain the substantive positions taken by the parties

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL

and the PTO in the reexaminations. Such disruption will be avoided if references to the non-final reexaminations are precluded.

## III.      CONCLUSION

At trial, Defendants should not be allowed to enter evidence regarding, or discuss, the reexamination proceeding of the '912 Patent.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: November 16, 2020          By:    /s/ Cody R. LeJeune
                                                 Cody R. LeJeune
                                                 2801 Camino Del Rio South
                                                 Suite 200A
                                                 San Diego, CA 92108
                                                 Phone: (985) 713-4964

                                                 Attorneys for Plaintiff,
                                                 Golden Eye Media, Inc., Farzan
                                                 Dehmoubed, and Jennifer Duvall

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OR ARGUMENT
REGARDING REEXAMINATION OF THE '912 PATENT

MOTION IN LIMINE NO. 2

3:18-cv-02109-BEN-LL