| | |
|---|---|
| 1 | CODY R. LEJEUNE (CSB NO. 249242) |
| 2 | cody@lejeunelawfirm.com |
| | **LEJEUNE LAW, P.C.** |
| 3 | 2801 Camino Del Rio South |
| 4 | Suite 200A |
| | San Diego, CA 92108 |
| 5 | Telephone: (985) 713-4964 |
| 6 | |
| 7 | Attorneys for Plaintiff |
| | GOLDEN EYE MEDIA USA, INC., FARZAN |
| 8 | DEHMOUBED and JENNIFER DUVALL |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Defendants.* | CASE NO.: 3:18-cv-02109-BEN-LL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED**<br><br>**MOTION IN LIMINE NO. 3**<br><br>Hearing: December 14, 2020<br>Time: 9:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger Benitez |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Counterclaimants*<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>Counter-Defendants and Third-Party Defendants. | |

Plaintiff Golden Eye Media USA, Inc. ("GEM" or "Plaintiff") respectfully submits this motion *in limine* to prevent defendants and counterclaimants Trolley Bags UK, Ltd. ("Trolley Bags") and BergHOFF International, Inc. ("BergHOFF") (collectively, "Defendants") from presenting testimony or evidence at trial regarding damages that they have not provided during discovery or evidence that they have suffered irreparable harm. Specifically, Defendants have not set forth any measure of damages for any of their causes of action.

## I.   INTRODUCTION

Defendants have failed to provide GEM with any measure of damages, only vaguely stating in their discovery responses that they "have been irreparably harmed and suffered economic loss as a result of Plaintiff's infringement of U.S. Design Patent No. D779,828 and the Trolley Bags mark." Declaration of Cody R. LeJeune in Support of MIL #3, Ex. 1, at 13. They continue that the "cannot state the extent of their damages with specificity at this stage" and would "supplement their response to this Interrogatory at the appropriate time following discovery." *Id*. Defendants failed to supplement.

Defendants also responded to a different interrogatory with the same boilerplate response, claiming that they're entitled to total profits, a reasonable royalty and lost profits, but again failed Defendants failed to do so. *Id*., Ex. 2, at 9-10.

By refusing to provide this information, Defendants have not provided GEM with any reasonable notice regarding their damages theories, which severely prejudices GEM. Accordingly, Defendants should be precluded from providing these computations at trial.

## II.   ARGUMENT

Rule 26(a)(2) requires disclosure of expert testimony, even for witnesses who are not required to submit an expert report. At this stage, Defendants have not listed any witnesses to testify regarding the computation of damages. In the event Defendants seek to offer witness testimony regarding damages computations, it should further be excluded as unqualified expert testimony without any expert disclosures.

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

Federal Rule of Evidence 701 requires that if the witness is not testifying as an expert then any opinion or inference testimony must be limited to those which are rationally based on the perception of the witness, helpful to a clear understanding of the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Rule 701 ensures that the reliability requirements of Rule 702 cannot be circumvented by proffering an expert witness in lay witness clothing. Fed. R. Evid. 701, Advisory Committee's Note. A lay witness (particularly one who was not disclosed in discovery) simply cannot testify as to a reasonable royalty. *See Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936, at *2 (W.D. Wash. 2008) (excluding undisclosed lay witness on reasonable royalties).

For instance, a "reasonable royalty" derives from a hypothetical negotiation between the patentee and the infringer when the infringement began. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868 (Fed. Cir. 2010). The reasonable royalty analysis requires the court to hypothesize, not to speculate. *Id*.

In addition, many of the underlying factors for determining a reasonable royalty are within the province of an expert. For example, a license under a different patent is only relevant if it is analogous, and that requires the testimony from an expert. The profitability and success of an invention also requires proof of a nexus between the success and the patent, again the province of an expert. As another example, surely any testimony as to an ultimate royalty figure is testimony that requires qualified expertise. Because Defendants have not identified any witnesses or what they might say, there is no support for the proposition that any of it is admissible. At a minimum, however, much (or all) of what any witnesses might say should be excluded as testimony of undisclosed and unqualified experts.

Federal Rule of Civil Procedure 26(a) also requires a party to provide a computation of each category of damages. Defendants never provided that computation at any time regarding any measure of damages, including reasonable royalty, lost profits or

2
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

disgorgement of profits. Although GEM served a subsequent interrogatory seeking the same thing, Defendants were required to provide damages computations disclosure even if Plaintiffs had not served the interrogatory because Rule 26(e)(1)(A) requires timely supplementation of the initial disclosures.

Further, on the eve of trial, GEM will suffer extreme prejudice. GEM has no idea what Defendants' damages calculations may be, nor how it might be calculated or supported.

Courts have consistently found damages calculations to be amenable to early disclosure, including at the time of the initial disclosures. *Brandywine Communs. Techs., LLC v. Cisco Sys.*, 2012 WL5504036, at *3 (N.D. Cal. 2012) (requiring, at the outset, that the plaintiff must state the claimed royalty rate and state the royalty base to multiply the two to state a total, and to further identify all evidence it must rely on for each reasonable royalty factor).

Further, Courts have specifically excluded damages computations when plaintiffs have not made this sort of detailed disclosure. *See Hsu v. Thorsen Tool Co.*, 2014 WL 12607677, at *1 (C.D. Cal. 2014) (holding that defendant could "do no more than speculate as to the royalty computation Plaintiff may present at trial"); *see also THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *8 (N.D. Cal. 2016) (Patent holder must disclose, "on pain of exclusion," its "claimed royalty rate, royalty base, the reasonable royalty for each accused product" and other details as initial disclosures); *AVM Techs., Ltd. Liab. Co. v. Intel Corp.*, 927 F. Supp. 2d 139, 148 (D. Del. 2013) (excluding witness on reasonable royalties because it was untimely disclosed expert and otherwise inadmissible testimony). Defendants had a duty to disclose its damages computations to put GEM on notice, but it failed to do so. Defendants cannot now provide this information at trial.

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

3
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

Defendants have not disclosed any computations for damages theories and did not provide any expert reports for qualified witnesses on this topic. Accordingly, Defendants should not be permitted to pursue these damages theories or provide damages computations at trial.

### III.     CONCLUSION

At trial, Defendants should be precluded from damages based on lost profits, reasonable royalty or disgorgement of GEM's profits.

Dated: November 16, 2020

Respectfully submitted,
**LEJEUNE LAW, P.C.**

By:  /*s*/ Cody R. LeJeune
Cody R. LeJeune
2801 Camino Del Rio South
Suite 200A
San Diego, CA 92108
Phone: (985) 713-4964

Attorneys for Plaintiff,
Golden Eye Media, Inc., Farzan Dehmoubed, and Jennifer Duvall

4
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL