HONIGMAN LLP
J. Michael Huget (admitted pro hac vice) (MI SBN P39150)
Email: mhuget@honigman.com
Matthew Mrkonic (SBN 266779)
Email: mmrkonic@honigman.com
Sarah E. Waidelich (admitted pro hac vice) (MI SBN P80225)
Email: swaidelich@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone:  734-418-4200
Facsimile:  734-418-4201

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation<br><br>       Plaintiff and<br>       Counterdefendant,<br><br>       v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>       Defendants and<br>       Counterclaimants. | Case No. 3:18-cv-02109-BEN-LL<br><br>**DEFENDANT AND COUNTER CLAIMANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED**<br><br>**RESPONSE TO MOTION IN LIMINE NO. 3 [DKT. 106]**<br><br>Hearing: December 14, 2020<br>Time: 9:30 am<br>Courtroom: 5A<br><br>Judge: Hon. Roger Benitez |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>       Counterclaimants,<br><br>       v.<br><br>FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual<br><br>       Counterdefendants. | |

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................ 1

II.     ARGUMENT ............................................................................... 2

     A.    Defendants Are Not Required to Introduce Expert
          Testimony Showing Their Entitlement to Damages or a
          Permanent Injunction ...................................................... 2

     B.    Defendants Have Adequate Evidence of Damages and
          Their Entitlement to a Permanent Injunction ............................. 5

     C.    Defendants' Disclosures and Written Discovery
          Responses Comply with the Federal Rules and Do Not
          Warrant Exclusion .......................................................... 7

     D.    Any Deficiency in Defendants' Damages Computation
          is Due to Plaintiff's Obstruction ........................................ 9

     E.    Even if the Court Believes Defendants Should Have
          Disclosed with More Specificity, Exclusion is Not
          Appropriate .................................................................. 9

     F.    Defendants' Disclosures and Evidence of Damages are
          Markedly Different From Plaintiff's Failure to
          Adequately Prepare its Rule 30(b)(6) Witness ........................... 12

III.    CONCLUSION ........................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bio-Rad Lab., Inc. v. 10x Genomics Inc.*,
   967 F.3d 1353 (Fed. Cir. 2020) ......................................................... 3

*Brandywine Commc'ns Techs., LLC v. Cisco Sys.*,
   No. 12-01669, 2012 WL 5504036 (N.D. Cal. Nov. 13, 2012) ....................... 7, 8

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
   No. 10-cv-419-GPC, 2013 WL 4716210 (S.D. Cal. Sept. 3, 2013)................... 10

*Celebrity Chef Tour, LLC v. Macy's, Inc.*,
   16 F. Supp. 3d 1123 (S.D. Cal. 2014) ............................................... 13

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*,
   No. 2:15-cv-02812, 2017 WL 5634993 (C.D. Cal. Oct. 6, 2017) ................ 3, 13

*Dindinger v. Allsteel, Inc.*,
   3:11-cv-00126, 2015 WL 1181335 (S.D. Iowa July 17, 2015)........................ 11

*Dow Chem. Co. v. Mee Indus., Inc.*,
   341 F.3d 1370 (Fed. Cir. 2003) ........................................................ 2

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) .................................................................... 3

*Finjan, Inc. v. Sophos, Inc.*,
   14-cv-01197, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) .......................... 11

*Hsu v. Thorsen Tool Co.*,
   No. CV 13-08248, 2014 WL 12607677 (C.D. Cal. Nov. 10, 2014) ................... 8

*Hydrodynamic Indus. Co. v. Green Max Distributors, Inc.*,
   2:12-cv-05058, 2014 WL 2740368 (N.D. Cal. June 16, 2014)..................... 4, 5

*Implant Direct Syborn Intern. v. Zest IP Holdings, LLC*,
   No. 11-cv-2247, 2012 WL 1969292 (S.D. Cal. June 1, 2012)........................ 13

*Lemon v. Harlem Globetrotters Int'l, Inc.*,
   04-CV-0299, 2006 WL 3524379 (D. Ariz. Dec. 6, 2006) ............................ 5

*Lindemann Maschinenfabrik GmbH V. Am. Hoist & Derrick Co.*,
    895 F.2d 1403 (Fed. Cir. 1990) ........................................................ 13

*Lumens Co. v. GoEco LED LLC*,
    No. 14-cv-01286, 2018 WL 1942768 (C.D. Cal. Jan. 3, 2018) ........................ 12

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*,
    1:06-cv-2965, 2009 WL 10636314 (N.D. Ga. Feb. 10, 2009) ........................ 11

*Nat'l Rural Telecommunications Co-op v. DIRECTV, Inc.*,
    319 F. Supp. 2d 1059 (C.D. Cal. 2003) ............................................ 13

*Rawcar Group LLC v. Grace Med. Inc.*,
    No. 13-cv-1105, 2014 WL 12199979 (S.D. Cal. Oct. 21, 2014) ..................... 7

*Realtime Data LLC v. EchoStar Corp.*,
    No. 6:17-cv-00084, 2018 WL 6257472 (E.D. Tex. Nov. 15, 2018) ........... 11, 12

*Roche Prods., Inc. v. Bolar Pharm. Co.*,
    733 F.2d 858 (Fed. Cir. 1984) (*superseded on other grounds*) ................. 13

*Samsung Elecs. Co. v. Apple Inc.*,
    580 U.S. --, 137 S. Ct. 429 (2016) ................................................. 9

*TEK Global, S.R.L. v. Sealant Sys. Int'l*,
    920 F.3d 777 (Fed. Cir. 2019) ...................................................... 4

*THX, Ltd. v. Apple, Inc.*,
    No. 13-cv-01161, 2016 WL 2899506 (N.D. Cal. May 13, 2016) ...................... 8

*U.S. v. MWI Corp.*,
    98-cv-2088 (GK), 2013 WL 12341669 (D. D.C. Aug. 27, 2013) ............... 5, 6, 7

STATUTES

15 U.S.C. § 1125 ........................................................................ 13

35 U.S.C. § 284 ...................................................................... 2, 9, 13

35 U.S.C. § 289 ...................................................................... 7, 8, 9

-iv-

1   Defendants and Counterclaimants Trolley Bags UK, Ltd. ("Trolley Bags")
2   and BergHOFF International, Inc. ("BergHOFF") (collectively, "Defendants")
3   hereby respond to and oppose Plaintiff Golden Eye Media USA, Inc.'s ("Golden
4   Eye") Motion in Limine No. 3 (Dkt. 106, "MIL No. 3").  MIL No. 3 should be
5   denied.

## I.   INTRODUCTION

7   MIL No. 3 seeks to exclude from trial all of Defendants' damages evidence
8   and all of its evidence in support of its request for a permanent injunction.  Though
9   couched as a simple motion *in limine*, it essentially seeks summary judgment of no
10  damages and lack of entitlement to a permanent injunction.  Golden Eye is not
11  entitled to the windfall it seeks in MIL No. 3, for several reasons.

12  *First*, Defendants were not required to disclose a damages expert in order to
13  pursue damages in this case (much less to seek a permanent injunction).  Although
14  damages experts are frequently used in patent infringement cases, the law is clear
15  that they are not required.

16  *Second*, Defendants' fact witnesses can—and will—offer lay, fact testimony
17  upon which the jury can determine a lost profits, reasonable royalty, or
18  disgorgement award, and upon which the Court can enter a permanent injunction.
19  This does not constitute improper expert testimony, so again, Golden Eye's
20  arguments are inapposite.

21  *Third*, to the extent they were able to, Defendants' computation of damages
22  in its disclosures and discovery responses fully comport with Rule 26 and Rule 33.
23  Defendants' disclosures would have been more robust if Golden Eye had provided
24  the basic information Defendants requested, but its failure to do so does not justify
25  exclusion of Defendants' claims.

26  *Finally*, this situation is markedly different from Golden Eye's own failure
27  to disclose damages evidence through its corporate witness, Farzan Dehmoubed.

28

-1-

Defendants' counsel spent a significant portion of Mr. Dehmoubed's deposition inquiring about Golden Eye's damages theories.  Mr. Dehmoubed repeatedly refused to provide answers, justifying exclusion of contrary testimony at trial.  By contrast, here Golden Eye's counsel *did not* inquire about these topics at Trolley Bags' corporate deposition, and if he had, Trolley Bags' witness would have provided fulsome answers.  The situations are simply not analogous, and Plaintiff's failure to prepare its own witness for deposition does not justify excluding Defendants' evidence of damages and right to a permanent injunction.

MIL No. 3 should be denied.

## II.    ARGUMENT

### A.    Defendants Are Not Required to Introduce Expert Testimony Showing Their Entitlement to Damages or a Permanent Injunction

Much of MIL No. 3 is premised on the idea that Defendants were required to disclose and rely on an expert witness in order to recover patent infringement damages or a permanent injunction.  *See, e.g.*, Dkt. 106-1 at 1 ("In the event Defendants seek to offer witness testimony regarding damages computations, it should further be excluded as unqualified expert testimony without any expert disclosures"); at 2 ("A lay witness (particularly one who was not disclosed in discovery) simply cannot testify as to a reasonable royalty."). But the Patent Act and numerous cases interpreting it confirm just the opposite.

35 U.S.C. § 284 of the Patent Act governs damages for patent infringement. It states that upon a finding of infringement, the court "shall" award the patent owner damages adequate to compensate it, "but in no event less than a reasonable royalty," together with interest and costs.  35 U.S.C. § 284.  The statute is clear that while the court "*may* receive expert testimony as an aid" to determining damages, it is not necessary.  *See id.* (emphasis added)  This basic proposition has been confirmed by the Federal Circuit and other courts.  *See, e.g.*, *Dow Chem. Co.*

*v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) ("[S]ection 284 is clear that expert testimony is not necessary to the award of damages, but rather '***may*** be received as an aid.'") (emphasis in original) (quoting 35 U.S.C. § 284); *see also Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812, 2017 WL 5634993, at *7-8 (C.D. Cal. Oct. 6, 2017) (denying motion *in limine* seeking to preclude evidence of a reasonable royalty rate at trial, noting that "expert testimony is not required to prove a reasonable royalty").

Further confirming that expert testimony is not required is the fact that "section [284] requires courts to award at least a reasonable royalty 'even if the plaintiff has no evidence to proffer.'" *Deckers Outdoor Corp.*, 2017 WL 5634993, at *8 (quoting *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-3397, 2015 WL 12696109, at *3 (C.D. Cal. Nov. 5, 2015)). "Thus, even when a patentee provides no evidence concerning a reasonable royalty 'the district court should consider the *Georgia-Pacific* factors . . . and award such reasonable royalties as the record evidence will support.'" *Id.* (quoting *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2010)). To be sure, here Defendants ***do*** have evidence going to damages, including reasonable royalty damages (detailed further below). But even if they did not, the Court would still be required to award Defendants a reasonable royalty. This further confirms that expert testimony is not required.

Finally, Defendants are not required to have expert testimony in support of their request for a permanent injunction.[1] *See, e.g.*, *Bio-Rad Lab., Inc. v. 10x Genomics Inc.*, 967 F.3d 1353, 1378 (Fed. Cir. 2020) (affirming, in part,

---

[1] To obtain a permanent injunction, Defendants must demonstrate "(1) that [they] have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

permanent injunction where irreparable harm was established through lay testimony of the parties' direct competition); *TEK Global, S.R.L. v. Sealant Sys. Int'l*, 920 F.3d 777, 792 (Fed. Cir. 2019) (affirming permanent injunction where irreparable harm was established through lay testimony about a casual nexus between alleged infringement and lost sales) (reversed and vacated in part on other grounds); *Hydrodynamic Indus. Co. v. Green Max Distributors, Inc.*, 2:12-cv-05058, 2014 WL 2740368, at *3-4 (N.D. Cal. June 16, 2014) (relying on lay testimony to support a finding of irreparable harm).

Golden Eye cites no case for the proposition that expert testimony is required, either for damages or to prove entitlement to a permanent injunction. *See generally* Dkt. 106-1 at 1-2. And as explained above, there is no such requirement. The only case Plaintiff cites in this section, *Veritas Operating Corp. v. Microsoft Corp.*, is for the proposition that "undisclosed lay witness on reasonable royalties" should be excluded. *See* Dkt. 106-1 at 2. But there, Veritas served a Rule 30(b)(6) deposition notice on damages topics, and spent a substantial portion of time questioning Microsoft's designated witness on those topics. *See* No. 2:06-cv-00703, 2008 WL 657936, at *12-25 (W.D. Wash. Jan. 17, 2008). The witness repeatedly testified that Microsoft had "no position" on many of the damages-related questions. *See id.* (quoting large portions of transcript of Microsoft's corporate witness on damages, including many questions to which the representative testified the company had "no position"). "Thus, even when deposed, Microsoft steadfastly maintained that Microsoft had no position on what a reasonable royalty would be, nor had conducted any analysis or computation in that regard – either in general or with respect to specific *Georgia-Pacific* factors." *Id.* at *25.

The facts here are different. Although Golden Eye served a Rule 30(b)(6) deposition notice on Trolley Bags, it simply never asked such damages-related

questions at Mr. Cronkshaw's deposition.  Mr. Cronkshaw was prepared to testify as to Trolley Bags' damages, if Golden Eye had only asked.  Defendants should not now be punished because Golden Eye failed to elicit Mr. Cronkshaw's testimony at his deposition.  *See, e.g., Lemon v. Harlem Globetrotters Int'l, Inc.*, 04-CV-0299, 2006 WL 3524379, at *5 (D. Ariz. Dec. 6, 2006) (denying motion to exclude documents that Plaintiff had access to but "failed to inquire about" during a deposition); *U.S. v. MWI Corp.*, No. 98-2088 (GK), 2013 WL 12341669, at *1 (D. D.C. Aug. 27, 2013) (denying a motion to exclude evidence where the government  "did not present to or question the [30(b)(6)] witness regarding the documents it [sought] to exclude").

Likewise, the witness Microsoft identified in response to Veritas's motion (one Mr. Fathi) was never disclosed "as having information regarding patent damages." *Id.* at *27.  By contrast, Defendants here disclosed Mr. Cronkshaw as having such information.  (*See* Ex. A at p. 2 (identifying Mr. Cronkshaw as having discoverable information about, among other things, "Trolley Bags' damages").)  Golden Eye has known for more than two years that Mr. Cronkshaw had discoverable damages information.  It had the opportunity to question Mr. Cronkshaw about such information at his deposition, in both his personal capacity and on behalf of Trolley Bags.  Its failure to do so does not justify excluding Mr. Cronkshaw's damages testimony at trial.

The patent damages statute and binding Federal Circuit case law confirm that expert damages testimony is not required in patent infringement cases.  MIL No. 3, which seeks to exclude ***all*** of Defendants' damages evidence, should be denied.

### B.   Defendants Have Adequate Evidence of Damages and Their Entitlement to a Permanent Injunction

Defendants produced and disclosed numerous pieces of evidence in support of their damages claims.  For example, they produced detailed sales data showing,

-5-

RESPONSE TO PLAINTIFF'S
MOTION IN LIMINE NO. 3 [DKT. 106]

for the years 2016-2019, the units of each SKU sold, the channel through which they were sold, the total revenues, and the cost of goods ("COG").  (*See* Ex. B.) They also identified Joby Cronkshaw as a witness with knowledge of "Trolley Bags' damages."  (*See* Ex. A at p.2.)  Mr. Cronkshaw will testify at trial as to Defendants' lost profits and the facts relating to the *Georgia-Pacific* factors considered in the reasonable royalty analysis.

This is sufficient evidence for a jury to award Defendants damages.  Indeed, arguments nearly identical to those advanced by Plaintiff here have been routinely rejected by courts.  For example, in *Ivera Medical Corporation v. Hospira, Inc.*, the infringer moved *in limine* to exclude the patent owner from presenting evidence of its lost profits "because it did not identify an expert to testify regarding lost profits."  No. 14-cv-1345, 2015 WL 11529819, at *3 (S.D. Cal. 2015).  The court denied the motion, noting that the patent owner "is not required to provide an expert to establish damages."  *Id.* (citing *Dow Chem. Co.*, 341 F.3d at 1382).  The patent owner had sufficient evidence of damages where it identified fact witnesses to offer evidence regarding its lost profits.  *Id.*  The patent owner had identified the fact witnesses as persons with discoverable information; the infringer's election not to depose one of the fact witnesses "does not preclude him from testifying regarding lost profits."  *Id.*

The same is true here.  Defendants identified Mr. Cronkshaw as a person with discoverable information on its damages.  (*See* Ex. A.)  Although Plaintiff deposed Mr. Cronkshaw, it elected not to ask him many questions about damages—questions he would have answered if asked.  Plaintiff's failure to elicit Mr. Cronkshaw's testimony "does not preclude him from testifying regarding lost profits."  *Ivera Med. Corp.*, 2015 WL 11529819, at *3.  "Under these circumstances, the question of lost profits is a factual dispute for the jury not requiring expert testimony."  *Id.* (denying motion *in limine* to exclude evidence

regarding lost profits); *see also Rawcar Group LLC v. Grace Med. Inc.*, No. 13-cv-1105, 2014 WL 12199979, at *5 (S.D. Cal. Oct. 21, 2014) (same).

Likewise, Plaintiff chose not to ask Mr. Cronkshaw any questions going to Defendants' request for a permanent injunction—questions he was prepared to answer.  Its failure to elicit this testimony at deposition does not justify excluding that testimony at trial.

## C.  Defendants' Disclosures and Written Discovery Responses Comply with the Federal Rules and Do Not Warrant Exclusion

Plaintiff argues that Defendants should be wholly precluded from introducing the damages evidence (of which Plaintiff was aware) because Defendants did not adhere to the formality of supplementing their Initial Disclosures to incorporate their written discovery responses and deposition testimony.  Plaintiff's arguments are not in accord with either the letter or the spirit of the Federal Rules and should be rejected.

Defendants responded to Plaintiff's Interrogatory No. 7 seeking the "factual and legal bases" for Defendants' damages claims.  In particular, Defendants responded that "Defendant is entitled to Plaintiff's total profit from sales of its infringing products, as provided by 35 U.S.C. § 289."  (Plaintiff's Ex. 2, Dkt. 106-4, at 9.)  But as explained below, Defendants could not provide more fulsome evidence in support of this claim due to Plaintiff's obstruction.  *See infra* Section I.D.  Moreover, the evidence of Plaintiff's own profits is clearly within Plaintiff's own custody and control, so Plaintiff was fully on notice of Defendants' claim.

None of Plaintiff's cited cases justify exclusion.  In *Brandywine*, the Northern District rejected the infringer's "drastic" request to exclude any evidence of damages.  *See Brandywine Commc'ns Techs., LLC v. Cisco Sys.*, No. 12-01669, 2012 WL 5504036, at *3 (N.D. Cal. Nov. 13, 2012).  Instead, it gave the patent owner time to supplement, and also required that the infringer produce additional information at the same time.  *Id.*  It is also important that *Brandywine* did not

-7-

involve a design patent, so the infringer's damages were not available for disgorgement under 35 U.S.C. § 289, as they are here.  And here, unlike in *Brandywine*, Plaintiff withheld evidence of its profits during its Rule 30(b)(6) deposition.  *Brandywine* is markedly different and does not aid Plaintiff.

Likewise, in *AVM Techs., LLC v. Intel Corp.*, the court excluded proposed testimony because the patent holder "never identified [the witness] as having knowledge of damages" and, when asked at his deposition, the witness testified that he had "no idea" what he would have accepted for a license or what amount of damages the patent holder would have accepted.  *See* 927 F. Supp. 2d 139, 147 (D. Del. 2013).  Here, Defendants did identify Mr. Cronkshaw as having knowledge of damages, and (unlike Plaintiff's witness) Mr. Cronkshaw did not testify as to a lack of knowledge of damages at his deposition.  Plaintiff simply never asked him. Indeed, *AVM* confirms that Mr. Cronkshaw's "proffered testimony as to facts within his personal knowledge is admissible." *Id.* at 146.

Finally, neither *Hsu* nor *THX, Ltd.* support the broad exclusion Plaintiff seeks.  First, *Hsu* did not involve a design patent.  *See Hsu v. Thorsen Tool Co.*, No. CV 13-08248, 2014 WL 12607677, at *1 (C.D. Cal. Nov. 10, 2014).  Damages for the infringer's lost profits were thus not available under Section 289, and the patent owner did not face the same barriers based on the infringer's obstruction that Defendants faced here.  And in *THX, Ltd.*, the court did not exclude the patent owner's damages evidence from trial; instead, it merely ordered the patent owner to supplement its disclosures.  *THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161, 2016 WL 2899506, at *8 (N.D. Cal. May 13, 2016).

Plaintiff's cited cases do not justify the broad relief it seeks.  MIL No. 3 should be denied.

**D.      Any Deficiency in Defendants' Damages Computation is Due to Plaintiff's Obstruction**

Defendants disclosed during discovery that one of their damages claims is for disgorgement of Plaintiff's profits.  (*See* Ex. A at p. 5; Ex. C at 9.) Disgorgement of a design patent infringer's profits is a remedy specifically provided for by statute: 35 U.S.C. § 289.  As the Supreme Court explained, "Section 289 allows a patent holder to recover the total profit an infringer makes from the infringement." *Samsung Elecs. Co. v. Apple Inc.*, 580 U.S. --, 137 S. Ct. 429, 435 (2016).  As such, Defendants are entitled to recover either: (1) Plaintiff's profits from its infringement (35 U.S.C. § 289), or (2) Defendants' lost profits or a reasonable royalty (35 U.S.C. § 284).

Any deficiency in Defendants' alleged failure to adequately disclose its damages computation is justified by Plaintiff's obstruction in providing evidence of its profits.  Defendants served a Rule 30(b)(6) deposition notice on Plaintiff. (*See* Ex. D.)  But at the Rule 30(b)(6) deposition of Mr. Dehmoubed, he repeatedly refused to testify as to Plaintiff's sales and profits, demurring on the basis that he is "not an accountant."  (*See, e.g.*, Ex. E, Dehmoubed Dep. at 123:11-15; 118:15-19; 124:5-22; 118:9-13; 116:7-13; 125:19-126:3; 126:13-19; 128:13-20.)  He even refused to testify as to Plaintiff's profit margin for each bag.  (*See id.* at 115:24-116:13 ("So you don't have an opinion as to what your -- what your actual profit is on each sale of trolley bag? . . . A. I don't have an opinion. The numbers are the numbers.").)

Defendants should not be penalized because Plaintiff refused to provide the evidence Defendants are entitled to under statute and the Federal Rules of Civil Procedure.  Exclusion is not appropriate.

**E.      Even if the Court Believes Defendants Should Have Disclosed with More Specificity, Exclusion is Not Appropriate**

Defendants produced and disclosed substantial evidence of their damages

1   claims and facts supporting their entitlement to damages and a permanent

2   injunction.  This should fully resolve Plaintiff's motion.  But even if the Court

3   believes Defendants' disclosures were deficient in some respect, exclusion is not

4   appropriate.

5       "In order to determine whether to exclude any evidence or argument at trial

6   concerning actual damages, the Court must determine whether the failure to

7   disclose was 'substantially justified or is harmless.'"  *Brighton Collectibles, Inc. v.*

8   *RK Texas Leather Mfg.*, No. 10-cv-419-GPC, 2013 WL 4716210, at * 3 (S.D. Cal.

9   Sept. 3, 2013) (quoting Fed. R. Civ. P. 37(c)(1)).  "The information may be

10  introduced if the parties' failure to disclose is substantially justified or harmless."

11  *Id.* (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106

12  (9th Cir. 2001)).

13      First, as explained above, any failure by Defendants to adequately disclose

14  their damages calculation is attributable at least in part to Plaintiff's obstruction.

15  Mr. Dehmoubed refused to answer basic questions about Plaintiff's finances at his

16  deposition, in violation of Plaintiff's obligations under Fed. R. Civ. P. 30(b)(6).  As

17  such, any failure by Defendants was substantially justified and exclusion is not

18  warranted.

19      Second, any failure to disclose was also harmless, at least because most of

20  the allegedly missing "information on which these damages are calculated have

21  been in [Plaintiff's] possession."  *Brighton Collectibles*, 2013 WL 4716210, at *4.

22  The evidence of Plaintiff's profits—evidence critical to Defendants' disgorgement

23  claim—is fully within Plaintiff's possession.  "Therefore, the harm to [Plaintiff] for

24  [Defendants'] failure to disclose the specific computation of actual damages is

25  harmless."  *Id.*

26      For other evidence pertaining to Defendants' lost profits and reasonable

27  royalty claims, Plaintiff had access to the documentation and deposed Defendants'

28

-10-

RESPONSE TO PLAINTIFF'S
MOTION IN LIMINE NO. 3 [DKT. 106]

witness supporting those claims.  In such circumstances, courts routinely hold that any disclosure violation is harmless.  *See, e.g.*, *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-cv-00084, 2018 WL 6257472, at *4 (E.D. Tex. Nov. 15, 2018) ("As Defendants obtained, or at a minimum has access to, the information regarding Plaintiff's reasonable royalty demanded by Defendants, any violation alleged by Defendants would be harmless and cause Defendants minimal, if any, prejudice."); *Finjan, Inc. v. Sophos, Inc.*, 14-cv-01197, 2016 WL 4560071, at *12 (N.D. Cal. Aug. 22, 2016) (denying motion *in limine* because opposing counsel was "aware of [a previous 30(b)(6) witness'] knowledge" of a topic, but failed to question him on that topic); *Dindinger v. Allsteel, Inc.*, 3:11-cv-00126, 2015 WL 11181335, at *7 (S.D. Iowa July 17, 2015) (finding that failure to provide damages calculations was harmless because Defendant had access to documents during discovery and had knowledge of persons who could testify about damages); *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 1:06-cv-2965, 2009 WL 10636314, at *5 (N.D. Ga. Feb. 10, 2009) (defendant's failure to timely supplement interrogatory response was harmless because plaintiff was aware of documents and basis of claim during discovery, but failed to ask Defendant's 30(b)(6) deponent about the claims).

Moreover, any alleged failure in Defendants' initial disclosure obligations is harmless, because "[a]n initial disclosure may also be considered supplemented if the 'additional or corrective information' is 'made known to the other parties during the discovery process or in writing.'"  *Realtime Data*, 2018 WL 6257472, at *3. (citing Fed. R. Civ. P. 26(e)(1)(A)). Here, additional information regarding Defendants' damages claims was made known to Plaintiff during discovery, at least by way of Defendants' document productions, written discovery responses, and deposition testimony.  Thus, Defendants' initial disclosures are considered supplemented and exclusion is not warranted.

Finally, if the Court believes Defendants' disclosures were deficient, not substantially justified, and not harmless, Defendants should be given an opportunity to supplement.  Plaintiff should be ordered to produce the requested evidence of its profits, and Defendants can then supplement to further clarify their damages claim.  Although discovery has closed, such a minor supplementation need not disrupt the trial date, as no additional discovery (beyond what Plaintiff should produce) would be required.  Likewise, it is worth noting that Plaintiff itself purported to supplement its initial disclosures in June 2020 – well after the close of fact discovery.  (*See* Ex. F.)  These supplemented disclosures suffer from many of the same flaws Plaintiff accuses Defendants of now, and Defendants obviously had no opportunity to conduct further discovery following them.  Therefore, there would be no unfair prejudice to Plaintiff in permitting Defendants to serve a similar supplementation.  Exclusion is not warranted.

### F. Defendants' Disclosures and Evidence of Damages are Markedly Different From Plaintiff's Failure to Adequately Prepare its Rule 30(b)(6) Witness

Defendants filed a motion for summary judgment against Plaintiff's tort claims.  (*See* Dkt. 80.)  One of the many bases for Defendants' motion is that Plaintiff lacked any damages for those claims.  (*See id.* at 14-18.)  Defendants also filed a motion *in limine* to preclude Plaintiff from offering damages evidence not disclosed during discovery.  (*See* Dkt. 103-1 at 4 (MIL No. 2).)  Although facially these motions may be similar to Plaintiff's MIL No. 3, they are meaningfully different in several different respects worth mentioning.

First, Plaintiff's tort claims and Defendants' patent infringement claims have very different elements.  Most importantly, Plaintiff must prove it was damaged ***as an element of liability***.  *See, e.g.*, Dkt. 80 at 14; *see also Lumens Co., Ltd. v. GoEco LED LLC*, No. 14-cv-01286, 2018 WL 1942768, at *4 (C.D. Cal. Jan. 3, 2018) (noting that "[p]roof of damages is required" for claims of intentional

interference with prospective economic advantage and negligent interference and citing cases); *Implant Direct Syborn Intern. v. Zest IP Holdings, LLC*, No. 11-cv-2247, 2012 WL 1969292, *1 (S.D. Cal. June 1, 2012) (stating elements for unfair competition under 15 U.S.C. § 1125); *Nat'l Rural Telecommunications Co-op v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1078 (C.D. Cal. 2003) (citing *Bank of the West v. Superior Ct.*, 2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538 (1992)) (limiting judgment to restitution, not plaintiff's damages, for claims under § 17200); *Celebrity Chef Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1123, 1138 (S.D. Cal. 2014) (requiring a showing of "competitive injury" for the common law tort of unfair competition).

By contrast, Defendants need not show that they were damaged in order to establish Plaintiff's patent infringement. *Lindemann Maschinenfabrik GmbH V. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990) ("In patent law, the fact of infringement establishes the fact of damages"); *see also Roche Prods., Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 861 (Fed. Cir. 1984) (*superseded on other grounds*). And once Defendants establish infringement, the Patent Act ***requires*** that the Court award it damages, "in no event less than a reasonable royalty." *See* 35 U.S.C. § 284; *see also Deckers Outdoor Corp.*, 2017 WL 5634993, at *8.

More importantly, there is a clear explanation for the disparity between the damages information Defendants sought and the alleged damages deficiencies Plaintiff now complains of. Defendants sought Plaintiff's damages evidence at Mr. Dehmoubed's deposition over the course of dozens and dozens of questions and exhibits. Yet Mr. Dehmoubed refused to answer the questions on the basis that he is "not an accountant." (*See, e.g.*, Ex. E, Dehmoubed Dep. at 123:11-15; 118:15-19; 124:5-22; 118:9-13; 116:7-13; 125:19-126:3; 126:13-19; 128:13-20.) By contrast, Mr. Cronkshaw ***was*** prepared to answer Plaintiff's damages questions and ***never*** refused to answer Plaintiff's questions. Plaintiff simply chose not to elicit

1   Mr. Cronkshaw's testimony.  This critically important distinction confirms that

2   Defendants' motions should be granted, while Plaintiff's current MIL No. 3 should

3   be denied.

4   **III.     CONCLUSION**

5          MIL No. 3 should be denied.

6

7

8   Dated:  November  30, 2020                    **HONIGMAN LLP**

9                                                  /s/Matthew G. Mrkonic
                                        By:   J. Michael Huget (admitted pro hac vice)
10                                            Matthew G. Mrkonic (SBN 266779)
                                             Sarah E. Waidelich (admitted pro hac
11                                           vice)
                                             mhuget@honigman.com
12                                           mmrkonic@honigman.com
                                             swaidelich@honigman.com
13                                           2290 First National Building
                                             660 Woodward Avenue
14                                           Detroit, Michigan 48226-3506
                                             Tel: 734-418-4200
15                                           Fax: 734-418-4201
                                             *Attorneys for Defendants and*
16                                           *Counterclaimants*

17

18

19

20

21

22

23

24

25

26

27

28

# <u>CERTIFICATE OF SERVICE</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I hereby certify that on November 30, 2020, I filed the foregoing using the Court's ECF system, which served a copy of the foregoing to all counsel of record.


Dated:  November 30, 2020

*/s/ Matthew Mrkonic*

Matthew Mrkonic

Case No. 3:18-cv-02109-BEN-LL

RESPONSE TO PLAINTIFF'S
MOTION IN LIMINE NO. 3 [DKT. 106]