CODY R. LEJEUNE (CSB NO. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
2801 Camino Del Rio South
Suite 200A
San Diego, CA 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
GOLDEN EYE MEDIA USA, INC., FARZAN DEHMOUBED and JENNIFER DUVALL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Defendants.* | CASE NO.: 3:18-cv-02109-BEN-LL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED**<br><br>**MOTION IN LIMINE NO. 3** |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>*Counterclaimants*<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br>    Counter-Defendants and Third-Party Defendants. | Hearing: December 14, 2020<br>Time: 9:30 a.m.<br>Courtroom: 5A<br>Judge: Hon. Roger Benitez |

Plaintiff Golden Eye Media USA, Inc. ("GEM" or "Plaintiff") respectfully submits this reply in support of its motion *in limine* to prevent defendants and counterclaimants Trolley Bags UK, Ltd. ("Trolley Bags") and BergHOFF International, Inc. ("BergHOFF") (collectively, "Defendants") from presenting testimony or evidence at trial regarding damages that they have not provided during discovery or evidence that they have suffered irreparable harm.

## I.   INTRODUCTION

Defendants' Opposition ignores the fact that, ***as the party asserting infringement, Defendants bear the burden of proof with respect to all damage claims*** – whether lost profits, disgorgement of profits, reasonable royalty or injunction. *See Grain Processing Corp. v. Am. Maize-Prods. Co.,* 185 F.3d 1341, 1349 (Fed. Cir. 1999); *Lucent Tech., Inc. v. Gateway, Inc.* 580 F.3d 1301, 1324 (Fed. Cir. 2013). Defendants do not cite to a single piece of evidence that they have produced which sets forth their damages calculations.

In their Opposition, Defendants do not dispute that they:

- failed to provide Rule 26 Initial Disclosures setting forth a computation of their damages;
- failed to answer or supplement Plaintiff's interrogatories requesting that Defendant's identify the basis of their damage claims and all theories, calculations and evidence supporting their alleged damage claim; and
- failed to provide a damages expert disclosure under Rule 26.

Indeed, Defendants, as the party asserting infringement, are to "provide an assessment of damages in light of the information currently available to it in sufficient detail so as to enable" GEM to "understand the contours of its potential exposure and make informed decision as to settlement and discovery." *Frontline Med. Assoc. v. Coventry Health Care,* 263 F.R.D. 567, 569 (C.D. Cal. 2009). An exception exists when the damages method is "properly the subject of expert testimony and the parties will be turned over expert evidence in the future." *Id.* Here, Defendants have failed on all three (3) fronts:

1

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

interrogatory responses, initial disclosures and expert opinion.

Defendants have provided absolutely no evidence regarding its damages calculation, and, as a result, Plaintiff has suffered severe prejudice. Accordingly, pursuant to Rule 37, because Defendants failed to provide a damages calculation, they cannot now provide a damages calculation at trial.

## II.     ARGUMENT

### A.     Defendants' Failure to Provide Damages Calculations Precludes Their Ability to Present Such Evidence at Trial

Defendants failed to provide Rule 26 calculation of damages in their Initial Disclosures, failed to respond and/or supplement their response to Plaintiff's damages interrogatories, and an expert opinion regarding damages. Accordingly, Defendants should be precluded from presenting any argument, evidence or witness at trial on any damage theory due to their complete failure to disclose damages contentions or theories.

"Rule 37(c) 'gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed,' unless the nondisclosing party can show that the nondisclosure was substantially justified or harmless.'" *Voice Intl. Inc v. Oppenheimer Cine Rentals LLC*, 2020 WL 1229735, at *3 (C.D. Cal. Feb. 4, 2020), *quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Defendants do not dispute that neither their Interrogatory Responses nor their Initial Disclosures provided damages contentions. Instead, Defendants simply cited to 35 U.S.C.§ 289 and claimed that they are entitled to Plaintiff's total profit from sales of its infringing products.  *See* Opposition, at 7. Defendants' discovery response also claimed that Defendants reserved the right to supplement as discovery continues. Dkt. 106-4, at 10.

Defendants never supplemented, despite Plaintiff's request to do so. "Once document production has been substantially completed, however, [defendants] will have to provide more detailed disclosure of their calculations either by way of Rule 26 disclosure

2
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

or through interrogatory responses." *City and County of San Francisco v. Tutor-Saliba Corp.,* 218 F.R.D. 219, 222 (N.D. Cal. 2003). Because Defendants did not provide damages calculations in discovery or via an expert, they are precluded from doing so at trial. *See* Fed. R. Civ. P. 37(c).

In addition to their failure to provide damages contentions in their Rule 26 Initial Disclosures and Interrogatory Responses, Defendants have not provided expert opinion on damages. Defendants confirm as much in their Opposition, but take the position that expert testimony is not required or necessary. *See* Opposition, at 2-3. However, Defendants' failure to provide expert opinion, in conjunction with their failure to provide damages contentions in their Rule 26 Initial Disclosures and Interrogatory Responses is fatal to their damages case.

**B.     Defendants' Failure Was Neither Substantially Justified Nor Harmless**

Defendants do not point to evidence that sets forth their damages calculation. Instead, Defendants attempt to shift the blame to Plaintiff by claiming that their lack of disclosure was substantially justified and harmless. *See* Opposition, at 10.

Defendants' failure to disclose damages contentions was not "substantially justified." In fact, Defendants have no excuse for their failure to provide damages contentions. They repeatedly claim that their failure is due to Plaintiff's Rule 30(b)(6) witness' testimony. However, Defendants have been in possession of Plaintiff's financial documents since the early portions of this matter, and Defendants concede as much as they were able to question Plaintiff's Rule 30(b)(6) witness regarding the documents. Mr. Dehmoubed verified the documents at his deposition. *See* Defendants' Reply, Dkt. No. 111, at p. 9 ("The numbers are the numbers.").

Defendants do not dispute that Plaintiff has produced all the financial information needed for Defendants to conduct their damages analysis. They simply contend that Mr. Dehmoubed did not provide answers at his deposition that they preferred him to provide.

In addition, Defendants' failure has been far from harmless. Plaintiff has been

3

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

severely prejudiced, as it was not allowed to present its own evidence during discovery, develop rebuttal theories during discovery, or retain experts to provide responsive testimony.

The *Voice Intl.* case is instructive. There, the party asserting infringement "failed to provide a timely calculation of alleged damages along with supporting evidence." *Id*, at *5. The Court held that their failure to do so was "neither substantially justified nor harmless." *Id.* The Court noted that a party has an obligation to make a timely disclosure of damages that "starts with Initial Disclosures, is renewed when new information becomes available or when the opposing party requests it through interrogatories or other discovery requests." *Id.*

The Court held that the party asserting infringement did not meet "their straightforward discovery obligations." *Id.* "Damages claims are a central part of actions like this one. Therefore, Plaintiffs should have timely disclosed the relevant information they have on this issue. They should have done so in their initial disclosures, and in response to the Defendants' discovery requests." *Id*, at *6.

The Court there also refused to impose lesser sanctions. "The availability of lesser sanctions has also been considered. However, ***no sanction other than exclusion is a reasonable alternative***." Id, at *7. Because Defendants "failed to disclose any damages theory during discovery, or the supporting basis for the claim, permitting any damages presentation at trial would prejudice" Plaintiff. *Id*. If Defendants were allowed to present damages evidence at trial, Plaintiff "would have to respond to evidence and arguments for which [it] never had the opportunity to conduct discovery or engage experts." *Id.*

The facts here are different than the cases cited by Defendants in support of their opposition. In both *Lemon v. Harlem Globetrotters Int'l, Inc.,* 2006 WL 3524379 (D. Ariz. 2006) and *U.S. v. MWI Corp.,* 2013 WL 12341669 (D. D.C. 2013), parties sought to exclude evidence even though the parties did not question witnesses regarding the evidence. In contrast here, Plaintiff is not requesting that the Court exclude documents

4

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANTS FROM OFFERING DAMAGES EVIDENCE AT TRIAL NOT PREVIOUSLY DISCLOSED

MOTION IN LIMINE NO. 3

3:18-cv-02109-BEN-LL

produced by Defendants. Defendants have not provided damages calculations, and Plaintiff seeks to exclude Defendants' damages calculations

And in *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.,* 2013 WL 4716210 (S.D. Cal. 2013), the Court said that a party was not substantially justified in withholding damages calculations where a party repeatedly requested the damages calculations. Id. at *4. And though the Court held that the lack of disclosure was harmless, the party asserting infringement provided "underlying data and surveys," as well as "intensive analysis" conducted by experts. *Id*. The same is not true here as Defendants did not disclose an expert opinion.

Defendants' failure to disclose damages contentions was neither substantially justified nor harmless. As a result, they should be precluded from providing such evidence at trial.

### III. CONCLUSION

At trial, Defendants should be precluded from damages based on lost profits, reasonable royalty, disgorgement of GEM's profits or an injunction.

Respectfully submitted,
**LEJEUNE LAW, P.C.**

Dated: December 7, 2020      By:   /s/ Cody R. LeJeune
                                    Cody R. LeJeune
                                    2801 Camino Del Rio South
                                    Suite 200A
                                    San Diego, CA 92108
                                    Phone: (985) 713-4964

                                    Attorneys for Plaintiff,
                                    Golden Eye Media, Inc., Farzan
                                    Dehmoubed, and Jennifer Duvall