UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>　　　　　　Defendants. | Case No.: 3:18-cv-02109-BEN-LL<br><br>**ORDER ON MOTION TO BE RELIEVED AS COUNSEL OF RECORD**<br><br>**[ECF No. 100]** |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>　　　　　　Counterclaimants,<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>　　　　　　Counterdefendants. | |

## I. INTRODUCTION

Plaintiff/Counterdefendant GOLDEN EYE MEDIA USA, INC., a California corporation ("Plaintiff") brings this action seeking a declaratory judgment of non-infringement against Defendants/Counterclaimants TROLLEY BAGS UK LTD, a corporation of the United Kingdom ("Trolley Bags"); and BERGHOFF INTERNATIONAL, INC., a Florida corporation ("Berghoff") (collectively, "Defendants"). ECF No. 1.

Before the Court is the Motion to Withdraw as Counsel of Record submitted by Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") and Honigman LLP ("Honigman") (collectively, "Counsel"), current counsel of record for Berghoff (the "Motion"). ECF No. 100.

The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 114. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Motion.

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record. S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. Jun. 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id*.; *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney."). Thus, courts may not

grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record. *See, e.g.*, *id.*

California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them."); *but see Unified Sewerage Agency of Washington Cty., Oregon v. Jelco, Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) ("We express no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility (*e.g.*, state law, the Model Code of Professional Responsibility, or a federal common law of professional responsibility)."). Under Rule 1.16 of California's Rules of Professional Conduct, effective June 1, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal. In ruling on a motion to withdraw, "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted).

## III.  DISCUSSION

Rule 1.16(b) of the California Rules of Professional Conduct, governing permissive withdrawal, permits an attorney to withdraw from representation of a client for several enumerated grounds. In the present case, Counsel asks to be permitted to withdraw from representation "because there are multiple grounds for withdrawal under Rule 1.16(b)." ECF No. 100-1 at 2:9-11. Counsel claims that they "have taken reasonable steps to prevent any potential prejudice to BergHOFF under Rule 1.16(d) of the California Rules

of Professional Conduct, including providing reasonable notice to BergHOFF." *Id.* at 2:11-15. While there is no declaration submitted concurrently with the Motion, Counsel states that "[a] copy of the Motion and this Brief in Support have been served on BergHOFF and its regular outside counsel via email and U.S. Mail, as well as all counsel of record using the Court's ECF system." *Id.* at 2:16-18. Counsel asks that their client, Berghoff, "be granted 14 days to engage new counsel." *Id.* at 2:18-19.

The Court denies the Motion because (1) Counsel failed to submit a declaration in support of their Motion; (2) the Court may not permit counsel to withdraw leaving a corporate entity defendant unable to defend itself; and (3) Counsel failed to set forth adequate grounds for this Court to grant the Motion.

### A. Counsel Failed to Submit the Declaration Required by the Local Rules.

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b). In the present case, Counsel filed a "Certificate of Service" stating that the Motion was electronically served via the Court's ECF system as well as via regular U.S. Mail and e-mail to the client and its outside counsel. ECF No. 100-1 at 4. This document, however, although signed by John Burns, was not signed under penalty of perjury, and as such, does not qualify as a "declaration." *See, e.g.*, 28 U.S.C. § 1746(2) (providing that whenever a law of the United States or rule requires a matter to be supported by sworn declaration in writing, that matter may be proved "by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated," so long as it substantially follows the form proscribed by the statute). As such, the Motion fails to meet the requirements of Local Rule 83.3(f)(3).

///
///
///

### B. Courts May Not Allow Permissive Withdrawal for a Corporate Entity Where There is No Other Counsel Ready to Substitute in as Counsel of Record.

Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k); *see also Laskowitz*, 107 F. Supp. at 398.  Thus, courts may not grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record. *See, e.g.*, *id.*  Here, the Court denies the Motion as granting the Motion would leave a corporate entity unrepresented, and Counsel has failed to set forth an adequate plan for replacement counsel to appear on Berghoff's behalf.

### C. Counsel Failed to Set Forth Adequate Grounds for Granting the Motion, Especially in Light of Potential Prejudice.

Under Rule 1.16, subdivision (b) of the California Rules of Professional Conduct, counsel may withdraw from representing a client where (1) "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act"; (2) the attorney "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal"; and/or (3) the client (a) "insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law," (b) "either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud," (c) "insists that the lawyer pursue a course of conduct that is criminal or fraudulent," (d) "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," (e) "breaches a material term of an agreement with, or obligation, to the lawyer relating

to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation," or (f) "knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct, Rule 1.16(b). Subdivision (d) requires that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct, Rule 1.16(d).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-cv-02540-IEG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same). There is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. *Gurvey v. Legend Films, Inc.*, No. 09-cv-00942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Further, there is no undue delay where the counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel …" Cal. R. Prof. Conduct, Rule 1.16(c).

"It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res.*, 2009 WL 3367489, at *2 (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted). "[C]onclusory assertions that there was a communication breakdown is not sufficient to warrant withdrawal." *Amazon Logistics, Inc. v. Mann Bros. Transp., Inc.*, No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *4 (E.D. Cal. May 6, 2020). At the same time, attorney must "preserve client confidences even when seeking to be relieved as counsel." Tuft, Mark L., et al., Cal. Prac. Guide Prof. Resp., Ch. 10-B (Dec. 2019); *see also* Cal. State Bar Form. Opn. 2015-192 (decided under former rule,

providing that an attorney may disclose to court only as much as reasonably necessary to demonstrate need to withdraw).

The Court recognizes that granting the withdrawal motion would leave Berghoff, a corporate Defendant, without counsel, in contravention of Local Rule 83.3(k). However, Rule 83.3(k) is not offended where the court orders an unrepresented corporate defendant to find substitute counsel and gives them some time to do so. *See e.g., Indymac Fed. Bank, F.S.B. v. McComic*, No. 08-CV-1871-IEG-WVG, 2010 WL 2000013 (S.D. Cal. May 18, 2010) (granting counsel's motion to withdraw as defendants could no longer pay and were not prejudiced, but also directing defendants to secure substitute counsel, where counsel cited the client limited partnership's refusal to participate in litigation and inability to pay fees as reasons for withdrawal); *McNally v. Commonwealth Financial Systems, Inc.*, 2013 WL 685364 (S.D. Cal. Feb. 25, 2013) (granting motion where litigation was at an early stage and where corporate defendant was unable to pay legal fees, consented to the motion, and had "ample opportunity to retain substitute counsel as needed"). Nonetheless, the matter remains within the Court's discretion and subject to considerations of prejudice, harm, and delay. The Court notes this case is not in the earlier stages, and on the contrary, is nearing trial. Thus, concerns of prejudice, harm, and delay are heightened at this stage of the proceedings. Accordingly, the Court finds that the motion, as drafted, is inadequate and is therefore **DENIED**. Counsel may refile their motion if they believe the Court's concerns laid out in this Order can be readdressed.

### IV. CONCLUSION

For the above reasons, the Court **DENIES** the Motion as follows:

1. Defendant's counsel's Motion to Withdraw as Counsel of Record is **DENIED** *without prejudice* to counsel refiling the motion in accordance with Local Rules and stating the grounds discussed above.

**IT IS SO ORDERED.**

DATED: January 5, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

-7-

3:18-cv-02109-BEN-LL