SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
John Burns (SBN 290523)
E-mail:  jburns@sheppardmullin.com
501 W Broadway, Floor 19
San Diego, CA 92101-8541
Telephone: (619) 338-6588

HONIGMAN LLP
J. Michael Huget (admitted pro hac vice) (MI SBN P39150)
Email: mhuget@honigman.com
Matthew Mrkonic (SBN 266779)
Email: mmrkonic@honigman.com
Sarah E. Waidelich (admitted pro hac vice) (MI SBN P80225)
Email: swaidelich@honigman.com
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone:  734-418-4200
Facsimile:   734-418-4201

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>Defendants and Counterclaimants. | Case No. 3:18-cv-02109-BEN-LL<br><br>Assigned to Hon. Roger T. Benitez<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP AND HONIGMAN LLP'S RENEWED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT AND COUNTERCLAIMANT BERGHOFF INTERNATIONAL, INC.  UNDER CAL. R. PROF. CONDUCT 1.16(B)**<br><br>[*Notice of Motion and Motion filed concurrently*] |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>Counterclaimants,<br><br>v.<br><br>FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>Counterdefendants. | Date:  March 29, 2021<br>Time:  10:30 a.m.<br>Courtroom:  5A<br>Judge:  Hon. Roger T. Benitez |

## I.   INTRODUCTION

Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") and Honigman LLP ("Honigman") submit this Brief in support of their Renewed Motion to Withdraw as Counsel of Record for Defendant and Counterclaimant BergHOFF International, Inc. ("BergHOFF").  Sheppard Mullin and Honigman do not seek to withdraw from their representation of Defendant and Counterclaimant Trolley Bags UK LTD ("Trolley Bags").

On January 6, 2021, the Court denied, without prejudice, Sheppard Mullin and Honigman's Motion to Withdraw as Counsel of Record.  (Dkt. No. 120.)  The Court's Order permitted Honigman and Sheppard Mullin to "refile their motion if they believe the Court's concerns laid out in this Order can be readdressed."  (*Id.* at 7.)  Sheppard Mullin and Honigman therefore bring this Renewed Motion to Withdraw, which addresses the Court's concerns in its January 6, 2021 Order and sets forth appropriate grounds for movants' withdrawal as counsel of record for BergHOFF in this case.

## II.   ARGUMENT

Sheppard Mullin and Honigman address the following three concerns raised in the Court's January 6, 2021 Order:  (A) the submission of a declaration under S.D. Cal. Civ. R. 83.3(f)(3); (2) the substitution of replacement counsel for BergHOFF, a corporate entity; and (3) adequate grounds for Sheppard Mullin and Honigman's withdrawal in light of BergHOFF's potential prejudice.

### A.   Movants' Declaration Complies with S.D. Cal. Civ. R. 83.3(f)(3).

Sheppard Mullin and Honigman's motion is supported by a declaration establishing the service of the motion on the adverse party and on BergHOFF, movants' client, as required by S.D. Cal. Civil Rule 83.3(f)(3).  The accompanying declaration of John Burns, attached hereto as Exhibit A, is dated and signed under penalty of perjury and therefore complies with the requirements of S.D. Cal. Civil

Rule 83.3(f)(3) and 28 U.S.C. § 1746(2).

### B. **BergHOFF Is Already Represented by Outside Counsel and Has Had Adequate Time to Engage Replacement Counsel in this Case**.

Sheppard Mullin and Honigman's motion also provides for the substitution of replacement counsel for BergHOFF, a corporate entity.  Under S.D. Cal. Civil Rule 83.3(k), a corporate defendant must be represented by counsel and cannot appear *pro se*.  As the Court's Order noted, however, "Rule 83.3(k) is not offended where the Court orders an unrepresented corporate defendant to find substitute counsel and gives them some time to do so.  (Dkt. No. 120 at 7 (citing cases).)

Here, BergHOFF has already engaged separate outside counsel who is supervising this litigation on BergHOFF's behalf.  Specifically, Elizabeth Coviello, a principal of the Law Office of Elizabeth J. Coviello and a member of the State Bar of Florida, serves as BergHOFF's outside general counsel and supervises this litigation on behalf of BergHOFF.  Ms. Coviello was served with movants' original Motion to Withdraw and this Renewed Motion to Withdraw.

Ms. Coviello could either seek the Court's permission to represent BergHOFF *pro hac vice* in this case or could engage separate outside counsel on behalf of BergHOFF.  BergHOFF and Ms. Coviello have had—and will have, under movants' proposed order—substantial time to engage outside counsel to substitute for movants in this case.  Indeed, movants' original motion was filed and served on November 3, 2020, and movants notified BergHOFF before filing that motion of their intention to move to withdraw.  (*See* Dkt. No. 100.)

BergHOFF has therefore had more than three months to identify and engage replacement counsel in this case.  On top of that, movants' proposed order gives BergHOFF an additional fourteen days from the date of the order granting this motion for BergHOFF to engage replacement counsel.  That is more than adequate time for BergHOFF to identify and engage replacement counsel in this case.

**C.**   **Honigman and Sheppard Mullin Have Adequate Grounds To Withdraw Under California Rule of Professional Conduct 1.16(b).**

Movants have substantial grounds to withdraw from their representation of BergHOFF in this case.  Under Rule 1.16(b) of the California Rules of Professional Conduct, an attorney may withdraw for several enumerated reasons.  "In ruling on a motion to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case."  (Dkt. No. 120 at 6 (citing *Garrett v. Ruiz,* No. 11-cv-02540-IEG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013).)

As discussed below, all four relevant considerations support Sheppard Mullin and Honigman's withdrawal as BergHOFF's counsel of record in this case.

1.   Withdrawal Is Warranted Under Rule 1.16(b)

Sheppard Mullin and Honigman's motion is warranted by several enumerated grounds for permissive withdrawal under Rule 1.16(b) of the California Rules of Professional Conduct.

***First***, movants should be permitted to withdraw because BergHOFF has asserted that a conflict of interest has now arisen that prevents movants from representing both BergHOFF and Trolley Bags in this case.  Specifically, BergHOFF claims there is an "incompatibility of [BergHOFF's and Trolley Bags' respective] positions" in this case.

Under the California Rules of Professional Conduct, such a conflict, if it exists, would warrant movants' withdrawal.  Rule 1.7(a) states that "[a] lawyer shall not, without informed written consent from each client . . . , represent a client if the representation is directly adverse to another client in the same or separate matter."  Moreover, Rule 1.7(b) states that "[a] lawyer shall not, without informed written consent . . . , represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities or

-4-

relationships with another client . . . ."

BergHOFF's assertion of an conflict of interest has also rendered it unreasonably difficult for movants to carry out their representation of BergHOFF effectively, which further justifies movants' withdrawal under Rule 1.16(b)(4). Moreover, BergHOFF's assertion of an irreconcilable conflict is tantamount to assenting to the termination of movants' representation of BergHOFF, which permits withdrawal under Rule 1.16(b)(6). Indeed, movants informed BergHOFF that they could not continue to represent both BergHOFF and Trolley Bags if BergHOFF asserted that there was a conflict in representing both parties. Yet, BergHOFF has not withdrawn its assertion that movants' representation of both parties is incompatible. Moreover, if an irreconcilable conflict exists, movants would be entitled to mandatory withdrawal under Rule 1.16(a)(2), or permissive withdrawal under Rule 1.16(b)(9), to avoid a violation of Rule 1.7 of the California Rules of Professional Conduct, as discussed above.

***Second***, movants' withdrawal is warranted under Rule 1.16(b)(5), which provides that if "[t]he client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has been the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct, Rule 1.16(b)(5).

Here, BergHOFF has failed to fulfill its obligations to movants regarding movants' services. BergHOFF has failed to pay movants' attorneys' fees and costs for the past year. Indeed, BergHOFF has not paid any Honigman invoices since February 2020. Moreover, BergHOFF has taken the position that it was overcharged by movants for past services and that it is entitled to a reduction of past billed amounts. Movants disagree with both of these positions.

Movants have given BergHOFF months of advance warning that they would

seek to withdraw if BergHOFF did not fulfill its obligations, consistent with Rule 1.16(b)(5) of the California Rules of Professional Conduct. BergHOFF, however, has not remedied its failure to fulfill its obligations. BergHOFF has also disavowed the terms on which movants understand that they were retained by BergHOFF and has stated that it will not pay movants on those terms moving forward.

### 2. No Adverse Parties Will Be Prejudiced

The second relevant consideration—prejudice to adverse parties—also supports granting this motion. Golden Eye Media USA, Inc., the only party adverse to BergHOFF in this litigation, stated through counsel that it does not contest movants' motion to withdraw. And Golden Eye would not suffer any conceivable prejudice from movants' withdrawal. As discussed below, there is no trial date currently set and granting this motion will not delay any upcoming proceedings.

### 3. BergHOFF Will Not Be Prejudiced

BergHOFF would also not be prejudiced by permitting Honigman and Sheppard Mullin to withdraw. As the Court noted in its January 6, 2021 Order, "[t]here is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage." (Dkt. No. 120 at 6 (citing *Gurvey v. Legend Films, Inc.*, No. 09-cv-00942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).) Here, the Court recently vacated the upcoming trial date because of COVID-19, and there are no upcoming hearings or other dates scheduled in this case. (*See* Dkt. No. 121.)

Moreover, Sheppard Mullin and Honigman have taken reasonable steps to prevent any potential prejudice to BergHOFF under Rule 1.16(d) of the California Rules of Professional Conduct, including providing reasonable notice to BergHOFF. BergHOFF and its separate outside counsel, Ms. Coviello, have been on notice that Sheppard Mullin and Honigman are seeking to withdraw for months, before movants filed their original motion on November 2, 2020. That also eliminates any potential

prejudice to BergHOFF.  *See Gurvey*, 2010 WL 2756944, at *2 (finding plaintiff would suffer "no prejudice" from counsel's withdrawal because plaintiff "had sufficient time to obtain new counsel.").  Sheppard Mullin and Honigman will also promptly comply with all of their obligations under Rule 1.16(e) upon the granting of this Motion.

BergHOFF has also apparently realized that it would not be prejudiced by movants' withdrawal, as BergHOFF did not file an opposition to movants' original Motion to Withdraw, despite being served with the motion when it was filed.

4.    <u>Withdrawal Will Not Delay Resolution of the Case</u>

Finally, permitting Sheppard Mullin and Honigman to withdraw as counsel for BergHOFF will not delay the resolution of this case.  As discussed above, the Court recently vacated the upcoming trial date due to COVID-19 considerations, and there is no pending trial date in the case.  (*See* Dkt. No. 121.)  There is ample time for BergHOFF to retain, and substitute in, replacement counsel without any delay to any proceedings in this case.

## III.    **CONCLUSION**

For the foregoing reasons, Sheppard Mullin and Honigman respectfully request that the Court enter an Order allowing them to withdraw from representation of BergHOFF in this matter and granting BergHOFF 14 days to engage new counsel.

Respectfully submitted:

Dated:  February 16, 2021

/s/*John Burns*
John Burns (SBN 290523)
jburns@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
501 W BROADWAY, FL 19
San Diego, CA 92101-8541
(619) 338-6588

-7-

/s/*Matthew Mrkonic*
Matthew Mrkonic (SBN 266779)
J. Michael Huget (admitted pro hac vice)
Sarah E. Waidelich (admitted pro hac vice)
mmrkonic@honigman.com
mhuget@honigman.com
swaidelich@honigman.com
HONIGMAN LLP
2290 FIRST NATIONAL BUILDING
660 WOODWARD AVENUE
DETROIT, MI 48226-3506
(734) 418-4200

Attorneys for Defendants and
Counterclaimants

## EXHIBIT A – DECLARATION OF SERVICE

I, John Burns, declare as follows under Local Rule 83.3(f)(3):

On February 16, 2021, I filed the foregoing using the Court's ECF system, which served a copy of the foregoing to all counsel of record.

In addition, on February 16, 2021, a copy of the foregoing was sent to BergHOFF International and its regular outside counsel via email and Federal Express at the following physical and e-mail addresses:

BergHOFF International, Inc.                Elizabeth J. Coviello
Attn: Raymond Van Den Langenberg           Law Office of Elizabeth J. Coviello
11063 SR 54                                6400 Madison Street
Odessa, Florida 33556                      New Port Richey, FL 34652
ray@berghoffusa.com                        covielaw@gmail.com

I have personal knowledge of the foregoing, and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 16, 2021

John Burns