**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>                Plaintiff,<br><br>v.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>                Defendants. | Case No.:  3:18-cv-02109-BEN-LL<br><br>**ORDER ON RENEWED MOTION TO BE RELIEVED AS COUNSEL OF RECORD**<br><br>**[ECF No. 125]** |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>                Counterclaimants,<br><br>v.<br><br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>                Counterdefendants. | |

## I. INTRODUCTION

Plaintiff/Counterdefendant GOLDEN EYE MEDIA USA, INC., a California corporation ("Plaintiff") brings this action seeking a declaratory judgment of non-infringement against Defendants/Counterclaimants TROLLEY BAGS UK LTD, a corporation of the United Kingdom ("Trolley Bags"); and BERGHOFF INTERNATIONAL, INC., a Florida corporation ("Berghoff") (collectively, "Defendants"). ECF No. 1.

On November 3, 2020, Counsel filed their initial Motion to Withdraw, ECF No. 100, which the Court denied on January 6, 2021, "because (1) Counsel failed to submit a declaration in support of their Motion; (2) the Court may not permit counsel to withdraw leaving a corporate entity defendant unable to defend itself; and (3) Counsel failed to set forth adequate grounds for this Court to grant the Motion." ECF No. 120 at 4. This denial was without prejudice to Counsel re-filing a new motion.

Before the Court is the Renewed Motion to Withdraw as Counsel of Record submitted by Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") and Honigman LLP ("Honigman") (collectively, "Counsel"), current counsel of record for Berghoff (the "Motion"). ECF No. 100.

The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 126. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record. S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. Jun. 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice

pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney."). Thus, courts may not grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record. *See, e.g.*, S. D. Cal. Civ. R. 83,3(k).

California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them."). Under Rule 1.16 of California's Rules of Professional Conduct, effective June 1, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal. In ruling on a motion to withdraw, "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted).

### III. **DISCUSSION**

Rule 1.16(b) of the California Rules of Professional Conduct, governing permissive withdrawal, permits an attorney to withdraw from representation of a client for several enumerated grounds. In the present case, Counsel for Berghoff asks to be permitted to withdraw from representation pursuant to several grounds allowing for permissive withdrawal under Rule 1.16(b). ECF No. 125-1 at 4:13-16. As outlined below, the Court

-3-

3:18-cv-02109-BEN-LL

grants the Motion because Counsel has (1) submitted a document that substantially conforms to the required declaration under the Local Rules; (2) indicated how Berghoff, a corporate entity, will not be left unrepresented or prejudiced; and (3) set forth adequate grounds under the Rules of Professional Conduct for this Court to grant the Motion.

### 1. *Counsel Submitted the Declaration Required by the Local Rules.*

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." *Id.* In the present case, Counsel filed a "Declaration of Service" stating that the Motion was electronically served via the Court's ECF system as well as via regular U.S. Mail and e-mail to the client and its outside counsel. ECF No. 125-1 at 9. As such, the Motion meets the requirements of Local Rule 83.3(f)(3).

### 2. *Counsel Has Shown Permissive Withdrawal for the Corporate Entity Is Appropriate.*

Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k); *see also Laskowitz*, 107 F. Supp. at 398. Thus, courts may not grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record. *See, e.g.*, *id.*

In the Renewed Motion, Counsel advises that Berghoff has already engaged separate outside counsel, Elizabeth Coviello, who is a member of the State Bar of Florida. ECF No. 125-1 at 3:10-15. Counsel further informs the Court that Ms. Coviello is supervising this litigation on Berghoff's behalf and has been served with both the original motion to withdraw, on November 3, 2020, as well as the renewed motion to withdraw.

*Id.* at 3:10-22. Thus, Berghoff has had three months since the filing of the original motion to locate and engage replacement counsel. *Id.* at 3:23-24. Further, the Court is also granting Berghoff an additional fourteen days from the issuance of this order to engage replacement counsel. *Id.* at 3:24-28.

### 3. *Counsel Set Forth Adequate Grounds for Granting the Motion, Especially in Light of Potential Prejudice.*

Under the Rule governing permissive withdrawal, counsel may withdraw from representing a client where (1) "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act"; (2) the attorney "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal"; and/or (3) the client (a) "insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law," (b) "either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud," (c) "insists that the lawyer pursue a course of conduct that is criminal or fraudulent," (d) "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," (e) "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation," or (f) "knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b). Subdivision (d) requires that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the

harm withdrawal might cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11-cv-02540-IEG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same). There is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. *Gurvey v. Legend Films, Inc.*, No. 09-cv-00942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Further, there is no undue delay where the counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel …" Cal. R. Prof. Conduct 1.16(c).

"It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res.*, 2009 WL 3367489, at *2 (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted). "[C]onclusory assertions that there was a communication breakdown is not sufficient to warrant withdrawal." *Amazon Logistics, Inc. v. Mann Bros. Transp., Inc.*, No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *4 (E.D. Cal. May 6, 2020). At the same time, attorney must "preserve client confidences even when seeking to be relieved as counsel." Tuft, Mark L., et al., Cal. Prac. Guide Prof. Resp., Ch. 10-B (Dec. 2019); *see also* Cal. State Bar Form. Opn. 2015-192 (decided under former rule, providing that an attorney may disclose to court only as much as reasonably necessary to demonstrate need to withdraw).

Counsel argues that withdrawal is warranted because (1) a conflict of interest has arisen between Berghoff and Counsel's remaining client, Trolley Bags, which it intends to continue to represent; (2) the aforementioned conflict of interest has rendered it unreasonably difficult for Counsel to carry out effective representation; (3) Berghoff has breached a material term of Counsel's representation by refusing to pay Counsel's fees and costs for over a year and informing Counsel it will not pay any fees going forward; (4) no parties will be prejudiced if the Court grants this Motion; and (5) granting this

Motion will not delay resolution of this case. ECF No. 125-1 at 4-7 (citing Cal. R. Prof. Conduct 1.7, 1.16(b)(4)-(5)). Counsel also points out that they informed Berghoff "that they could not continue to represent both BergHOFF and Trolley Bags if BergHOFF asserted that there was a conflict in representing both parties." *Id.* at 5:7-9. However, Counsel advises that Berghoff "has not withdrawn its assertion that movants' representation of both parties is incompatible." *Id.* at 5:9-12.

When the Court previously denied this order, trial had been rapidly approaching, and as such, concerns of prejudice, harm, and delay were heightened. However, as Counsel notes, on January 9, 2021, the Court issued a minute order in this case vacating the February 22, 2021 jury trial date "[d]ue to the COVID-19 pandemic and recent Orders of the Chief Judge suspending jury trials." ECF No. 121. Thus, there is no longer a looming trial date, and all pending motions are briefed and submitted on the papers.

Finally, Counsel has also advised that Plaintiff, the only party adverse to Berghoff, does not oppose this motion. ECF No. 125-1 at 6:7-11. Thus, granting this motion will not prejudice any parties to this case. ECF No. 125-1 at 6:7-11.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Berghoff as follows:

1. Berghoff has fourteen (14) days to secure replacement counsel.

2. The Clerk of Court shall update the docket to reflect the withdrawal of Sheppard, Mullin, Richter & Hampton LLP and Honigman LLP, as counsel of record for Berghoff.

3. Counsel shall immediately serve Berghoff with a copy of this Order and thereafter file a proof of service to confirm the same.

**IT IS SO ORDERED.**

DATED: February 18, 2021

**HON. ROGER T. BENITEZ**
United States District Judge