**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br>v.<br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>　　　　　　　　Defendant. | Case No.:  3:18-cv-02109-BEN-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY LITIGATION PENDING RE-EXAMINATION OF U.S. PATENT NO. D779,828**<br><br>**[ECF Nos. 119, 122, 123]** |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br><br>Counterclaimants,<br>v.<br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>　　　　　　　　Counterdefendants. | |

**I.   INTRODUCTION**

　　Plaintiff/Counterdefendant GOLDEN EYE MEDIA USA, INC., a California

corporation ("Plaintiff") brings this action for a declaratory judgment of non-infringement against Defendants/Counterclaimants TROLLEY BAGS UK LTD, a corporation of the United Kingdom ("Trolley Bags"); and BERGHOFF INTERNATIONAL, INC., a Florida corporation ("Berghoff") (collectively, "Defendants"). ECF No. 1.

Before the Court is Plaintiff's Motion to Stay Litigation Pending Reexamination of U.S. Patent No. D779,828 (the "Motion"). ECF No. 119. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 128. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Motion.

## II. BACKGROUND

This matter arises out of a dispute over whether Plaintiff is infringing on the claim of U.S. Design Patent No. D779,828 (the "828 Patent") as well as the trademark held by Defendant Trolley Bags. Complaint, ECF No. 1 ("Compl.") at 2:7-9[1]; *see also* Answer, ECF No. 14 ("Ans.") at 9:24-27. Both parties have asserted various patent, trademark, and business tort claims for relief against each other. *See* Compl., ECF No. 1; ECF No. 33. A detailed factual and procedural history is set forth in the Court's previous order and is incorporated by reference. *See* ECF No. 136.

On September 18, 2020, all parties in this case filed cross-motions for summary judgment. ECF Nos. 80, 83. However, on October 28, 2020, while those motions were pending, the United States Patent and Trademark Office (the "UPSTO") granted a Request for Reexamination on the sole claim of the 828 Patent. Mot. at 119-1 at 2:5-8.

On December 9, 2020, Plaintiff filed a Motion to Stay this case pending reexamination of the 828 Patent. Motion, ECF No. 119 ("Mot.").

On January 9, 2021, while the Motion to Stay was pending, this Court issued a Minute Order vacating the February 22, 2021 jury trial date in this matter, due to the COVID-19 pandemic and recent orders of the Chief Judge of the Southern District of

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

California, suspending jury trials. ECF No. 121. The Court committed to re-scheduling the jury trial date once jury trials were allowed to resume. *Id.*

On January 11, 2021, Defendants and Counterclaimants opposed the Motion to Stay, arguing, in part, that the fact that the Court had vacated the trial date weight against granting a stay. Opposition, ECF No. 122 ("Oppo."). On January 19, 2021, Plaintiff replied, reiterating its arguments for a stay despite the Court having vacated the trial date. Reply, ECF No. 123 ("Reply").

On March 12, 2021, the Court granted-in-part both parties' motions for summary judgment in this matter, holding that the 828 Patent is invalid, and even if it were valid, it had not been infringed. ECF No. 136.

## III. LEGAL STANDARD

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted).

In deciding whether to grant a stay pending reexamination of a patent by the USPTO, the court considers whether (1) a stay will simplify the issues in the case and streamline trial, (2) discovery is complete and a trial date has been set, and (3) a stay would unduly

prejudice the moving party or provide the moving party with a clear tactical advantage. *Audatex N. Am. Inc. v. Mitchell Int'l Inc.*, 46 F. Supp. 3d 1019, 1021 (S.D. Cal. 2014).

## IV. DISCUSSION

Plaintiff seeks to stay this case by arguing that in light of the USPTO's decision to grant re-examination of the 828 Patent, "there is no reason for the parties and the Court to continue to expend time and resources on these patent claims while the Reexamination proceedings are pending." Mot. at 2:5-13. Plaintiff argues that the three factors courts should consider when deciding to grant a stay weigh in favor of a stay: First, Plaintiff initiated this case by seeking a judgment of non-infringement, so "it is possible that Defendants would never would have initiated a claim for patent infringement," as they did by counterclaim, had Plaintiff not field suit first. *Id.* at 2:28-3:2. Further, Defendants delayed over a year before alleging infringement via counterclaims in this Court, so they cannot not claim a short delay would prejudice them. *Id.* at 2:28-3:14. Second, Plaintiff argues a stay will simplify issues because the USPTO may invalidate the 828 Patent, rendering Defendant's claim moot. *Id.* at 3:15-26. Third, even though the parties have participated in discovery and pretrial motion practice, and trial was approaching, "the proximity of the trial date, by itself, does not preclude the entry of stay." *Id.* at 3:27-4:4.

Defendants oppose the stay, arguing that it is unwarranted, and that the Court should "deny Plaintiff's Motion and schedule trial to begin as soon as reasonably practical after the COVID-19 pandemic has improved." Oppo. at 5:5-8. Defendants argue that first, a stay would severely prejudice them as "Plaintiff's infringement has caused substantial harm to Defendants since at least July 2017," and "staying this case indefinitely while that harm is ongoing will unduly prejudice Defendants by hindering them from timely enforcing their right to exclude." *Id.* at 9:7-17. Second, Defendant argues that a stay will not simplify issues for trial because "most of Defendant's claims are not subject to the reexamination (i.e., trademark infringement, interference with prospective contractual economic relations; negligent misrepresentation; statutory unfair competition; and common law unfair competition)." Oppo. at 12:12-17. Third, Defendants argue that this

case is ready for trial, and protracted stay for the duration of reexamination proceedings is unwarranted. *Id.* at 14:28-15:5.

In reply, Plaintiff acknowledge that since it filed its motion, the Court vacated the trial date—as postponing trial was a large argument in Plaintiff's original Motion; however, Plaintiff continues to argue that a stay should still be granted "to conserve the parties and the Court's time and resources."  Reply at 2:16-19.

The Court finds that in light of the Court's ruling finding the 828 Patent both invalid and not infringed, *see* ECF No. 133, the primary basis for Plaintiff's Motion for a Stay (i.e., to allow the USPTO to determine the validity of the 828 Patent and limit issues for trial) is moot.  *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (holding that courts "conclude that an issue is moot when deciding it would have no effect within the confines of the case itself").  The Court has already invalidated the 828 Patent.[2]  As a result, a stay will neither simplify the issues in this case nor streamline trial.  Further, the parties are prepared for trial, having already completed discovery, filed motions for summary judgment, and submitted motions *in limine*.  Accordingly, the Court finds a stay would be improper in addition to unduly prejudicing Defendants.

## V.  **CONCLUSION**

For the above reasons, Plaintiff's Motion to Stay the Case Pending Reexamination of the 828 Patent is **DENIED**.

**IT IS SO ORDERED.**

DATED:   March 15, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

---

[2]   While the parties may still pursue their reexamination proceeding, Defendants must inform the USPTO of the Court's decision, at which point the Director will determine whether or not to suspend reexamination proceedings.  *See* 37 C.F.R. § 1.565(a)-(b).  This is because while the USPTO may accord deference to the Court's factual findings, the presumption of validity does not apply to reexamination proceedings, *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985), and the USPTO applies different standards of review, *In re Swanson*, 540 F.3d 1368, 1379 (Fed. Cir. 2008).