# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>v.<br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br>　　　　　Defendant.<br><br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom; and BERGHOFF INTERNATIONAL, INC., a Florida corporation,<br>　　　　Counterclaimants,<br>v.<br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>　　　　Counterdefendants. | Case No.: 3:18-cv-02109-BEN-LL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>**(2) DENYING DEFENDANTS' MOTIONS *IN LIMINE***<br><br>[ECF Nos. 103, 104, 105, 106] |

## I. INTRODUCTION

Plaintiff/Counterdefendant GOLDEN EYE MEDIA USA, INC., a California corporation ("Plaintiff") brings this action for a declaratory judgment of non-infringement against Defendants/Counterclaimants TROLLEY BAGS UK LTD, a corporation of the United Kingdom ("Trolley Bags"); and BERGHOFF INTERNATIONAL, INC., a Florida corporation ("Berghoff") (collectively, "Defendants"). ECF No. 1.

Before the Court are the following motions: (1) Defendants' Motions *in Limine* Nos. 1 through 6, ECF No. 103, and (2) Plaintiff and Counterclaimants Farzan Dehmoubed and Jennifer Douvall's motions *in limine* Nos. 1 through 3, ECF Nos. 104-106. Both motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 113. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions *in limine* while **DENYING** Defendants' motions *in limine* as outlined below.

## II. BACKGROUND

This matter arises out of a dispute over whether Plaintiff is infringing on the claim of U.S. Design Patent No. D779,828 (the "828 Patent") as well as the trademark held by Defendant Trolley Bags. Complaint, ECF No. 1 ("Compl.") at 2[1]:7-9; *see also* Answer, ECF No. 14 ("Ans.") at 9:24-27. Both parties have asserted various patent, trademark, and business tort claims for relief against each other. *See* Compl., ECF No. 1; ECF No. 33. A more detailed factual and procedural history is set forth in the Court's previous order and is incorporated by reference. *See* ECF No. 136; *see also Golden Eye Media, Inc. v. Trolley Bags UK Ltd., et al.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 966533, at *1 (S.D. Cal. Mar. 15, 2021).

Trial in this matter was originally scheduled for February 22, 2021,[2] and as such, on

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

[2] On January 9, 2021, while the motions *in limine* were pending, this Court issued a

November 16, 2020, all parties filed various motions *in limine*. ECF Nos. 103-106. On November 30, 2020, all parties opposed each other's respective motions. ECF Nos. 107, 108, 111, 112. On December 7, 2020, all parties replied. ECF Nos. 115-118.

On March 12, 2021, also while the motions *in limine* were pending, this Court granted both parties' cross-motions for summary judgment, finding, *inter alia*, that (1) the 828 Patent is invalid; (2) even if the 828 Patent were valid, it was not infringed; (3) Plaintiff had not infringed on Defendants' common law trademark; (4) Plaintiff's tort-based claims were not protected by the *Noerr-Pennington* Doctrine; and (5) a genuine issue of fact exists as to whether (a) Plaintiff's tort-based claims for relief are protected by California's litigation privilege, (b) Defendants' complaints to Amazon were made in bad faith and preempted by federal patent law, (c) Plaintiff had proven damages, and (d) Plaintiff can prove its claims for intentional interference with prospective economic relations and negligent misrepresentations. ECF Nos. 136 at 125-127.

Upon resolution of the cross-motions for summary judgment, the only remaining claims from Plaintiff's complaint are (1) its third claim for relief for interference with prospective of contractual economic relations against all Defendants and (2) fourth claim for relief for negligent misrepresentation against all Defendants. ECF No. 136 at 127. The only remaining claims from Defendants' counterclaims are their claims for (1) declaratory judgment of invalidity of the Plaintiff's U.S. Design Patent No. D835,912 for reusable shopping bags (the "912 Patent"); (2) interference with prospective contractual relations; (3) negligent misrepresentation; (4) unfair competition, 15 U.S.C. § 1125; and (5) unfair competition under the common law and Cal. Bus. & Prof. Code § 17200. *Id.*

### III. **LEGAL STANDARD**

Under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant

---

Minute Order vacating the February 22, 2021 jury trial date in this matter, due to the COVID-19 pandemic and recent orders of the Chief Judge of the Southern District of California, suspending jury trials. ECF No. 121. The Court committed to re-scheduling the jury trial date once jury trials were allowed to resume. *Id.*

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Rulings on motions *in limine* fall entirely within this Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Langer v. Kiser*, No. No. 3:18-cv-00195-BEN-NLS, --- F. Supp. 3d ---, 2020 WL 6119889, at *2 (S.D. Cal. Oct. 16, 2020). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion *in limine*, a trial court lacks access to all the facts from trial testimony). Denial of a motion *in limine* does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions *in limine* are subject to change when trial unfolds).

## IV. DISCUSSION

Defendants' motions *in limine*, seek to exclude the following from trial: (1) Plaintiff's obviousness theories not disclosed during discovery; (2) evidence of damages not disclosed during discovery; (3) argument that Defendants submitted 89 complaints to Amazon that Plaintiff was infringing on its products with zero success; (4) testimony from Plaintiff's expert under the "ordinary observer" standard; (5) testimony or evidence disparaging Defendant Trolley Bags and its director's resident status; and (6) offering evidence or argument that Defendants abused Plaintiff by filing complaints with Amazon. ECF No. 103.

Counterclaimants Fzan Dehmoubed and Jennifer Douvall and Plaintiff filed three motions *in limine*, seeking to (1) limit Defendants' evidence and infringement arguments to those disclosed in their disclosures pursuant to Patent Local Rule 3.1, ECF No. 104; (2)

exclude evidence or argument regarding reexamination of the 912 Patent, ECF No. 105; and (3) prevent Defendants from offering evidence of damages at trial that were not previously disclosed during discovery, ECF No. 106.

### A. Motions *in Limine* Pertaining to the Invalidated Patent

As a preliminary matter, the Court notes that its ruling on the parties' cross-motions for summary judgment has resulted in Plaintiff's Motion *in Limine* No. 1 and Defendant's Motion *in Limine* Nos. 1 and 4, which relate either to the validity or infringement of the 828 Patent, becoming moot. Because the Court has determined those issues on summary judgment, they are no longer at issue in this case. Thus, Plaintiff's Motion *in Limine* No. 1 and Defendant's Motion *in Limine* Nos. 1 and 4 are **DENIED** as moot. *See, e.g., Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (holding "that an issue is moot when deciding it would have no effect within the confines of the case itself").

### B. Plaintiff's Remaining Motions *in Limine*
#### 1. *Motion in Limine No. 2. – Exclusion of Evidence Relating to Reexamination of the 912 Patent*

Plaintiff seeks to exclude Defendants from introducing any evidence or argument regarding the pending, nonfinal reexamination the 912 Patent. ECF No. 105-1 at 2:1-5. In their opposition, Defendants agree not "to introduce or argue about the pending reexamination of Plaintiff's '912 Patent," subject to "two minor caveats." ECF No. 108 at 4:11-13. These caveats are that first, "if Defendants are not to be permitted to introduce or reference the pending reexamination of Plaintiff's '912 patent, Plaintiff should likewise be prohibited from introducing or referencing the pending reexamination of Defendants' '828 Patent." *Id.* at 4:13-17. Second, Defendants argue that they should be permitted to revisit the admissibility of the 828 Patent and 912 Patent to the extent either reexamination proceeding becomes final before trial. *Id.* at 4:25-28. Plaintiff's reply brief does not address Defendants' argument that they should be permitted to present evidence as to the 912 Patent reexamination proceeding should it become final before trial. *See generally* ECF No. 116.

The parties agree that although USPTO issued a non-final office action for the 912 Patent, the decision is not final. ECF No. 105-1 at 2:7-9; ECF No. 108 at 4:25-5:1. Other courts have concluded it is appropriate exclude non-final reexamination proceedings. *See, e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (holding that "[t]he district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case" where the non-final re-examination determinations were of little relevance to the issue of obviousness and risked jury confusion); *see also Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, No. 08-cv-00335-IEG-NLS, 2009 WL 3822694, at *1-3 (S.D. Cal. Nov. 13, 2009) (granting motion to exclude from trial any evidence relating to the reexamination proceedings of a patent).

"[T]he grant by the [USPTO] examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996); *see also Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008) ("As this court has observed, a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial."). "The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.*, that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity." *Id.* (citation omitted). On the contrary, although it appears that the USPTO grants about 92.2% of the requests for reexamination, in only 13.1% of cases does that reexamination result in all claims being cancelled. *See* United States Patent and Trademark Office, *Ex Parte Reexamination Filing Data—September 30, 2020*, ¶¶ 5a, 8b. However, in 66.0% of the certificates of reexamination, the claims changed in some manner, meaning that 79.1% of the time, granting a certificate of reexamination results in either a change or cancellation of some of the claims. *See id.* at ¶ 8c.

The Court finds that even if the reexamination proceedings bear relevance to the issues set to be tried in this case, they prove unfairly prejudicial, particularly given the USPTO does not apply the presumption of validity and applies a different standard of review. *See* FED. R. EVID. 403. Moreover, because the reexamination proceedings are incomplete, they are not a final decision on which it would be appropriate for either party to rely. *Id.* This does not, however, preclude Defendants from advancing to the jury any arguments raised in the reexamination proceeding; however, Defendants must advance those arguments based on their own separate and independent evidence rather than relying on the grant of reexamination itself. Accordingly, Plaintiff's Motion *in Limine* No. 2 is **GRANTED** subject to the aforementioned limitations.

### 2. *Motion in Limine No. 3 – Exclusion of Undisclosed Damages Testimony or Evidence*

Plaintiff also seeks to prevent Defendants "from presenting testimony or evidence at trial regarding damages that they have not provided during discovery or evidence that they have suffered irreparable harm." ECF No. 106-1 at 2:1-5. Plaintiff argues that Defendants' failure to provide damages information to Plaintiff will severely prejudice Plaintiff if the Court allows Defendants to provide such computations at trial. *Id.* at 2:19-21. Defendants oppose by arguing that "[t]hough couched as a simple motion *in limine*, it essentially seeks summary judgment of no damages and lack of entitlement to a permanent injunction." ECF No. 111 at 5:8-10. Defendants argue the Court should deny Plaintiff's motion because (1) even though damages experts are frequently used in patent infringement cases, Defendants were not required to disclose or use one in order to pursue damages; (2) "Defendants' fact witnesses can—and will—offer lay, fact testimony upon which the jury can determine a lost profits, reasonable royalty, or disgorgement award, and upon which the Court can enter a permanent injunction"; (3) "to the extent they were able to, Defendants' computation of damages in its disclosures and discovery responses fully comport with Rule 26 and Rule 33"; and (4) Plaintiff's counsel never inquired about damages during the deposition of Trolley Bags' corporate designee, and if Plaintiff had, Trolley Bags' witness would have

1  provided responses. *Id.* at 5:12-6:8. In its Reply Brief, Plaintiff argues that Defendants' Opposition ignores that fact that Defendants bear the burden of proof with respect to their alleged damages at trial but still cannot cite to a single piece of evidence they have produced that sets forth their damages calculations. ECF No. 118 at 2:8-13. Plaintiff also argues that the Court should reject Defendants' attempts to shift blame for their failure to provide evidence by claiming the disclosure was substantially justified and harmless. *Id.* at 118 at 4:13-16.

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires all parties to provide each other with "a computation of each category of damages claimed by the disclosing party" along with "the documents or other evidentiary material . . . on which each computation is based." Where a party fails to provide this information, that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(a)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Plaintiff argues that "Defendants have not listed any witnesses to testify regarding the computation of damages" and "never provided that computation at any time regarding any measure of damages, including reasonable royalty rate, lost profits or disgorgement of profits." ECF No. 106-1 at 2:23-25, 3:26-4:1. However, Exhibit A to the Declaration of Matthew G. Mrkonic in Support of Defendants' Opposition to Plaintiff's Motion *in Limine* No. 3 identifies two witnesses who will testify as to the issue of damages: Joby Cronkshaw and Ray Van Den Langenbergh. ECF No. 111-3 at 3:20-4:5. That being said, in the same Rule 26(a) disclosures, when addressing the issue of damages, Defendants stated that they "cannot further disclose its computation of damages at this time as a full calculation depends, in part, on sales and financial information exclusively within the possession, custody, or control of Plaintiff." ECF No. 111-3 at 5:20-26. The record provided to the Court indicates Defendants never supplemented this response.

Defendants argue that exclusion is not warranted because they "responded to Plaintiff's Interrogatory No. 7 seeking the 'factual and legal bases' for Defendants' damages claims," by stating that "Defendant is entitled to Plaintiff's total profit from sales of its infringing products, as provided by 35 U.S.C. § 289." ECF No. 111 at 11:18-22 (citing Exhibit 2 to Plaintiff's Motion *in Limine* No. 3, ECF No. 106-4 at 9). Defendants contend that to the extent this answer is unsatisfactory, they "could not provide more fulsome evidence in support of this claim due to Plaintiff's obstruction." ECF No. 111 at 11:18-22. Defendants elaborate that their ability to provide evidence of damages depended on receiving information from Plaintiff, but when Defendants deposed Mr. Dehmoubed, "he gave evasive answers that did not allow them to calculate damages." *Id.* at 13:11-21. Defendants also request an opportunity to supplement any responses to the extent the Court finds them deficient. *Id.* at 16:1-13.

Plaintiff refers to broadly excluding Defendants from offering any evidence on the issue of damages at trial, ECF No. 106-1 at 2-5, but also seems to be seeking to limit testimony as to infringement damages, *see id.* at 2:9-12 ("Defendants have failed to provide GEM with any measure of damages, only vaguely stating in their discovery responses that they 'have been irreparably harmed and suffered economic loss as a result of Plaintiff's infringement of U.S. Design Patent No. D779,828 and the Trolley Bags mark.'"). Plaintiff's Motion *in Limine* No. 3 also discusses the reasonable royalty rate, which is traditionally discussed when evaluating infringement damages. *See id.* at 2:11-16. To the extent Plaintiff's Motions is directed towards Defendants' potential damages for infringement of the 828 Patent, such damages are moot by the Court's order on the cross-motions for summary judgment.

Defendants' only remaining claims for which it may seek monetary damages are its claims for interference with prospective contractual relations; negligent misrepresentation; and unfair competition under 15 U.S.C. § 1125 and section 17200 of California's Business and Professions Code. ECF No. 136 at 127. While the Court agrees that Defendants' discovery responses provided to the Court fail to comply with the spirit of the Federal Rules

of Civil Procedure, the Court also balances this fact against its preference for deciding cases on the merits, *see, e.g.*, *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (referring the "policy of favoring judgment on the merits"). Nonetheless, the Court also recognizes that Plaintiff could have moved to compel further responses; yet, the record indicates no motions to compel have been filed by either party in this case.

As a compromise, the Court orders Defendants to provide Plaintiff within fifteen (15) days of this order, a Statement of Damages detailing separately for each remaining claim: (1) the type of damages Defendants seek for each remaining claim; (2) who will testify as to each type of damages for each remaining claim; (3) what documents support the damages for each remaining claim; (4) the total amount of damages sought for each remaining claim; and (4) the calculations providing the basis for the damages pertaining to each claim. Any damages, witnesses, or documents not included within this document will be excluded at trial. As a result, Plaintiff's Motion *in Limine* No. 3 is **DENIED** without prejudice to Plaintiff seeking to exclude such evidence at trial should Defendants fail to comply with the Court's order.

### C. Defendant's *Motions in Limine*

#### 1. *Motion in Limine No. 2. – Exclusion of Evidence from Plaintiff as to Damages Not Disclosed During Discovery*

Similar to Plaintiff's Motion *in Limine* No. 3, Defendants' Motion in *Limine* No. 2 argues that "Plaintiff should be precluded from offering damages evidence not disclosed during discovery." ECF No. 103-1 at 19-20. Specifically, Defendants seek to preclude Plaintiff "from offering any evidence (including in the form of testimony) or argument regarding the 'lost profits' it allegedly lost due to Defendants' Amazon complaints." *Id.* at 8:20-23. Plaintiff responds that first, the Court should deny Defendants' argument because they advanced the same argument in their summary judgment, and "motions in limine should not be used as disguised motions for summary judgment." ECF No. 112 at 4:20-25. Second, Plaintiff argues that it has already provided evidence of damages in its

complaint, including lost sales. ECF No. 112 at 4:27.

This Court already concluded in the order on the cross-motions for summary judgment that "Plaintiff has provided net profits, including the information used to calculate net profits." Order, ECF No. 136 at 113:7-8. Plaintiff's remaining claims are its (1) third claim for relief for interference with prospective of contractual economic relations against all Defendants and (2) fourth claim for relief for negligent misrepresentation against all Defendants. ECF No. 136 at 127. Again, in the vein of compromise, the Court orders Plaintiff to provide Defendant within fifteen (15) days of this order a Statement of Damages meeting the same requirements outlined above for Defendants' Statement of Damages. Any damages, witnesses, or documents not included within this document will be excluded at trial. Thus, Defendants' Motion *in Limine* No. 2 is **DENIED** without prejudice to Plaintiff seeking to exclude such evidence at trial should Plaintiff fail to comply with the Court's order.

    2.    <u>**Motion in Limine No. 3 – Precluding Plaintiff from Arguing Defendants Submitted 89 Amazon Complaints with Zero Success**</u>

Defendants argue that in both Plaintiff's Motion for Summary Judgment and reply brief in support thereof, Plaintiff argued that Defendants submitted 89 complaints against Plaintiff to Amazon, and none of those complaints were successful. ECF No. 103-1 at 11:7-11. The Court's Order on the cross-motions for summary judgment already addressed the issues raised by the parties and noted that "from February 2018 through August 2019, Trolley Bags filed forty-three (43) complaints with Amazon alleging Plaintiff's infringement of the 828 Patent, which resulted in Amazon removing Plaintiff's product from its website in twenty-five (25) of those complaints." ECF No. 136 at 4:10-16. It elaborates that "Defendants argue that "[f]or the 18 times that Amazon did not remove Plaintiff's listings, six were for administrative reasons, such as inadvertent failure to link the '828 patent in the submission or because the complaint was duplicative." *Id.* at 4:16-19. The Court also noted that "Defendants concede that in twelve (12) instances, Amazon initially determined that Plaintiff's bags were not infringing the 828 Patent." *Id.* at 4:19-

20.

Plaintiff responds that "Defendants' motion for summary judgment put the details of Defendant's Amazon complaints directly at issue in this case, as Plaintiff invoked the sham litigation exception in response to Defendants' claims that Plaintiff's tort claims should be dismissed based on the litigation privilege and/or *Noerr-Pennington* doctrine." ECF No. 112 at 5:23-26. "Thus, Plaintiff's use of the words 'unsuccessful' . . . are directly relevant to show that Defendants only intended to 'abuse' Plaintiff and the Amazon system by repeatedly filing 'unsuccessful' complaints with Amazon." *Id.* at 5:26-6:1.

Defendants expressly state that they "do not take issue with Plaintiff arguing to the jury that Defendants did not succeed in getting Amazon to **permanently** remove Plaintiff's listings." ECF No. 103-1 at 12-26-13:1. To Plaintiff, Defendants' failure to permanently remove Plaintiff's listings may mean all of Defendants' complaints were unsuccessful. To Defendants, it may not. Success is a relative term. Further, the Court agrees that such argument and evidence is relevant to Plaintiff's ability to rebut any arguments raised by Defendants that their complaints are subject to the litigation privilege. Defendants may relay their version of the relative success of their complaints to their jury in their opening statement and closing argument. Thus, the Court **DENIES** Defendants' Motion *in Limine* No. 3.

3. *Motion in Limine No. 5 – Preclusion of Disparaging Statements or Evidence Regarding the Non-Resident Status of Trolley Bags or its Director*

Defendants argue that "Plaintiff should be precluded from disparaging Defendant Trolley Bags and its Director Joby Crankshaw's foreign resident status." ECF No. 103-1 at 14:6-17. Plaintiff responds that it "has no intention of disparaging Defendant Trolley Bags and its Director Joby Cronkshaw at trial based on their foreign resident status." ECF No. 112 at 8:14-15. In reply, Defendants state they "are fine with Plaintiff 'referencing' or mentioning' their UK residency, but respectfully requests [sic] that the Court be prepared to admonish Plaintiff it goes beyond that." ECF No. 115 at 9:24-26. Given the parties agree that Defendants may mention Defendants' non-residency status, so long as it is not

in a disparaging manner, the Court **DENIES** Defendants' Motion *in Limine* No. 5.

### 4. *Motion in Limine No. 6 – Preclusion of Evidence and Argument Relating to Plaintiff's Allegations that Defendants "Abused" Plaintiff by Filing Complaints with Amazon*

Defendants argue that "Plaintiff should be precluded from using pejorative terms or phrases at trial when discussing Defendants' complaints to Amazon." ECF No. 103-1 at 14:20-22. Defendants note that "Plaintiff has already indicated its intent to accuse Defendants of 'abusing' Plaintiff by filing complaints for IP infringement with Amazon; indeed, Plaintiff's witness Mr. Dehmoubed used this term more than ten times during his deposition." ECF No. 103-1 at 14:22-27 (citing Exhibit C to Defendants' Motion *in Limine* at 69:15-19; 70:2-4; 119:11-15; 120:5-9; 120:10-15; 125:9-12; 125:19-22; 128:9-11; 150:18-24; 151:15-19; 152:22-153:4).

Plaintiff responds that Defendants' motion for summary judgment put the details of Defendants' Amazon complaints at issue in this case when Defendants' invoked the sham litigation exception to *Noerr-Pennington* Doctrine. ECF No. 112 at 5:23-26. As such, Plaintiff contends the word "abuse" is "directly relevant to show that Defendants only intended to 'abuse' Plaintiff and the Amazon system by repeatedly filing 'unsuccessful' complaints with Amazon." ECF No. 112 at 5:26-6:1. Defendants reply that "the term 'abuse' is pejorative or inflammatory" and is not needed to prove the relevant exceptions to the *Noerr-Pennington* doctrine and litigation privilege. ECF No. 115 at 10:12-23.

This Court has already ruled that the *Noerr-Pennington* doctrine does not apply to this case. *See* ECF No. 136 at 104. Thus, the use of the term "abuse" by Plaintiff is not needed for Plaintiff to fend off the *Noerr-Pennington* doctrine. However, the Court found "that an issue of fact exists as to the first prong pertaining to application of the litigation privilege (e.g., whether the communication was made in a judicial proceeding)." *Id.* at 96. With respect to that first prong, communications preceding a judicial proceeding "are privileged only if made in connection with proposed litigation contemplated in good faith and under serious consideration." *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1069 (N.D. Cal. 2005). The Court acknowledges Defendants' non-binding authority

granting a motion *in limine*, prohibiting a party from using pejorative terms. *See, e.g., Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (granting motion *in limine* because "[t]here is no probative value in the use of a term with negative connotations to describe Defendant's products or pricing strategy, and the use of the pejorative terms 'knock-off,' 'pirated,' or 'predatory' are therefore unduly prejudicial under FRE 403"). However, the Court finds that Plaintiff may describe or characterize the number of complaints, success of the complaints, and impact of the complaints however Plaintiff sees fit. To the extent Defendants disagree with that characterization, they can explain their opinions regarding the complaints to Amazon during opening statements and closing arguments. Thus, Defendants' Motion *in Limine* No. 6 is **DENIED**.

## V.  CONCLUSION

For the above reasons, the Court rules on the motions as follows:

1. Plaintiff's Motions *in Limine*:

    a. Plaintiff's Motion *in Limine* No. 1, seeking to preclude Defendants from presenting infringement arguments pertaining to the 828 Patent at trial that include Versions 2 and 3 of Plaintiff's accused products is **DENIED** as moot in light of the Court's previous rulings on the 828 Patent.

    b. Plaintiff's Motion *in Limine* No. 2, seeking to preclude evidence relating to any non-final actions of the United States Patent and Trademark Office relating to the reexamination of the 912 Patent is **GRANTED**.

    c. Plaintiff's Motion *in Limine* No. 3, seeking to preclude Defendants from presenting testimony or evidence regarding damages that were provided during discovery is **DENIED**.

2. Defendants' Motions *in Limine*:

    a. Defendants' Motion *in Limine* No. 1, seeking to preclude Plaintiff from presenting invalidity and non-infringement arguments that were not disclosed during discovery is **DENIED** as moot in light of the Court's previous rulings on the 828 Patent.

    b. Defendants' Motion *in Limine* No. 2, seeking to preclude Plaintiff from presenting evidence of damages not disclosed during discovery is **DENIED**.

    c. Defendants' Motion *in Limine* No. 3, seeking to preclude Plaintiff from arguing that Defendants submitted 89 unsuccessful complaints against it to Amazon is **DENIED**.

    d. Defendants' Motion *in Limine* No. 4, seeking to preclude Plaintiff's expert, Timothy Fletcher, from offering testimony at trial under the ordinary observer standard is **DENIED** as moot in light of the Court's previous rulings on the 828 Patent.

    e. Defendants' Motion *in Limine* No. 5, seeking to preclude Plaintiff from referring or discussing the non-resident status of Trolley Bags or its Director is **DENIED**.

    f. Defendants' Motion *in Limine* No. 6, seeking to preclude Plaintiff from offering evidence or argument that Defendants "abused" Plaintiff by filing complaints with Amazon is **DENIED**.

3. Within fifteen (15) days of this order, both parties must exchange a Statement of Damages detailing separately for each remaining claim that party has in the case, which details the following: (1) the type of damages that party seeks for each remaining claim; (2) who will testify as to each type of damages for each remaining claim; (3) what documents support the damages for each remaining claim; (4) the total amount of damages sought for each remaining claim; and (5) the calculations providing the basis for the damages pertaining to each claim. Any damages, witnesses, or documents not included within this document will be excluded at trial.

**IT IS SO ORDERED.**

DATED: March 17, 2021

                            HON. ROGER T. BENITEZ
                            United States District Judge