**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLDEN EYE MEDIA USA, INC., a California corporation,<br><br>               Plaintiff,<br>v.<br>TROLLEY BAGS UK LTD, a corporation of the United Kingdom,<br><br>               Defendant. | Case No.:  3:18-cv-02109-BEN-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE JOINT MOTION:**<br><br>**(1) TO DISMISS CERTAIN CLAIMS,**<br><br>**(2) FOR A CONSENT JUDGMENT,** |
| TROLLEY BAGS UK LTD, a corporation of the United Kingdom,<br><br>               Counterclaimants,<br>v.<br>GOLDEN EYE MEDIA USA, INC., a California corporation; FARZAN DEHMOUBED, an individual; and JENNIFER DUVALL, an individual,<br><br>               Counterdefendants. | **(3) TO CERTIFY FINAL JUDGMENT UNDER RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE, and**<br><br>**(4) TO STAY PROCEEDINGS**<br><br>**[ECF Nos. 150, 151, 152]** |

## I.    <u>INTRODUCTION</u>

Plaintiff/Counterdefendant GOLDEN EYE MEDIA USA, INC., a California corporation ("Plaintiff") brought this action for a declaratory judgment of non-

infringement against Defendants/Counterclaimants TROLLEY BAGS UK LTD, a corporation of the United Kingdom ("Trolley Bags"); and BERGHOFF INTERNATIONAL, INC., a Florida corporation ("Berghoff") (collectively, "Defendants").  Complaint, ECF No. 1 ("Compl.").

Before the Court is the Joint Motion (1) to Dismiss Certain Claims, (2) for a Consent Judgment, (3) to Certify Final Judgment Under Rule 54(b) of the Federal Rules of Civil Procedure, and (4) to Stay Proceedings of Plaintiff and Trolley Bags (the "Joint Motion"). ECF No. 152.  For the reasons outlined below, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion.

## II.   <u>BACKGROUND</u>

This matter arises out of a dispute over whether Plaintiff is infringing on the claim of U.S. Design Patent No. D779,828 (the "828 Patent") as well as the trademark held by Defendant Trolley Bags.  Compl. at 2[1]:7-9; *see also* Answer, ECF No. 14 at 9:24-27.  Both parties have asserted various patent, trademark, and business tort claims for relief against each other.  *See* Compl.; ECF No. 33.  A more detailed factual and procedural history is set forth in the Court's previous order and is incorporated by reference.  *See* ECF No. 136; *see also Golden Eye Media, Inc. v. Trolley Bags UK Ltd., et al.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 966533, at *1 (S.D. Cal. Mar. 15, 2021).

Trial in this matter was originally scheduled for February 22, 2021,[2] and as such, all discovery and pre-trial motions in this case have been resolved by the Court.  *See* Order, ECF No. 136; Order, ECF No. 137; Order, ECF No. 142.

On March 12, 2021, while the motions *in limine* were pending, this Court granted in

---

[1]    Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.
[2]    On January 9, 2021, while the motions *in limine* were pending, this Court issued a Minute Order vacating the February 22, 2021 jury trial date in this matter, due to the COVID-19 pandemic and recent orders of the Chief Judge of the Southern District of California, suspending jury trials.  ECF No. 121.  The Court committed to re-scheduling the jury trial date once jury trials were allowed to resume.  *Id.*

part both parties' cross-motions for summary judgment, finding, *inter alia*, that (1) the 828 Patent is invalid; (2) even if the 828 Patent were valid, it was not infringed; (3) Plaintiff had not infringed on Defendants' common law trademark; (4) Plaintiff's tort-based claims were not protected by the *Noerr-Pennington* Doctrine; and (5) a genuine issue of fact exists as to whether (a) Plaintiff's tort-based claims for relief are protected  by California's litigation privilege, (b) Defendants' complaints to Amazon were made in bad faith and preempted by federal patent law, (c) Plaintiff had proven damages, and (d) Plaintiff can prove its claims for intentional interference with prospective economic relations and negligent misrepresentations.    Order, ECF No. 136 ("MSJ Order") at 125-127. Consequently, the Court determined that Plaintiff was the prevailing party as to (1) Plaintiff's First Claim for Relief for declaratory judgment of non-infringement of the 828 Patent and Defendants' related First Counterclaim for infringement of the 828 Patent as well as (2) Plaintiff's Second Claim for Relief seeking a declaratory judgment of non-infringement of the Trademark and Defendants' related Second Counterclaim, for common law trademark infringement (collectively, the "IP Claims").  *See id.*

Following resolution of the cross-motions for summary judgment, the following claims remained at issue in this case: (1) Plaintiff's (a) Third Claim for Relief for interference with prospective of contractual economic relations and (b) Fourth Claim for Relief for negligent misrepresentation as well as (2) Trolley Bags' (a) Third Counterclaim for a declaratory judgment of invalidity of the Plaintiff's U.S. Design Patent No. D835,912 for reusable shopping bags (the "912 Patent"); (b) Fourth Counterclaim for interference with prospective contractual relations; (c) Fifth Counterclaim for negligent misrepresentation; (d) Sixth Counterclaim for unfair competition, 15 U.S.C. § 1125; and (e) Seventh Counterclaim for unfair competition under the common law and Cal. Bus. & Prof. Code § 17200 (collectively, the "Residual Claims").  MSJ Order at 125-127.

On April 21, 2021, the Court held a Status Conference in this case.  ECF No. 149. Counsel for Plaintiff and Trolley Bags appeared.  *See id.*  The Court discussed the fact that Plaintiff has two claims remaining in this case, while Trolley Bags has five remaining

counterclaims, three of which resemble the claims dismissed by this Court in the cross-motions for summary judgment.  However, because neither party moved for summary judgment as to those claims, they remain at issue.

At the Status Conference, Plaintiff provided notice to the Court that on April 14, 2021, the United States Patent and Trademark Office ("USPTO") issued a non-final office action, rejecting all claims of the 828 Patent based on invalidity grounds, just as the Court's MSJ Order had done.  ECF No. 147.  That same day, Trolley bags also provided notice that on November 27, 2020, the UPSTO issued a final office action rejecting the 912 Patent as invalid.  ECF No. 148.  On February 26, 2021, the USPTO also issued an advisory action in the *ex parte* reexamination of the 912 Patent, rejecting Plaintiff's proposed response to the non-final office action.  *See id.*  As such, according to Trolley Bags, all claims of the 912 Patent will be cancelled unless a timely appeal is filed or Plaintiff takes other appropriate action to overcome the outstanding rejections.  *Id.*

Because, *inter alia*, the UPSTO had found the 912 Patent invalid, and the 912 Patent claim and Trolley Bags' one counterclaim for unfair competition under the Lanham Act were the only claims over which federal question jurisdiction applied, on April 23, 2021, this Court issued an Order to Show Cause as to Why Summary Judgment Should Not be Granted as to the Residual Claims.  ECF No. 150.  In this order, the Court directed the parties to address the following issues:

1.      Why Defendants' claims for unfair competition, pursuant to 15 U.S.C. § 1125, the common law, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), are not subject to summary judgment and dismissal for the same reasons outlined in the Court's MSJ Order granting summary judgment on the claims brought by Plaintiff arising out of the same facts.

2.      Why the Court should not grant summary judgment in Trolley Bags' favor on its counterclaim seeking a declaratory judgment of invalidity of the 912 Patent given (1) the 912 Patent closely resembles the 828 Patent, which this Court ordered held invalid and (2) the USPTO's decision finding the 912 Patent invalid.

-4-

3.     Why the Court should exercise supplemental jurisdiction over both parties' remaining mutual claims against each other for negligent misrepresentation and interference with prospective contractual relations if the Court dismisses the only claims over which it has original federal jurisdiction (*i.e.*, the Lanham Act unfair competition claim and remaining patent claim).

On April 30, 2021, Plaintiff, Counterdefendants, and Berghoff stipulated to a dismissal *with prejudice* of Berghoff from the case, and as such, Plaintiff, Counterdefendants Farzan Dehmoubed and Jennifer Duvall ("Counterdefendants"), and Trolley Bags are the only remaining parties in this case.  ECF No. 151.

Plaintiff's opening brief in response to the Court's Order to Show Cause was due by Friday, May 14, 2021.  *See* ECF No. 150 at 6.  Instead, on May 14, 2021, Plaintiff, Defendant, and Counterdefendants (collectively, the "Parties") respectfully submitted the instant Joint Motion.  *See* Joint Motion, ECF No. 152.

## III.   LEGAL STANDARD

"Except as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge."  S.D. Cal. Civ. R. 7.2(a).  Such stipulations "must first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer."  S.D. Cal. Civ. R. 7.2(b).

## IV.   DISCUSSION

As set forth below, the Court finds the following: First, the Parties' Joint Motion to Dismiss Certain Claims does not require a court order.  Although the issue is likely moot, the Court **GRANTS** the Joint Motion to Dismiss.  Second, because entry of a judgment based on the Parties' consent is permissible, the Court **GRANTS** the Parties' Joint Motion to Enter a Consent Judgment.  Third, given this case meets the criteria making it appropriate for the Court to certify the IP Claims for appeal, the Court **GRANTS** the Parties' Joint Motion to Certify Judgment for Appeal.  Fourth, having certified the IP Claims for appeal while entering judgment as to the only remaining claim arising out of federal jurisdiction,

the Court (1) **DENIES** the Parties' Joint Motion to Stay this Case, (2) declines supplemental jurisdiction over the remaining claims, and (3) dismisses those claims *without prejudice*.

### A.   Joint Motion to Dismiss

If a plaintiff wants to dismiss a case without a court order, the plaintiff may do so pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure ("Rule 41(a)(1)"), "by filing" either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1).  Only where a plaintiff does not proceed by filing a notice or stipulation of dismissal does the dismissal of a case at a plaintiff's request require a court order "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

In this case, the Parties ask the Court to dismiss certain claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ("Rule 41(a)(1)(A)(ii)").   However, Rule 41(a)(1)(A)(ii) allows for dismissal without a court order.  Nonetheless, because this Joint Motion also seeks other relief, which requires a court order, the Court addresses the Parties' requests.  The Parties ask the Court, pursuant to Rule 41(a)(1)(A)(ii), to dismiss against all Counterdefendants, *with prejudice*, Trolley Bags' (1) Sixth Counterclaim for Relief for Unfair Competition pursuant to 15 U.S.C. § 1125 and (2) Seventh Counterclaim for Relief for Unfair Competition brought pursuant to the common law and California's unfair competition law, CAL. BUS. & PROF. CODE § 17200 (collectively, the "Dismissed Claims"). ECF No. 152 at 2:7-15.  To the extent the issue is not moot given no court order is required, the Court **GRANTS** this request.

Trolley Bags also agrees to waive any right to appeal the dismissal of the Sixth and Seventh Counterclaims for Relief, while Plaintiff stipulates that it waives any right to appeal the dismissal of the IP Claims, which were brought as to all Defendants and include the following: (1) the Fifth Claim for Relief for Unfair Competition, 15 U.S.C. § 1125; (2) the Sixth Claim for Relief for State Law Unfair Competition, Cal. Bus. & Prof. Code § 17200; and (3) the Seventh Claim for Relief for Common Law Unfair Competition.  ECF

No. 152 at 2:7-22.

## B.   Consent to Judgment

Parties to a lawsuit may ask the Court to enter a stipulated judgment, which is also referred to as a "consent judgment" or "consent decree," which "is a contract-like judgment that turns on the parties' expectations." *Cal. by & through Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 716 (9th Cir. 2020); *see also Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017) ("There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other."). Such stipulated judgments "have a dual nature, reflecting the attributes of both a contract and a judicial act." *Smith v. Sumner*, 994 F.2d 1401, 1406 (9th Cir. 1993); *see also Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1148-49 (6th Cir. 1992) ("Because of their dual character, consent decrees may be 'treated as contracts for some purposes but not for others,' and modification may be justified when a court is 'satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong.'") (internal citations omitted); *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 319 (4th Cir. 2000) (holding that "[b]ecause a stipulated judgment is analogous to a consent order or decree, it is also treated as a contract for the purposes of enforcement"); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378-79 (1992) (providing that consent decrees reflect "an agreement of the parties and thus in some respects [are] contractual in nature" but also reflects the parties' desire and expectation that it "will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments"); *but see Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642 (1961) (rejecting the argument that a consent decree should be treated as a contract rather than a judicial act). Accordingly, the Court finds legal support for a stipulated judgment under certain circumstances. *See, e.g.*, *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236-37 (1975) (noting that "consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically

-7-

as contracts, without reference to the [claims the plaintiffs] originally sought to enforce but never proved applicable through litigation").

"[T]he voluntary nature of a consent decree is its most fundamental characteristic." *Local Number 93, In'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 521-22 (1986). Thus, "the 'scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it' or by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation.'" *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 574 (1984) (internal quotations omitted). Accordingly, the Court must possess jurisdiction in order to enter a stipulated judgment or consent decree. Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies." U.S. CONST., ART. III, § 2. The United States Supreme Court has held that for a case to meet the justiciability requirement, a plaintiff must show (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.").

In *Wigton v. Murphy*, 410 F. Supp. 3d 1121, 1121-22 (D. Mont. 2019), after the parties settled their claims, they filed a Motion to Approve Stipulation for Entry of Judgment with the District Court of Montana so the plaintiff could enforce her claims against the insurer of one of the defendants. The district court, however, denied the motion because the settlement of the claims meant there was no longer an Article III "case or controversy" sufficient to vest the court, a court of limited jurisdiction, with subject matter jurisdiction. *Id.* at 1122. It reasoned that the attorneys "made no effort to connect the settlement to the particular claims in the case," and the defendant failed to admit liability, resulting in the court questioning on "what grounds the requested judgment [would] be entered on." *Id.* (citing FED. R. CIV. P. 54(b) (describing "judgment" as adjudicating the parties' rights and liabilities); *cf. TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18

-8-

(9th Cir. 1987) (requiring liability to be established before entry of default judgment)).  A proposed stipulated judgment calling for a monetary award resolving a dispute between private parties, unlike traditional consent decrees, requires no further involvement from the court.  *Id.*  Rather, "[w]hen a case settles and there are no live claims or controversies to adjudicate, the appropriate disposition is dismissal."  *Id.*  Thus, "[i]n the ordinary course of litigation, when a case is settled[,] the federal court has no further business in advising the parties about the reasonableness of the legal and factual positions they have taken to reach a mutually agreeable accord."  *Id.* at 1123.  "Instead, the parties are ordered to file the necessary paperwork to dismiss the case."  *Id.*  Accordingly, the court denied the motion for a stipulated judgment, and instead, required the parties to "file a stipulation to dismiss together with a proposed order dismissing the case."  *Id.* (citing FED. R. CIV. P. 41(a)(1)).

In this case, unlike *Wigton*, Plaintiff and Trolley Bags have not reached a settlement as to the entire case.  Thus, with respect to the Residual Claims remaining after the Parties' dismissal of the Dismissed Claims, the Court finds a judiciable case or controversy still exists, allowing the Court to retain jurisdiction over the sole remaining federal claim pertaining to the 912 Patent.   Both Parties ask the Court to enter judgment in favor of Defendant Trolley Bags on its Third Counterclaim for Declaratory Judgment of Invalidity as to Plaintiff's 912 Patent.  ECF No. 152 at 2:23-27.  Because the Court finds that following the Parties' dismissal of the Dismissed Claims, it still has federal question jurisdiction over the Trolley Bags' Third Counterclaim, the Court **GRANTS** the Parties Joint Motion to Enter a Consent Judgment.

### C.   <u>Motion to Certify Judgment</u>

Following the Court's summary judgment order, the dismissal of the Dismissed Claims, and the Court's entry of judgment on Trolley Bags' Third Counterclaim for Relief as to the 912 Patent, the only claims that remain in this case are Plaintiff's Third Claim for interference with prospective contractual economic relations, Plaintiff's Fourth Claim for negligent misrepresentation, Trolley Bags' Fourth Counterclaim for interference with prospective contractual relations, and Trolley Bags' Fifth Claim for negligent

-9-

misrepresentation (the "State Law Claims").

In general, the Federal Circuit reviews only final orders and decisions of a district court.  *See* 28 U.S.C. § 1295(a)(1).  A "final decision" is one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42 (1995); *SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1267 (Fed. Cir. 2007) ("The Supreme Court established that a judgment or decision is final for the purpose of appeal only when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.") (internal citations and quotations omitted); *see also Catlin v. United States,* 324 U.S. 229, 233 (1945) (holding that a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").  Accordingly, an order granting partial summary judgment fails to qualify as a final judgment as it cannot be appealed upon entry if it leaves claims remaining in the case.  *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425 (9th Cir. 1995) (noting that "[t]he partial summary judgment was not a final judgment" because "it could not have been appealed . . . when it was entered" and "was subject to reconsideration on proper motion"); *see also* FED. R. CIV. P. 54(a) (providing that when an action involves more than one claim, and the court does not "direct entry of a final judgment as to one or more, but fewer than all, claims, . . . any order . . . that adjudicates fewer than all the claims or the rights and liabilities . . . does not end the action as to any of the claims"); FED. R. CIV. P. 58(a) (requiring that "[e]very judgment . . . must be set out in a separate document").

Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)") relaxes "the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434 (1956).  Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b); *see also* Joint

-10-

Motion at 3:16-18 (quoting same).  When the Court directs entry of final judgment as to less than all claims in a case and before a final ruling on the entire case, it "certifies" the partial judgment for an "interlocutory appeal."  *See, e.g.*, Garner, Brian A., Black's Law Dictionary, APPEAL (11th ed. 2019) (defining an "interlocutory appeal" as "[a]n appeal that occurs before the trial court's final ruling on the entire case."  These interlocutory appeals are authorized by 28 U.S.C. § 1292(b) ("Section 1292(b)"), which provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable," believes that his or her order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  28 U.S.C. § 1292(b).

Read together, Rule 54(b) allows the Court to "certify" a partial final judgment for the purpose of taking an interlocutory appeal by directing entry of a final judgment as to one or more, but fewer than all, of the claims or parties, if the Court explicitly determines that there is no just reason to delay an appeal.  *See* FED. R. CIV. P. 54(b); *see also S.E.C. v. Cap. Consultants LLC*, 453 F.3d 1166, 1175 (9th Cir. 2006) (holding that it lacked jurisdiction over an appeal where the appellants did not obtain certification and direction for entry of judgment required by Rule 54(b) to render an order final but had jurisdiction over the other parties' appeal where they did obtain the required certification and direction).  "[A]bsent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case."  *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996).  District courts may use Rule 54(b) to certify an otherwise non-final order pursuant to 28 U.S.C. § 1292(d)(2) where the interlocutory appeal would (1) involve a question of law, (2) which is controlling and (3) is contested by the parties, (4) the resolution of which will hasten resolution of the lawsuit.  *BP P.L.C. v. Mayor & City Council of Baltimore*, ---S. Ct.---, No. 19-1189, 2021 WL 1951777 at *6 (U.S. May 17, 2021); *see also Zoltek Corp. v. United States*, 672 F.3d 1309, 1327-28 (Fed. Cir. 2012) (Dyk, Timothy B., J., dissenting); *Ahrenholz v. Bd. of Trustees of Univ. of*

*Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

In considering whether any just reason for delay exists under Rule 54(b), "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  The district courts act as "dispatchers" and exercise this discretion in the interests of sound judicial administration by considering (1) judicial administrative interests, such as preserving "the historic federal policy against piecemeal appeals"; (2) equities; and (3) the factual relatedness of separate claims for relief.  *Id.*; *see also W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 864 (Fed. Cir. 1992).  With respect to whether a case meets the criteria of Section 1292(b) by addressing a "controlling question of law," courts determine whether "the resolution on appeal could have a material affect on the outcome of the case in the district court." *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 878-79 (C.D. Cal. 2012) (citing *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1026 (9th Cir. 1982)). "Examples of controlling questions of law include fundamental issues such as the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.*

In this case, the Court's Order on the Parties' Cross-Motions for Summary Judgment, which granted partial summary judgment, was not a final judgment as defined by Rule 54(a) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Bayer Healthcare Pharms., Inc. v. Watson Pharms., Inc.*, 713 F.3d 1369, 1372-73, n.3 (Fed. Cir. 2013) (acknowledging that the district court's grant of summary judgment against the defendants on their invalidity counterclaims did not become final until it entered partial final judgment pursuant to Rule 54(b)); *see also Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1358 (Fed. Cir. 2020) ("After granting Nidec's motion for partial summary judgment, the Court entered final judgment on Molon's patent infringement claim pursuant to Federal Rule of Civil Procedure 54(b)."); *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012) (discussing the requirement that district courts certify the appeal

-12-

from a non-final order).  Rather, an order granting partial summary judgment "is simply an order adjudicating *certain claims or defenses*."  Phillips, Hon. Virginia A., Stevenson, Hon. Karen L., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, Ch. 14-J, Appealability (April 2021 Update), § 14:375 (internal citations omitted).   Now, the Parties have dismissed some of the remaining claims.  *See* Joint Motion at 2.  They have not indicated this dismissal is contingent on the Court granting the relief requested in the remainder of the Joint Motion, which asks the Court to grant judgment as to one additional claim, certify the IP claims for appeal, and stay the remaining claims.  *See id.*  They ask the Court to enter a judgment under Rule 54(b), so Trolley Bags can take an immediate appeal, as to the Court's order granting summary judgment in favor of Plaintiff with respect to the IP Claims.  *Id.* at 3:3-15; *see also* MSJ Order at 125:24-126:3.

The Parties argue that Trolley Bags "intends to appeal the Court's Order granting summary judgment in favor of [Plaintiff] on the IP Claims and the Court's forthcoming judgment encompassing that Order."  Joint Motion at 4:1-3.  Thus, they contend "that the three prerequisites for invoking Rule 54(b) are met."  *Id.* at 4:6-7.  First, the Parties point out that "there are multiple claims for relief and multiple parties that are involved" because "Trolley Bags made a claim for patent and trademark infringement and [Plaintiff] brought declaratory judgment claims of noninfringement."  *Id.* at 4:7-9.  "Both parties also brought tort claims against each other, several of which remain pending."  *Id.* at 4:9-10.  Second, the Parties note that "at least one claim was finally decided" as the "Court granted summary judgment of non-infringement on Trolley Bags' claim for patent and trademark infringement, fully resolving Trolley Bags' affirmative Counterclaims for infringement and GEM's Claims for declaratory judgment of noninfringement relating thereto."  *Id.* at 4:11-13.  Third, the Parties argue "there is adequate justification for this Court to conclude that there is no just reason for delay."  *Id.* at 4:15-16.  They elaborate that "[i]f the summary judgment is not certified as appealable under Rule 54(b), the parties will need to proceed with trial on several of the tort claims, in this Court or in state court, which will be time consuming and expensive and will consume significant judicial resources."  *Id.* at 4:16-19.

-13-

The Court agrees that the Parties have satisfied the criteria for certifying the Court's Order on the Parties' Cross-Motions for Summary Judgment for appeal.  The judicial administrative interests and equities warrant the Court certifying its summary judgment order for appeal.  Further, the issues raised in that order involve (1) a question of law, (2) which is controlling and (3) contested by the parties, (4) the resolution of which will hasten the resolution of this lawsuit.  *BP P.L.C.*, 2021 WL 1951777 at *6.

### D.   <u>Motion to Stay</u>

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy.  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).  Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the Court, thereby substantially simplifying the issues presented.  *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55.  "[I]f there is even a fair possibility that the stay … will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity."  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted).

The Parties ask the Court to stay the State Law Claims pending Trolley Bags' appeal of the IP Claims.  Joint Motion at 4:26-28.  They state that if the Federal Circuit affirms the judgment in favor of Plaintiff on the IP Claims, "then the Court could dismiss the Court could dismiss the Proposed Stayed Claims for lack of federal jurisdiction at the conclusion of the appeal."  *Id.* at 4:28-5:2.  "However, if the Federal Circuit reverses the judgment in favor of GEM on the IP Claims, then the Court would have jurisdiction over the Proposed Stayed Claims on remand of the IP Claims."  *Id.* at 5:3-5.  Thus, they argue that "in the

interests of sound judicial administration and in consideration of the equities involved," the Court should stay the State Law Claims pending the appeal.  Joint Motion at 5:6-9.

In federal court, a plaintiff is "the master of the claim," and as such, may choose the forum in which he or she litigates.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, where a plaintiff brings related state law claims in federal court, courts must balance the efficiency of exercising supplemental jurisdiction over related state law claims caused by the preservation of judicial resources with the principles of comity and fairness. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals").  "Pendent jurisdiction [over state law claims] exists where there is a sufficiently substantial federal claim to confer federal jurisdiction, and a common nucleus of operative fact between the state and federal claims." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991).  However, comity represents a valid reason for district courts to decline exercising supplemental jurisdiction where a case involves strong reasons to have state courts interpret state law or the plaintiff has engaged in forum shopping.  *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1132 (S.D. Cal. 2005).

The Court may "decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Savas v. California State L. Enf't Agency*, 485 F. Supp. 3d 1233, 1241 (S.D. Cal. 2020).  Recently, in the context of the analogous situation of cases involving discrimination under the Americans with Disabilities Act and California's Unruh Civil Rights Act, almost every district judge in the Southern District has declined to exercise supplemental jurisdiction over

-15-

supplemental state law claims where the federal claims had been dismissed.  *See, e.g.*, *Langer v. Honey Baked Ham, Inc.*, No. 3:20-CV-1627-BEN-AGS, 2020 WL 6545992, at *7 (S.D. Cal. Nov. 6, 2020) (collecting cases).

Here, Plaintiff's federal claims arose under the Patent Act of 1952, later revised by the Leahy-Smith America Invents Act ("AIA"), 35 U.S.C. § 1, *et seq.*, and the Lanham Act, 15 U.S.C. § 1, *et seq.  See* MSJ Order at 5-6.  As of today, no federal claims remain at issue in this case because with the dismissal of all such claims, the only remaining claims arise under California law and pertain to business torts.  These claims involve different issues and require application of state law rather than federal law.  While the Parties are correct that if the Court is reversed on appeal, it would still have federal question jurisdiction over the IP Claims, to which the State Law Claims are related, the Court declines to retain jurisdiction over solely state law based claims on the speculative prospect that the Federal Circuit will reverse the Court's decision, which arrived at the same conclusion as the USPTO.  *See, e.g.*, ECF No. 147 (notifying the Court that the USPTO had, like this Court, also invalidated the 828 Patent).  The Court therefore declines to exercise jurisdiction over the Parties' State Law Claims and dismisses those claims *without prejudice* to either party re-filing them in state court.  *See, e.g.*, *Molski v. Foster Freeze Paso Robles*, 267 F. App'x 631, 633 (9th Cir. 2008) (noting that although a court may decline to exercise supplemental jurisdiction over state law claims, when it does, it must dismiss those claims without prejudice).

Because the Court dismisses the State Law Claims *without prejudice*, it **DENIES** the Parties' Joint Motion for a Stay.

## V.    <u>CONCLUSION</u>

For the above reasons, the Court orders as follows:

1.    Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Parties have dismissed as to all Counterdefendants, *with prejudice*, Trolley Bags' (1) Sixth Counterclaim for Relief for Unfair Competition pursuant to 15 U.S.C. § 1125 and (2) Seventh Counterclaim for Relief for Unfair Competition brought pursuant to the common

law and California's unfair competition law, CAL. BUS. & PROF. CODE § 17200.

2.      Pursuant to the Parties' Stipulation, (1) Trolley Bags has waived any right to appeal the dismissal of the Sixth and Seventh Counterclaims for Relief and (2) Plaintiff waives any right to appeal the dismissal of the previously-dismissed IP Claims, which are being waived as to all Defendants and included Plaintiff's (a) Fifth Claim for Relief for Unfair Competition, 15 U.S.C. § 1125; (b) Sixth Claim for Relief for State Law Unfair Competition, Cal. Bus. & Prof. Code § 17200; and (c) Seventh Claim for Relief for Common Law Unfair Competition.  Joint Motion at 2:7-22.

3.      Pursuant to the Parties' Joint Motion for a Consent Judgment, the Court enters judgment in favor of Trolley Bags as to its Third Counterclaim for Declaratory Judgment of Invalidity of Plaintiff's 912 Patent.  Joint Motion at 2:24-27.

4.      Having disposed of all federal claims, either through summary judgment, the Parties' Joint Motion to Dismiss, or the Parties' Joint Motion for a Consent Judgment, the Court declines to exercise supplemental jurisdiction over the remaining State Law Claims, which include: (1) Plaintiff's (a) Third Claim for Relief for interference with prospective of contractual economic relations and (b) Fourth Claim for Relief for negligent misrepresentation as well as (2) Trolley Bags' (a) Fourth Counterclaim for Relief for interference with prospective of contractual economic relations and (b) Fifth Counterclaim for Relief for negligent misrepresentation.    Because the Court declines to exercise supplemental jurisdiction, the Court **DENIES** the Parties' Joint Motion to Stay Proceedings Pending the Appeal.

5.      With no claims remaining in this case, the Clerk of the Court is directed to enter judgment pursuant to the Court's Order on the Parties' Cross-Motions for Summary Judgment, ECF No. 136, as follows:

a.      Having concluded that the 828 is invalid, and even if the 828 Patent was valid, it has not been infringed because the 828 Patent design and Plaintiff's 912 Patent design (as well as the product itself) are dissimilar in light of the prior art, Plaintiff is the prevailing party as to (1) Plaintiff's First Claim for Relief for declaratory judgment of non-

infringement of the 828 Patent and Defendants' related First Counterclaim for infringement of the 828 Patent as well as (2) Plaintiff's Second Claim for Relief seeking a declaratory judgment of non-infringement of the Trademark and Defendants' related Second Counterclaim, for common law trademark infringement.  *See* MSJ Order at 125-126.  The Clerk of the Court shall enter declaratory judgment accordingly.

      b.    Having concluded that the evidence fails to create a genuine issue of fact with respect to Plaintiff's claims for common law unfair competition under the Lanham Act, unfair competition under California's UCL, and common law unfair competition under California law, Defendant is the prevailing party as to those three claims for relief, which the Court dismisses *with prejudice*.  *See* MSJ Order at 126-127.

**IT IS SO ORDERED.**

DATED:   May 23, 2021

_____

**HON. ROGER T. BENITEZ**
United States District Judge